IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DOUGLAS I. HORNSBY, Administrator
of the Estate of CYNTHIA GARY,**

      **Plaintiff,**

**v.**                                                       Case No. _____

**UNITED STATES of AMERICA,**

      **Defendant.**

## COMPLAINT

The Plaintiff, DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY, by counsel, hereby moves this Court for judgment and execution against the Defendant, the United States of America. In support of his Complaint against the Defendant, Plaintiff states as follows:

1. This is a suit for wrongful death and other injuries arising from an accident on March 15, 2021 onboard the USS McFaul (hereinafter "McFaul"). At all relevant times, the McFaul was on the navigable waters of the United States in Norfolk, Virginia.

## PARTIES

2. Cynthia Gary died on March 15, 2021 while working onboard the McFaul. At all relevant times, Gary was a harbor worker within the meaning of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq. Gary is survived by her husband and two children.

3. Douglas I. Hornsby is an attorney and a member in good standing of the Virginia State Bar. Hornsby qualified as Administrator of the Estate of Cynthia Gary under Va. Code § 64.2-454 before the Clerk of the Circuit Court of Newport News, Virginia on June 28, 2021.

4. Defendant United States is the owner of the McFaul.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), the Public Vessels Act, 46 U.S.C. § 31101, et seq., the Suits in Admiralty Act, 46 U.S.C. § 30901, et seq., and under this Court's general admiralty jurisdiction, 28 U.S.C. § 1333.

6. Venue is proper in this district and in this division under 46 U.S.C. § 30906, 46 U.S.C. § 31104 and Local Rule 3(C) because the McFaul is found in Norfolk, Virginia.

7. This is an admiralty or maritime claim under Fed. R. Civ. P. 9(h).

8. As owner of the McFaul, the United States is subject to suit under 33 U.S.C. § 905(b).

## ADMINISTRATIVE PREREQUISITES

9. The Plaintiff presented his claim in writing to the United States Department of the Navy on December 10, 2021. More than six months have expired since the claim was presented.

10. Benefits under the Longshore and Harbor Workers' Compensation Act were paid by Gary's employer to her beneficiaries on December 2, 2021. Gary's employer did not file an action during the 90 days during which it had the right to sue under 33 U.S.C. § 933(b).

11. All conditions precedent to this suit have been met.

## FACTS

12. Gary was an employee of Blue Staffing Agency.

13. On March 15, 2021, Gary was assigned by her employer to work for Harbor Industrial Services, Inc. aboard the McFaul at General Dynamics NASSCO-Norfolk.

14. Harbor Industrial Services was working on the McFaul under a subcontract with Coastal Mechanical Systems, LLC.

15. Gary was positioned as fire watch on the exterior side of a blow-in door for one of the McFaul's gas turbine engines. The blow-in door was tagged-out in the open position while work was being done.

16. The blow-in door is spring operated and its normal state is in the closed position.

17. The officers and crew of the McFaul retained primary control over the blow-in door and were responsible for tagging-out the door during the time work was being performed to ensure that the door would not close.

18. The blow-in door was not properly tagged out, was not disconnected from

potential sources of energy that could cause it to close suddenly, and was not otherwise secured to prevent it from closing.

19. In addition, the control switch for the blow-in door, located in the McFaul's engine room, was defective. Specifically, required safety features on the switch did not function.

20. While Gary was positioned as fire watch by the blow-in door, the door suddenly and unexpectedly closed, crushing Gary and causing her serious injury.

21. Gary died the same day as the result of her injuries.

## COUNT I

### Negligence

22. Paragraphs 1-21 are incorporated here by reference.

22. As owner of the McFaul, the United States owed a duty to use reasonable care to prevent injuries to longshoremen such as Gary in areas that were under the active control of the ship.

23. At all relevant times, the crew of the McFaul maintained active control over the blow-in door and the related power systems used to operate the door.

24. The crew of the McFaul breached their duties to Gary by negligently failing to properly tag-out and secure the blow-in door.

25. As a result of the negligence of the crew of the McFaul, the blow-in door suddenly and unexpectedly closed, crushing Gary and causing her serious injury and

resulting in her death.

## COUNT II

### Negligence

26. Paragraphs 1-25 are incorporated here by reference.

27. As owner of the McFaul, the United States owed a duty to use reasonable care to make the ship safe for longshoremen such as Gary.

28. The crew of the McFaul breached their duties to Gary by negligently failing to properly tag-out and secure the blow-in door, leaving it in an unsafe condition.

29. In addition, the crew of the McFaul negligently failed to warn Gary of the latent hazard of the defective control switch in the McFaul's engine room.

30. As a result of the negligence of the crew of the McFaul, the blow-in door suddenly and unexpectedly closed, crushing Gary and causing her serious injury and resulting in her death.

## COUNT III

### Negligence

31. Paragraphs 1-30 are incorporated here by reference.

32. As owner of the McFaul, the United States owed a duty to intervene to prevent injury to longshoremen such as Gary when it recognizes that they are operating in a hazardous way.

33. The crew of the McFaul knew, or should have known, that Gary's

placement as fire watch in a place where she could be crushed by the blow-in door was hazardous.

34. In addition, the crew of the McFaul knew, or should have known, that using the blow-in door as an access point for repairs was hazardous.

35. The crew of the McFaul breached their duties to Gary by failing to intervene to protect Gary.

36. As a result of the negligence of the crew of the McFaul, the blow-in door suddenly and unexpectedly closed, crushing Gary and causing her serious injury and resulting in her death.

## COUNT IV

### Wrongful Death

37. Paragraphs 1-36 are incorporated here by reference.

38. Based on the above allegations, the United States is liable to the Plaintiff under Virginia's wrongful death statute, Va. Code § 8.01-50, et seq.

WHEREFORE, the Plaintiff seeks **$18,426,749.65** and all those damages permitted under the Virginia wrongful death statute, plus post judgment interest and all of his costs in pursuing this matter.

DOUGLAS I. HORNSBY, Administrator
of the Estate of CYNTHIA GARY

By _____
Counsel

Robert J. Haddad, Esq. (VSB # 22298)
Andrew M. Hendrick, Esq. (VSB # 42852)
**RULOFF, SWAIN, HADDAD, MORECOCK,
  TALBERT & WOODWARD, P.C.**
317 30th Street
Virginia Beach, VA  23452
P:  (757) 671-6036
F:  (757) 671-6004
rhaddad@srgslaw.com
ahendrick@srgslaw.com