IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| DOUGLAS I. HORNSBY, ADMINISTRATOR OF THE ESTATE OF CYNTHIA GARY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES of AMERICA, <br><br> METRO MACHINE, CORP. d/b/a GENERAL DYNAMICS NASSCO-NORFOLK, <br><br> HARBOR INDUSTRIAL SERVICES, INC., <br><br> COASTAL MECHNICAL SYSTEMS, LLC, <br><br> ADVANCED INTEGRATED TECHNOLOGIES, LLC, <br><br> KD SHIPYARD REPAIRS, LLC <br><br> and <br><br> CECO ENVIRONMENTAL CORP., <br><br> Defendants. | Case No. 2:22-CV-427 |

**HARBOR INDUSTRIAL SERVICES, INC.'S ANSWER TO THE AMENDED COMPLAINT**

NOW COMES Defendant, HARBOR INDUSTRIAL SERVICES, INC (hereinafter, "HIS"), by counsel, and as and for its Answer and Affirmative Defenses to Plaintiff Douglas I. Hornsby's, Administrator of the Estate of Cynthia Gary, (hereinafter "Plaintiff") Amended Complaint (hereinafter, the "Amended Complaint") states as follows:

I-2580284.1

1. The allegations contained in Paragraph 1 of the Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, HIS admits them.

**PARTIES**

2. HIS admits as much of the allegations contained in Paragraph 2 of the Amended Complaint as allege that Cynthia Gary died on March 15, 2021 aboard USS McFAUL. HIS lacks information or knowledge to either admit or deny as much of the allegations contained in Paragraph 2 of the Amended Complaint as allege that she is survived by her husband and two children and, therefore, it denies them, The remaining allegations contained in Paragraph 2 of the Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, HIS admits them.

3. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 3 of the Amended Complaint and, therefore, it denies them.

4. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 4 of the Amended Complaint and, therefore, it denies them.

5. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 5 of the Amended Complaint and, therefore, it denies them.

6. HIS admits as much of the allegations contained in Paragraph 6 of the Amended Complaint that allege that HIS is a Virginia Corporation with its principal office in Portsmouth, Virginia and that HIS was a subcontractor. As to any of the remaining allegations contained in Paragraph 6 of the Amended Complaint, HIS denies them.

7. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 7 of the Amended Complaint and, therefore, it denies them.

8. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 8 of the Amended Complaint and, therefore, it denies them.

9. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 9 of the Amended Complaint and, therefore, it denies them.

10. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 10 of the Amended Complaint and, therefore, it denies them.

## JURISDICTION AND VENUE

11. The allegations contained in Paragraph 11 of the Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, HIS admits them.

12. The allegations contained in Paragraph 12 of the Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, HIS admits them.

13. The allegations contained in Paragraph 13 of the Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, HIS admits them.

14. The allegations contained in Paragraph 14 of the Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, HIS admits them.

## ADMINISTRATIVE PREREQUISITES

15. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 15 of the Amended Complaint and, therefore, it denies them.

I-2580284.1

16. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 16 of the Amended Complaint and, therefore, it denies them.

17. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 17 of the Amended Complaint and, therefore, it denies them.

**FACTS**

18. HIS admits the allegations contained in Paragraph 18 of the Amended Complaint.

19. HIS admits the allegations contained in Paragraph 19 of the Amended Complaint.

20. HIS admits the allegations contained in Paragraph 20 of the Amended Complaint.

21. HIS denies the allegations contained in Paragraph 21 of the Amended Complaint.

22. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 22 of the Amended Complaint and, therefore, it denies them.

23. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 23 of the Amended Complaint and, therefore, it denies them.

24. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 24 of the Amended Complaint and, therefore, it denies them.

25. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 25 of the Amended Complaint and, therefore, it denies them.

26. HIS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 26 of the Amended Complaint and, therefore, it denies them.

27. HIS specifically denies as much of the allegations contained in Paragraph 27 of the Amended Complaint as allege that Ms. Gary was positioned as a fire watch by the blow-in door. As to the remaining allegations contained in Paragraph 27, HIS lacks information or knowledge sufficient to either admit or deny them and, therefore, denies them.

28. HIS admits the allegations contained in Paragraph 28 of the Amended Complaint.

## COUNT I

### Negligence – United States

29. HIS hereby incorporates by reference, its responses to Paragraphs 1-28 of the Amended Complaint, as if restated in full herein.

30. The allegations contained in Paragraph 30 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

31. The allegations contained in Paragraph 31 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

32. The allegations contained in Paragraph 32 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

33. The allegations contained in Paragraph 33 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

34. The allegations contained in Paragraph 34 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

## COUNT II

### Negligence – United States

I-2580284.1

35. HIS hereby incorporates by references, its responses to Paragraphs 1-34 of the Amended Complaint, as if restated in full herein.

36. The allegations contained in Paragraph 36 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

37. The allegations contained in Paragraph 37 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

38. The allegations contained in Paragraph 38 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

39. The allegations contained in Paragraph 39 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

### COUNT III

**Negligence – United States**

40. HIS hereby incorporates by reference, its responses to Paragraphs 1-39 of the Amended Complaint, as if restated in full herein.

