IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY,<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA, METRO MACHINE CORP., d/b/a GENERAL DYNAMICS NASSCO-NORFOLK, HARBOR INDUSTRIAL SERVICES, INC., *et al.*<br><br>**Defendants.** | Civil No: 2:22-cv-427-RBS-LRL |

**KD SHIPYARD REPAIRS, LLC'S**
**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant KD Shipyard Repairs, LLC ("KDSR"), by counsel, states as follows for its Brief in Support of Motion to Dismiss the Amended Complaint for failure to state a claim. KDSR states the following in support:

**Introduction and Background**

The Amended Complaint alleges that Plaintiff's decedent was working aboard the US *McFaul* as a fire watch, she sustained injuries from being crushed by the closing of the blow-in door, and died because of her injuries. Plaintiff's Amended Complaint alleges numerous counts of maritime negligence under the Longshore and Harbor Workers' Compensation Act (the "LHWCA") against the owner of the vessel, the prime contractor, numerous subcontractors, and the blow-in door manufacturer. The Amended Complaint further alleges a claim against all defendants under Virginia's Wrongful Death statute, Va. Code § 8.01-50, et seq.

Yet Plaintiff's Amended Complaint contains only two factual allegations against KDSR:

(1) jurisdictional allegations, and (2) that, upon information and belief, KDSR was a subcontractor working on a switchboard that controlled the blow-in door.  ECF 21 at ¶¶ 9, 23.  Plaintiff has not alleged any other facts that state any claim against KDSR.  Instead, Plaintiff groups together the prime contractor and the subcontractor defendants under a joint and several theory of liability alleging that, between all of them, they breached several duties to Plaintiff's decedent.  *Id*. at ¶¶ 46-49, 70-71.

The facts alleged are insufficient to state a claim against KDSR.  Because Plaintiff has not alleged any facts that state a claim against KDSR or otherwise give KDSR fair notice of the grounds of its maritime negligence claim, it fails as a matter of law and must be dismissed.

Plaintiff's claim under the Virginia wrongful death statute is precluded by the LHWCA.  Because Plaintiff alleges that his decedent was a harbor worker under the LHWCA, no state law wrongful death remedies are available.  *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, (1970)

## Legal Standard

A motion to dismiss under Rule 12(b)(6) "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  If a complaint fails to state a claim upon which relief can be granted, it must be dismissed.  Fed. R. Civ. P. 12(b)(6).

The Federal Rules permit the plaintiff to make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' but it must 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

561 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41,47 (1957)).  A complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id*. at 555.  "The inclusion of conclusory legal terms . . . does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." *Trigon Ins. Co. v. Columbia Naples Capital, LLC*, 235 F. Supp. 2d 495, 500 (E.D. Va. 2002).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely conceivable.  *Twombly*, 550 U.S. at 555-56.  In evaluating a complaint for purposes of a motion under Rule 12(b)(6), the court must "decline to consider 'unwarranted inferences, unreasonable conclusions, or arguments'" contained in the complaint.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

## Amended Complaint

The Amended Complaint contains only two factual allegations about KDSR:

> 9.  Defendant KD Shipyard Repairs, LLC ("KDSR") is a Virginia limited liability company with its principal office in Virginia Beach, Virginia.  KDSR was a subcontractor responsible for all or part of the work in which Gary was engaged at the time of her death.
>
> \*     \*     \*
>
> 23.  On information and belief, KDSR was working on the McFaul under a contract for work on the switchboard that controlled the blow-in door.

ECF 21 at ¶¶ 9, 23.  But the Amended Complaint draws unsupported legal conclusions from those two facts:

### [COUNT IV]

> 47.  NASSCO, Harbor, Coastal, AIT and KDSR, jointly and severally, owed a duty to Gary to use reasonable care to provide a safe working environment and to

3

> warn her of potential dangers
>
> 48.     NASSCO, Harbor, Coastal, AIT and KDSR, jointly and severally, breached their duty to Gary by, among other things, negligently failing to warn Gary of the dangers of the blow-in door, failing to properly tag-out and secure the blow-in door, failing to ensure that the blow-in door had been properly tagged-out and secured by the crew of the McFaul, failing to ensure that Gary would not be asked to or required to access the interior of the ship through the blow-in door, failing to ensure the switchboard controlling the blow-in door was working properly and would not be activated inadvertently, and by otherwise failing to use reasonable care to warn Gary or prevent the blow-in door from closing unexpectedly and injuring Gary.
>
> 49.     As a result of the negligence of NASSCO, Harbor, Coastal, AIT and KDSR, jointly and severally, the blow-in door suddenly and unexpectedly closed, crushing Gary and causing her serious injury and resulting in her death.
>
> \*       \*       \*
>
> [COUNT VIII]
>
> 71.     Based on the above allegations, the Defendants are liable, jointly and severally, to the Plaintiff under Virginia's wrongful death statute, Va. Code § 8.01-50, et seq.

