UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES of AMERICA, <br><br> METRO MACHINE CORP., d/b/a GENERAL DYNAMICS NASSCO-NORFOLK, <br><br> HARBOR INDUSTRIAL SERVICES, INC., <br><br> COASTAL MECHANICAL SYSTEMS, LLC, <br><br> ADVANCED INTEGRATED TECHNOLOGIES, LLC, <br><br> KD SHIPYARD REPAIRS, LLC, <br><br> And <br><br> CECO ENVIRONMENTAL CORP., <br><br> Defendants. | **CIVIL ACTION NO. 2:22-CV-427** |

**DEFENDANT COASTAL MECHANICAL SYSTEMS, LLC'S RESPONSE
TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Defendant, Coastal Mechanical Systems, LLC (hereinafter, "CMS"), by and through undersigned counsel, and responds to the Amended Complaint of Plaintiff Douglas I. Hornsby, Administrator of the Estate of Cynthia Gary, (hereinafter, "Plaintiff") as follows:

# ANSWER

1. The allegations contained in Paragraph 1 of the Amended Complaint state conclusions of law to which no response is required. To the extent a response is required, CMS admits them.

2. Upon information and belief, Cynthia Gary died on March 15, 2021 aboard USS McFAUL; except as admitted, CMS lacks information or knowledge to either admit or deny as much of the allegations contained in Paragraph 2 of the Amended Complaint and therefore denies them.

3. CMS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 3 of the Amended Complaint and, therefore, it denies them.

4. Upon information and belief, the allegations contained in Paragraph 4 of the Amended Complaint are admitted.

5. Upon information and belief, the allegations contained in Paragraph 5 of the Amended Complaint are admitted.

6. CMS admits to its information and belief as much of the allegations contained in Paragraph 6 of the Amended Complaint that allege that HIS is a Virginia Corporation with its principal office in Portsmouth, Virginia and that HIS was a subcontractor. CMS lacks information or knowledge as to the remaining allegations contained in Paragraph 6 of the Amended Complaint and therefore denies them.

7. CMS admits to its information and belief as much of the allegations contained in Paragraph 7 of the Amended Complaint that allege that CMS is a Virginia Limited Liability Company with its principal office in Norfolk, Virginia and that it was a subcontractor. As to any

of the remaining allegations contained in Paragraph 7 of the Amended Complaint, CMS denies them.

8. CMS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 8 of the Amended Complaint and, therefore, it denies them.

9. CMS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 9 of the Amended Complaint and, therefore, it denies them.

10. CMS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 10 of the Amended Complaint and, therefore, it denies them.

11. The allegations contained in Paragraph 11 of the Amended Complaint state conclusions of law to which no response is required.

12. The allegations contained in Paragraph 12 of the Amended Complaint state conclusions of law to which no response is required.

13. The allegations contained in Paragraph 13 of the Amended Complaint state conclusions of law to which no response is required.

14. The allegations contained in Paragraph 14 of the Amended Complaint state conclusions of law to which no response is required.

15. CMS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 15 of the Amended Complaint and, therefore, it denies them.

16. CMS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 16 of the Amended Complaint and, therefore, it denies them.

17. CMS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 17 of the Amended Complaint and, therefore, it denies them.

18. The allegations contained in Paragraph 18 of the Amended Complaint are admitted on information and belief.

19. Upon information and belief, Gary was assigned to work aboard the McFaul at NASSCO's shipyard; CMS lacks information or knowledge sufficient to either admit or deny the remaining allegations in paragraph 19 of the Amended Complaint and therefore denies them.

20. CMS admits the allegations contained in Paragraph 20 of the Amended Complaint.

21. CMS denies the allegations contained in Paragraph 21 of the Amended Complaint.

22. CMS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 22 of the Amended Complaint and, therefore, it denies them.

23. CMS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 23 of the Amended Complaint and, therefore, it denies them.

24. Upon information and belief, NASSCO was the prime contractor and had a safety officer on board the McFaul at all times and had certain responsibilities for safety of work on the ship; except as specifically admitted, the remaining allegations contained in Paragraph 24 of the Amended Complaint are denied.

25. CMS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 25 of the Amended Complaint and, therefore, it denies them.

26. CMS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 26 of the Amended Complaint and, therefore, it denies them.

27. CMS lacks information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 27 of the Amended Complaint and, therefore, it denies them.

28. CMS admits the allegations contained in Paragraph 28 of the Amended Complaint on information and belief.

29. CMS hereby incorporates by reference, its responses to Paragraphs 1-28 of the Amended Complaint, as if restated in full herein.

