## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY, | |
| Plaintiff, | |
| vs. | |
| UNITED STATES of AMERICA, | |
| METRO MACHINE CORP., d/b/a GENERAL DYNAMICS NASSCO-NORFOLK, | |
| HARBOR INDUSTRIAL SERVICES, INC., | **CIVIL ACTION NO. 2:22-CV-427** |
| COASTAL MECHANICAL SYSTEMS, LLC, | |
| ADVANCED INTEGRATED TECHNOLOGIES, LLC, | |
| KD SHIPYARD REPAIRS, LLC, | |
| And | |
| CECO ENVIRONMENTAL CORP., | |
| Defendants. | |

## COASTAL MECHANICAL SYSTEMS, LLC'S BRIEF IN SUPPORT OF FIRST MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**NOW COMES** Defendant Coastal Mechanical Systems, LLC, ("Coastal") by and through undersigned counsel in Support of its First Motion to Dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), as pleaded in its second affirmative defense, and states as follows:

## Introduction and Background

Plaintiff's Amended Complaint contains only three paragraphs of factual allegations against Coastal, several allegations of the negligence of other parties, and four paragraphs of threadbare allegations as to Coastal.

### i.     The Factual Allegations Against Coastal

7.      Defendant Coastal Mechanical Systems, LLC ("Coastal") is a Virginia limited liability company with its principal office in Norfolk, Virginia. Coastal was a subcontractor responsible for all or part of the work in which Gary was engaged at the time of her death.
…

19.      On March 15, 2021, Gary was assigned by her employer to work for Harbor aboard the McFaul at NASSCO's shipyard.

20.      Harbor was working on the McFaul under a subcontract with Coastal.

### ii.     Allegations of the Negligence of Other Parties

22.      On information and belief, AIT had previously requested a tag-out of the blow-in door and that tag-out remained in effect on March 15, 2021.

23.      On information and belief, KDSR was working on the McFaul under a contract for work on the switchboard that controlled the blow-in door.

24.      NASSCO, as the prime contractor, had a safety officer on board the McFaul at all times and was responsible for the safety of all work on the ship.

25.      The blow-in door was not properly tagged out, was not disconnected from potential sources of energy that could cause it to close suddenly, and was not otherwise secured to prevent it from closing.

26.      In addition, the control switch for the blow-in door, located in the McFaul's engine room, was defective. Specifically, required safety features on the switch did not function.
…

30.      The officers and crew of the McFaul retained primary control over the blow-in door and were responsible for tagging-out the door during the time work was being performed to ensure that the door would not close.
…

32.     At all relevant times, the crew of the McFaul maintained active control over the blow-in door and the related power systems used to operate the door.

### iii.   Threadbare Allegations as to Coastal

47.     NASSCO, Harbor, Coastal, AIT and KDSR, jointly and severally, owed a duty to Gary to use reasonable care to provide a safe working environment and to warn her of potential dangers.

48.     NASSCO, Harbor, Coastal, AIT and KDSR, jointly and severally, breached their duty to Gary by, among other things, negligently failing to warn Gary of the dangers of the blow-in door, failing to properly tag-out and secure the blow-in door, failing to ensure that the blow-in door had been properly tagged-out and secured by the crew of the McFaul, failing to ensure that Gary would not be asked to or required to access the interior of the ship through the blow-in door, failing to ensure the switchboard controlling the blow-in door was working properly and would not be activated inadvertently, and by otherwise failing to use reasonable care to warn Gary or prevent the blow-in door from closing unexpectedly and injuring Gary.

49.     As a result of the negligence of NASSCO, Harbor, Coastal, AIT and KDSR, jointly and severally, the blow-in door suddenly and unexpectedly closed, crushing Gary and causing her serious injury and resulting in her death.
…

71.     Based on the above allegations, the Defendants are liable, jointly and severally, to the Plaintiff under Virginia's wrongful death statute, Va. Code § 8.01-50, et seq.