41. The allegations contained in Paragraph 41 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

42. The allegations contained in Paragraph 42 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

43. The allegations contained in Paragraph 43 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

44. The allegations contained in Paragraph 44 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

45. The allegations contained in Paragraph 45 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

## COUNT IV

**Negligence – NASSCO, Harbor, Coastal, AIT, and KDSR**

46. HIS hereby incorporates by reference, its responses to Paragraphs 1-45 of the Amended Complaint, as if restated in full herein.

47. HIS specifically admits as much of the allegations contained in Paragraph 47 of the Amended Complaint as allege that HIS owed Ms. Gary a duty to use reasonable care. As to the remaining allegations contained in Paragraph 47 of the Amended Complaint are directed at a party other than HIS, therefore, no response is required. To the extent a further response is required, HIS denies the remaining allegations contained in Paragraph 47 of the Amended Complaint.

48. HIS denies as much of the allegations contained in Paragraph 48 of the Amended Complaint as are directed to HIS. The remaining allegations contained in Paragraph 48 are directed

at a party other than HIS, therefore, no response is required. To the extent a further response is required, HIS denies the remaining allegations contained in Paragraph 48 of the Amended Complaint.

49.  HIS denies as much of the allegations of Paragraph 49 of the Amended Complaint as are directed to HIS. The remaining allegations contained in Paragraph 49 are directed at a party other than HIS, therefore, no response is required. To the extent a further response is required, HIS denies the remaining allegations contained in Paragraph 49 of the Amended Complaint.

## COUNT V

### Negligence – CECO

50.  HIS hereby incorporates by reference, its responses to Paragraphs 1-49 of the Amended Complaint, as if restated in full herein.

51.  The allegations contained in Paragraph 51 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

52.  The allegations contained in Paragraph 52 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

53.  The allegations contained in Paragraph 53 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

54.  The allegations contained in Paragraph 54 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

55. The allegations contained in Paragraph 55 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

56. The allegations contained in Paragraph 56 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

57. The allegations contained in Paragraph 57 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

58. The allegations contained in Paragraph 58 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

### COUNT VI

### Negligence – CECO

59. HIS hereby incorporates by reference, its responses to Paragraphs 1-58 of the Amended Complaint, as if restated in full herein.

60. The allegations contained in Paragraph 60 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

61. The allegations contained in Paragraph 61 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

I-2580284.1

62. The allegations contained in Paragraph 62 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

## COUNT VII

### Breach of Implied Warranty – CECO

63. HIS hereby incorporates by reference, its responses to Paragraphs 1-62 of the Amended Complaint, as if restated in full herein.

64. The allegations contained in Paragraph 64 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

65. The allegations contained in Paragraph 65 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

66. The allegations contained in Paragraph 66 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

67. The allegations contained in Paragraph 67 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

68. The allegations contained in Paragraph 68 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

I-2580284.1

69. The allegations contained in Paragraph 69 of the Amended Complaint are not directed at HIS, and therefore no response is required. To the extent a response is required, HIS denies them.

## COUNT VIII

### Wrongful Death – All Defendants

70. HIS hereby incorporates by reference, its responses to Paragraphs 1-69 of the Amended Complaint, as if restated in full herein.

71. HIS denies as much of the allegations of Paragraph 71 of the Amended Complaint as are directed to HIS. The remaining allegations contained in Paragraph 71 are directed at a party other than HIS, therefore, no response is required. To the extent a further response is required, HIS denies the remaining allegations contained in Paragraph 71 of the Amended Complaint.

72. HIS denies that Plaintiff is entitled to any of the relief he seeks in the unnumbered paragraph of the Amended Complaint beginning with "WHEREFORE".

73. HIS denies any allegations contained in the Amended Complaint not specifically admitted herein.

74. HIS denies that it is liable to the Plaintiff for any reason or in any amount.

## AFFIRMATIVE DEFENSES

1. Plaintiff's injuries were the result of her own negligence, misconduct, or fault.

2. Plaintiff's injuries were the result of the actions or omissions of third parties for whom HIS is not responsible.

3. Plaintiff's claims against HIS are barred by the Longshore Harbor Workers' Compensation Act because HIS and Blue Staffing were Ms. Gary's joint employers.

I-2580284.1

HIS reserves the right to supplement its forgoing Affirmative Defenses up to and through trial as and when warranted by facts adduced during discovery or otherwise in the course of this litigation.

## CONCLUSION

WHEREFORE, Defendant Harbor Industrial Services, Inc. respectfully requests that this Court dismiss Plaintiff Douglas I. Hornsby's, Administrator of the Estate of Cynthia Gary, Amended Complaint with prejudice, award HIS its attorneys' fees and costs incurred in defending against it, and grant to HIS such other and further relief as this court may deem just and proper.

Dated:  April 11, 2023                                  Respectfully submitted,


By:  /s/ Christopher A. Abel
Christopher A. Abel
(VSB No. 31821)
Heather R. Pearson
(VSB No. 97157)
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone:  757.628.5500
Facsimile:   757.628.5566
cabel@wilsav.com
hpearson@wilsav.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all known counsel of record.

/s/ *Christopher A. Abel*
Christopher A. Abel
(VSB No. 31821)
Heather R. Pearson
(VSB No. 97157)
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone:  757.628.5500
Facsimile:   757.628.5566
cabel@wilsav.com
hpearson@wilsav.com

I-2580284.1