ECF 21 at ¶¶ 47-49, 71.  The Amended Complaint alleges no other facts regarding KDSR.

## Argument

**I.      The Amended Complaint fails to state a claim against KDSR.**

The elements of a maritime negligence cause of action are essentially the same as land-based negligence under common law. *Evergreen Int'l, S.A. v. Norfolk Dredging Co.*, 531 F.3d 302, 308 (4th Cir. 2008).  These elements are: (1) the existence of a duty required by law that obligates a person to conform to a certain standard of conduct to protect others against unreasonable risks of harm; (2) a breach of said duty by engaging in conduct that falls below the applicable standard; (3) a causal connection between the improper conduct and the resulting injury; (4) an actual loss or injury to the plaintiff because of the improper conduct. *Murray v. U.S.*, 215

4

F.3d 460, 463 (4th Cir. 2000); *see also Gauthreaux v. U.S.*, 712 F. Supp. 2d 458, 464 (E.D. Va. 2010).

As explained below, the Amended Complaint fails to state a claim against KDSR because it fails to give KDSR fair notice of the claims against it; it fails to allege facts to establish joint and several liability; and the Virginia state law wrongful death claim is preempted by the general maritime law. Accordingly, the claims against KDSR must be dismissed.

> a. **The Amended Complaint fails to state a claim and does not give KDSR fair notice of the claims against it.**

The two factual paragraphs in the Amended Complaint, coupled with the legal conclusions in Paragraphs 47-49 and 71 do not state a plausible claim for relief, but instead state conclusory allegations of negligence. *See Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 561. Though the Amended Complaint alleges that KDSR owed certain duties[1] to Plaintiff's decedent to "use reasonable care to provide a safe working environment and to warn her of potential dangers," it does not allege any facts that support a claim that KDSR owed such duties or that it breached any of those duties.

Here, the Amended Complaint alleges that Plaintiff's decedent was employed by a non-

---

[1] The existence of a legal duty is a question of law. *Fox v. Custis*, 236 Va. 69, 74 (1988). Federal courts have held that a complaint alleging negligence cannot simply conclude the existence of a duty to satisfy that element of the claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."). The complaint must include factual statements that sufficiently support the existence of the duty that the defendant owed to the plaintiff. *See Wenzel v. Knight*, 2015 U.S. Dist. LEXIS 70536 at *33-*34. Here, there are no factual allegations that support the claim that KDSR owed a duty to Plaintiff's decedent; the Amended Complaint only alleges that KDSR was a subcontractor. Plaintiff cannot thrust a legal duty on KDSR where none exists. *See Clark v. Nat'l Shipping Co. of Saudi Arabia*, 552 F. Supp. 2d 576, 578 (E.D. Va. 2008) (holding that it was not a sufficient basis for maritime negligence liability for failure to "regulate activities in which it took no part and over which it asserted no control").

party staffing entity and was assigned to work under a different defendant (Harbor). *Id*. at ¶¶ 18-20. It alleges that the prime contractor NASSCO was responsible "for the safety of all work on the ship." *Id*. at ¶ 24. The Amended Complaint alleges that the blow-in door control switch on the *McFaul* was defective (including a product liability claim against the CECO, the manufacturer) and the switch itself was in the control of the United States. *Id*. at ¶¶ 26, 38. The Amended Complaint alleges that other parties besides KDSR were in charge of 'tagging out' the blow-in door (AIT), disconnecting it from power (the United States), and securing the blow-in door after it was de-energized (the United States and/or NASSCO). *Id*. at ¶¶ 22, 25. The facts as alleged only state that KDSR was a subcontractor working on some of the *McFaul*'s switchboards, including the one that controlled the blow-in door. *Id*. at ¶ 23. Thus, the Amended Complaint does not state a negligence claim against KDSR on its face. *See Twombly*, 550 U.S. at 555-56.