30. The allegations contained in Paragraph 30 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

31. The allegations contained in Paragraph 31 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

32. The allegations contained in Paragraph 32 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

33. The allegations contained in Paragraph 33 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

34. The allegations contained in Paragraph 34 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

35. CMS hereby incorporates by references, its responses to Paragraphs 1-34 of the Amended Complaint, as if restated in full herein.

36. The allegations contained in Paragraph 36 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

37. The allegations contained in Paragraph 37 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

38. The allegations contained in Paragraph 38 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

39. The allegations contained in Paragraph 39 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

40. CMS hereby incorporates by reference, its responses to Paragraphs 1-39 of the Amended Complaint, as if restated in full herein.

41. The allegations contained in Paragraph 41 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

42. The allegations contained in Paragraph 42 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

43. The allegations contained in Paragraph 43 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

44. The allegations contained in Paragraph 44 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

45. The allegations contained in Paragraph 45 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

46. CMS hereby incorporates by reference, its responses to Paragraphs 1-45 of the Amended Complaint, as if restated in full herein.

47. CMS denies as much of the allegations contained in Paragraph 47 of the Amended Complaint as are directed to CMS. The remaining allegations contained in Paragraph 47 are directed at a party other than CMS, therefore, no response is required. To the extent a further response is required, CMS denies the remaining allegations contained in Paragraph 47 of the Amended Complaint.

48. CMS denies as much of the allegations contained in Paragraph 48 of the Amended Complaint as are directed to CMS. The remaining allegations contained in Paragraph 48 are directed at a party other than CMS, therefore, no response is required. To the extent a further response is required, CMS denies the remaining allegations contained in Paragraph 48 of the Amended Complaint.

49. CMS denies as much of the allegations of Paragraph 49 of the Amended Complaint as are directed to CMS. The remaining allegations contained in Paragraph 49 are directed at a party other than CMS, therefore, no response is required. To the extent a further response is required, CMS denies the remaining allegations contained in Paragraph 49 of the Amended Complaint.

50. CMS hereby incorporates by reference, its responses to Paragraphs 1-49 of the Amended Complaint, as if restated in full herein.

51. The allegations contained in Paragraph 51 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS

denies them.

52. The allegations contained in Paragraph 52 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

53. The allegations contained in Paragraph 53 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

54. The allegations contained in Paragraph 54 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

55. The allegations contained in Paragraph 55 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

56. The allegations contained in Paragraph 56 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

57. The allegations contained in Paragraph 57 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

58. The allegations contained in Paragraph 58 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

59. CMS hereby incorporates by reference, its responses to Paragraphs 1-58 of the Amended Complaint, as if restated in full herein.

60. The allegations contained in Paragraph 60 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

61. The allegations contained in Paragraph 61 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

62. The allegations contained in Paragraph 62 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

63. CMS hereby incorporates by reference, its responses to Paragraphs 1-62 of the Amended Complaint, as if restated in full herein.

64. The allegations contained in Paragraph 64 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

65. The allegations contained in Paragraph 65 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

66. The allegations contained in Paragraph 66 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

67. The allegations contained in Paragraph 67 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

68. The allegations contained in Paragraph 68 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

69. The allegations contained in Paragraph 69 of the Amended Complaint are not directed at CMS, and therefore no response is required. To the extent a response is required, CMS denies them.

70. CMS hereby incorporates by reference, its responses to Paragraphs 1-69 of the Amended Complaint, as if restated in full herein.

71. CMS denies as much of the allegations of Paragraph 71 of the Amended Complaint as are directed to CMS. The remaining allegations contained in Paragraph 71 are directed at a party other than CMS, therefore, no response is required. To the extent a further response is required, CMS denies the remaining allegations contained in Paragraph 71 of the Amended Complaint.

**GENERAL DENIALS, AFFIRMATIVE DEFENSES, RESERVATION OF DEFENSES**

1. CMS denies: (a) that Plaintiff is entitled to any of the relief he seeks in the unnumbered paragraph of the Amended Complaint beginning with "WHEREFORE"; (b) any allegations contained in the Amended Complaint not specifically admitted herein; and (c) that it is liable to the Plaintiff for any reason or in any amount.

2. The Amended Complaint fails to state a claim upon which relief can be granted. This affirmative defense specifically includes, but is not limited to, the fact that Plaintiff's Complaint fails to meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil

Procedure as interpreted in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3. Plaintiff's (decedent's) injuries and/or death were the result of her own negligence, misconduct, or fault.