DE 21 at ¶¶ 7, 20, 22-26, 30, 32, 47-49, 70-71.

Plaintiff has failed to allege facts sufficient to state a claim against Coastal, for the reasons stated below.

### Argument

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992); *Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will only survive if it contains

"enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While all factual allegations contained in a complaint must be accepted as true, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Based on this standard, Plaintiff has failed to state a claim against Coastal upon which relief may be granted.

While Coastal will not contest that it is in a contractual chain with some of the defendants, Plaintiff does not sufficiently plead how or why Coastal might be independently, or by imputation, responsible for the acts or omissions of any co-defendant. As a result, the allegations against Coastal are nothing more than threadbare legal conclusions that do not provide a reasonable inference that Coastal may be liable for any misconduct. *See Iqbal*, 556 U.S. at 678. Therefore, pursuant to *Iqbal* and *Twombly*, the Plaintiff's Amended Complaint should be dismissed.

### <u>Conclusion</u>

For the reasons stated herein, Coastal respectfully requests this Court enter an order under Federal Rule of Civil Procedure 12(b)(6), dismissing all claims against Coastal with prejudice, or, in the alternative, directing Plaintiff to amend its Amended Complaint to state a plausible claim for relief, and any such further relief as may be just and proper.

Respectfully submitted this the 4th day of May, 2023.

**CRANFILL SUMNER LLP**

By:    /s/  Jason R. Harris                
                JASON R. HARRIS
                V.A. Bar No. 96594
                5535 Currituck Drive, Suite 210
                P.O. Box 1950
                Wilmington, NC 28402
                Telephone (910) 777- 6000
                Facsimile (910) 777 – 6111
                Email: jharris@cshlaw.com
                *Attorneys for Defendant Coastal*
                *Mechanical Systems, LLC*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing document ***Coastal Mechanical Systems, LLC's Brief in Support of First Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6)*** with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Robert John Haddad
Andrew Mitchell Hendrick
Ruloff Swain Haddad Morecock
Talbert & Woodward, PC
317 30th St.
Virginia Beach, VA 23451
rhaddad@srgslaw.com
ahendrick@srgslaw.com
*Attorneys for Plaintiff*

Christopher A. Abel
Heather R. Pearson
Wilcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, VA 23510
cabel@wilsav.com
hpearson@wilsav.com
*Attorneys for Defendant Harbor Industrial Services, Inc.*

Lynn K. Brugh, IV
John A. Irvin
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, VA 23219
lbrugh@williamsmullen.com
jirvin@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk*

W. Benjamin Woody
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, VA 22314
bwoody@hccw.com
*Attorney for Defendant, CECO Environmental Corporation*

Edward J. Powers
Dustin M. Paul
Allison M. Mentch
Woods Rogers Vanderventer Black
101 West Main St., Suite 500
Norfolk, VA 23510
Edward.Powers@wrvblaw.com.
Dustin.Paul@wrvblaw.com
Alli.Mentch@wrvblaw.com
*Attorneys for Defendant, Advanced Integrated Technologies, LLC*

Garry D. Hartlieb
Malinda Robbin Lawrence
Darren Earl Myers
United States Department of Justice
Civil Division
175 N Street, NE
Suite 8.129
Washington, DC 20002
Garry.hartlieb@usdoj.gov
Malinda.r.lawrence@usdoj.gov
Darren.e.myers@usdoh.gov
*Attorneys for Defendant United States of America*

James L. Chapman, IV
Alexander R. McDaniel
Crenshaw, Ware & Martin, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, VA 23510
jchapman@cwm-law.com
amcdaniel@cwm-law.com
*Attorneys for Defendant KD Shipyard
Repairs, LLC*

This the 4th day of May, 2023.

CRANFILL SUMNER LLP

By:   /s/ Jason R. Harris_____

Jason R. Harris