The Amended Complaint does not state facts against KDSR sufficient to satisfy all the elements of a maritime negligence claim or a Virginia Wrongful Death Act claim. *Evergreen Int'l, supra*. There are no factual allegations to support the existence of any duty, breach, causation, or harm caused by KDSR. *See Iodice v. U.S.*, 289 F.3d 270, 281 (4th Cir. 2002) ("Even in these days of notice pleadings a complaint asserting a negligence claim must disclose that each of the elements is present in order to be sufficient.") (internal citations and quotation marks omitted). The alleged facts in the Amended Complaint, in the light most favorable to the Plaintiff, state only that KDSR was a subcontractor engaged in work on the *McFaul*. Thus, the Amended Complaint fails to give KDSR any notice on the grounds of either the maritime negligence claim or wrongful death claim against it or what acts or omissions of KDSR caused Plaintiff's decedent's injuries or death. *See Twombly*, 550 U.S. at 561.

Because the Amended Complaint does not state facts sufficient to support a maritime

6

negligence claim against KDSR and does not give KDSR notice of the claims against it, those claims should be dismissed.

### b. KDSR cannot be held jointly liable with the other defendants.

Maritime law adheres to the principle of joint and several liability. *Edmonds v. Compagnie Transatlantique*, 443 U.S. 256, 260 n.8 (1979). If two parties directly cause, through separate and independent acts of negligence, an injury to a third person, "liability for such damage is to be allocated among the parties proportionately to the comparative degree of their fault." *U.S. v. Reliable Transfer Co.*, 421 U.S. 397, 411 (1975).

Here, as described above, the Amended Complaint does not state a plausible claim of negligence or wrongful death against KDSR. Instead, Plaintiff makes wholly conclusory allegations that the prime contractor and the subcontractor defendants (including KDSR) owed duties to Plaintiff's decedent and that each of them breached those duties, but fails to state any facts to support the existence of any duty by KDSR. ECF 21 at ¶¶ 9, 23, 46-49, 70-71. Because the Amended Complaint fails to state a claim KDSR, it cannot be jointly liable with the other defendants.

## II. Maritime law preempts Virginia's Wrongful Death Statute.

When the Supreme Court permitted a federal maritime cause of action for wrongful death in 1970, it precluded a plaintiff's recovery for wrongful death claims under state law. *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, (1970). Indeed, "[i]t is well-established that the *Moragne* wrongful death action preempts state wrongful death statutes within the area of admiralty jurisdiction." *Gonzalez v. M/V Destiny*, 2002 U.S. Dist. LEXIS 29736, at *14-*15 (S.D. Fla. Sept. 30, 2002); *see also Matter of S/S Helena,* 529 F.2d 744, 753 (5th Cir. 1976) ("Because a persuasive rationale for the enforcement of state wrongful death statutes in admiralty courts no

longer exists after *Moragne,* we hold that the wrongful death remedy provided by that case precludes recognition in admiralty of state statutes. The general maritime law will therefore govern the case before us."); *In re MS "Madeleine" Schiffahrtsgesellschaft mbH & Co., KB* (S.D. Fl. (2009) 2009 U.S. Dist. LEXIS 101465 ("[S]tate wrongful death claims raised in this case are preempted by federal maritime law and the LHWCA.")

Because plaintiff's claim, if any, arises under the general maritime law for death of a harbor worker as alleged in Count IV, the state law wrongful death claim alleged under the Virginia Wrongful Death Act in Count VIII is preempted.

Accordingly, Count VIII of the Amended Complaint must be dismissed.

## Conclusion

Because the Amended Complaint fails to state a claim against KD Shipyard Repairs, LLC KDSR respectfully for the entry of an order dismissing those claims with prejudice under Rule 12(b)(6), and grant it all other just relief.

Dated: April 28, 2023                     KD SHIPYARD REPAIRS, LLC

By: _____/s/ *James L. Chapman, IV*_____
James L. Chapman, IV, VSB No. 21983
Alexander R. McDaniel, VSB No. 92398
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
amcdaniel@cwm-law.com
*Attorneys for KS Shipyard Repair, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 28th day of April 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of Electronic Filing" to all counsel of record who have consented to electronic service.

/s/ *James L. Chapman, IV*
James L. Chapman, IV, VSB No. 21983
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com