4. Plaintiff's (decedent's) injuries and/or death were the result of an open and obvious danger.

5. Plaintiff's (decedent's) injuries were the result of the actions or omissions (which may include improper operations of and/or modifications to the vessel) of others (whether party to this action or not) for whom CMS is not responsible; any alleged negligence of CMS, which his expressly denied, was not the actual, direct, proximate or foreseeable cause nor the cause-in-fact of the alleged damage to Plaintiff (decedent) and/or did not play a substantial part in bringing about alleged damages to Plaintiff (decedent); upon information and belief, any alleged damages to Plaintiff (decedent) would have occurred notwithstanding any alleged (and denied) negligence of CMS; the negligence, misconduct, fault, actions or omissions of Plaintiff (decedent) and/or those other than CMS (whether party to this action or not) for whom CMS is not responsible, were the superseding and/or intervening cause(s) of all alleged damages to Plaintiff (decedent).

6. Plaintiff's claims against CMS are barred to the extent that CMS is deemed an employer of Plaintiff (decedent) and enjoys immunity from liability for damages to Plaintiff (decedent) pursuant to the Longshore Harbor Workers Compensation Act or as otherwise allowed by law.

7. Plaintiff's claims are barred by the doctrine of estoppel.

8. CMS reserves the right to supplement its forgoing Answer and Affirmative Defenses up to and through trial as and when warranted by facts adduced during discovery or otherwise in the course of this litigation.

**WHEREFORE,** Defendant Coastal Mechanical Systems, LLC respectfully requests that this Court dismiss Plaintiff Douglas I. Hornsby's, Administrator of the Estate of Cynthia Gary, Amended Complaint with prejudice, award Plaintiff recover nothing from CMS; award CMS its attorneys' fees and costs incurred in defending against it, and grant to CMS such other and further relief as this court may deem just and proper.

This the 4th day of May, 2023.

CRANFILL SUMNER LLP

BY: /s/ Jason R. Harris
JASON R. HARRIS
V.A. State Bar No. 96594
5535 Currituck Dr., Suite 210
Post Office Box 1950
Wilmington, NC 28402
Phone: (910)777-6000
Fax: (910)777-6142
Email: jharris@cshlaw.com
*Attorney for Defendant Coastal Mechanical Systems, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 4th Day of May, 2023, I electronically filed the foregoing ***Defendant Coastal Mechanical Systems, LLC's Answer to Plaintiff's Amended Complaint*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert John Haddad
Andrew Mitchell Hendrick
Ruloff Swain Haddad Morecock
Talbert & Woodward, PC
317 30th St.
Virginia Beach, VA 23451
rhaddad@srgslaw.com
ahendrick@srgslaw.com
*Attorneys for Plaintiff*

Lynn K. Brugh, IV
John A. Irvin
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, VA 23219
lbrugh@williamsmullen.com
jirvin@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk*

Edward J. Powers
Dustin M. Paul
Allison M. Mentch
Woods Rogers Vanderventer Black
101 West Main St., Suite 500
Norfolk, VA 23510
Edward.Powers@wrvblaw.com.
Dustin.Paul@wrvblaw.com
Alli.Mentch@wrvblaw.com
*Attorneys for Defendant, Advanced Integrated Technologies, LLC*

Christopher A. Abel
Heather R. Pearson
Wilcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, VA 23510
cabel@wilsav.com
hpearson@wilsav.com
*Attorneys for Defendant Harbor Industrial Services, Inc.*

W. Benjamin Woody
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, VA 22314
bwoody@hccw.com
*Attorney for Defendant, CECO Environmental Corporation*

Garry D. Hartlieb
Malinda Robbin Lawrence
Darren Earl Myers
United States Department of Justice
Civil Division
175 N Street, NE
Suite 8.129
Washington, DC 20002
Garry.hartlieb@usdoj.gov
Malinda.r.lawrence@usdoj.gov
Darren.e.myers@usdoh.gov
*Attorneys for Defendant United States of America*

4863-8892-1185, v. 2

James L. Chapman, IV
Alexander R. McDaniel
Crenshaw, Ware & Martin, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, VA 23510
jchapman@cwm-law.com
amcdaniel@cwm-law.com
*Attorneys for Defendant KD Shipyard Repairs, LLC*

This the 4th day of May, 2023.

                                        CRANFILL SUMNER LLP

BY:   /s/ Jason R. Harris
        JASON R. HARRIS
        V.A. State Bar No. 96594
        5535 Currituck Dr., Suite 210
        Post Office Box 1950
        Wilmington, NC  28402
        Phone: (910)777-6000
        Fax: (910)777-6142
        Email: jharris@cshlaw.com
        *Attorney for Defendant Coastal Mechanical Systems, LLC*

4863-8892-1185, v. 2