UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of The Estate of CYNTHIA GARY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action No. 2:22-cv-427 |

**METRO MACHINE CORP.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendant Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk ("NASSCO-Norfolk" or "Defendant"), by counsel, for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint filed herein, states as follows:

**ANSWER**

For its Answer to the allegations set forth in the numbered paragraphs of Plaintiff's Complaint, NASSCO- Norfolk states as follows:

1.  NASSCO- Norfolk admits the allegations in Paragraph 1 that Plaintiff has asserted a claim for wrongful death aboard the USS McFaul. The remaining allegations call for legal conclusions to which no response is required. To the extent a response is required, NASSCO-Norfolk denies the remaining allegations.

**PARTIES**

2.  The allegation in Paragraph 2 that the decedent qualifies as a harbor worker under the Longshore and Harbor Workers' Compensation Act calls for a legal conclusion to which no

response is required. To the extent a response is required, NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegation. NASSCO- Norfolk is without sufficient information or knowledge to admit the factual allegations in Paragraph 2.

3. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 3, and, therefore, NASSCO- Norfolk denies the allegations.

4. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 4 as they pertain solely to another named Defendant.

5. NASSCO- Norfolk admits the allegations that it is a Virginia corporation with its principal office in Norfolk, Virginia. NASSCO- Norfolk denies the remaining allegations in Paragraph 5.

6. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 6 as they pertain solely to another named Defendant.

7. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 7 as they pertain solely to another named Defendant.

8. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 8 as they pertain solely to another named Defendant.

9. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 9 as they pertain solely to another named Defendant.

10. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 10 as they pertain solely to another named Defendant.

**JURISDICTION AND VENUE**

11. The allegations in Paragraph 11 call for legal conclusions to which no response is required. To the extent a response is required, NASSCO- Norfolk is without sufficient information

or knowledge to admit or deny the allegations.

12.     The allegations in Paragraph 12 call for legal conclusions to which no response is required. To the extent a response is required, NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations.

13.     The allegations in Paragraph 13 call for legal conclusions to which no response is required. To the extent a response is required, NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations.

14.     The allegations in Paragraph 14 call for legal conclusions to which no response is required. To the extent a response is required, NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations.

## ADMINISTRATIVE PREREQUISITES

15.     NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15.

16.     NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16.

17.     The allegations in Paragraph 17 call for legal conclusions to which no response is required. To the extent a response is required, NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations.

## FACTS

18.     NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18.

19.     NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 19.

20. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20.

21. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 21.

22. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 22.

23. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 23.

24. NASSCO- Norfolk denies the allegation in Paragraph 24.

25. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 25.

26. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 26.

27. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27.

28. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28.

## COUNT I

### Negligence – United States

29. NASSCO- Norfolk incorporates its previous responses to Paragraphs 1-28.

30. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 30 as they pertain solely to another named Defendant.

31. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny

the allegations in Paragraph 31 as they pertain solely to another named Defendant.

32. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 32 as they pertain solely to another named Defendant.

33. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 33 as they pertain solely to another named Defendant.

34. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 34 as they pertain solely to another named Defendant.

## COUNT II

### Negligence – United States

35. NASSCO- Norfolk incorporates its previous responses to Paragraphs 1-34.

36. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 36 as they pertain solely to another named Defendant.

37. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 37 as they pertain solely to another named Defendant.

38. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 38 as they pertain solely to another named Defendant.

39. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 39 as they pertain solely to another named Defendant.

## COUNT III

### Negligence – United States

40. NASSCO- Norfolk incorporates its previous responses to Paragraphs 1-39.

41. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 41 as they pertain solely to another named Defendant.

42. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 42 as they pertain solely to another named Defendant.

43. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 43 as they pertain solely to another named Defendant.

44. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 44 as they pertain solely to another named Defendant.

45. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 45 as they pertain solely to another named Defendant.

## COUNT IV

### Negligence – NASSCO, Harbor, Coastal, AIT and KDSR

46. NASSCO- Norfolk incorporates its previous responses to Paragraphs 1-45.

47. The allegations in Paragraph 47 call for legal conclusions to which no response is required. To the extent a response is required, NASSCO- Norfolk denies the allegations.

48. NASSCO- Norfolk denies the allegations contained in Paragraph 48, to the extent they pertain to NASSCO- Norfolk, and is without sufficient information or knowledge to admit or deny the allegations as they pertain to other Defendants.

49. NASSCO- Norfolk denies the allegations contained in Paragraph 49, to the extent they pertain to NASSCO- Norfolk, and is without sufficient information or knowledge to admit or deny the allegations as they pertain to other Defendants.

## COUNT V

### Negligence – CECO

50. NASSCO- Norfolk incorporates its previous responses to Paragraphs 1-49.

51. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny

the allegations in Paragraph 51 as they pertain solely to another named Defendant.

52. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 52 as they pertain solely to another named Defendant.

53. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 53 as they pertain solely to another named Defendant.

54. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 54 as they pertain solely to another named Defendant.

55. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 55 as they pertain solely to another named Defendant.

56. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 56 as they pertain solely to another named Defendant.

57. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 57 as they pertain solely to another named Defendant.

58. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 58 as they pertain solely to another named Defendant.

## COUNT VI

### Negligence – CECO

59. NASSCO- Norfolk incorporates its previous responses to Paragraphs 1-58.

60. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 60 as they pertain solely to another named Defendant.

61. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 61 as they pertain solely to another named Defendant.

62. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny

the allegations in Paragraph 62 as they pertain solely to another named Defendant.

## COUNT VII

### Breach of Implied Warranty – CECO

63. NASSCO- Norfolk incorporates its previous responses to Paragraphs 1-62.

64. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 64 as they pertain solely to another named Defendant.

65. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 65 as they pertain solely to another named Defendant.

66. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 66 as they pertain solely to another named Defendant.

67. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 67 as they pertain solely to another named Defendant.

68. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 68 as they pertain solely to another named Defendant.

69. NASSCO- Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 69 as they pertain solely to another named Defendant.

## COUNT VIII

### Wrongful Death – All Defendants

70. NASSCO- Norfolk incorporates its previous responses to Paragraphs 1-69.

71. The allegations in Paragraph 71 call for legal conclusions to which no response is required. To the extent a response is required and to the extent the allegations pertain to NASSCO- Norfolk, NASSCO- Norfolk denies the allegations. To the extent the allegations pertain to other named Defendants, NASSCO- Norfolk is without sufficient information or knowledge to admit or

deny the allegations.

72. NASSCO- Norfolk denies that Plaintiff is entitled to any of the relief sought for in the unnumbered paragraph of the Amended Complaint beginning with "WHEREFORE."

## **AFFIRMATIVE DEFENSES**

NASSCO- Norfolk may rely on the following defenses and affirmative defenses:

1. The Complaint fails to state a claim upon which relief may be granted against NASSCO- Norfolk.

2. The claim for wrongful death brought under Virginia Code § 8.01-50 is preempted by federal law.

3. The liability of NASSCO- Norfolk, if any, must be reduced or barred because of the comparative negligence, contributory negligence, assumption of risk, and/or other tortious conduct of parties, persons, or entities different from NASSCO- Norfolk.

4. The liability of NASSCO- Norfolk, if any, must be barred, as Plaintiff's injuries were the result of the actions or omissions of parties, persons, or entities for whom NASSCO- Norfolk is not responsible.  Therefore, NASSCO- Norfolk was not the proximate or legal cause of this incident.

5. The liability of NASSCO- Norfolk, if any, must be barred, as the negligent conduct of Plaintiff and/or of parties, persons, or entities, for whom NASSCO- Norfolk is not responsible, was the superseding and/or intervening cause of Plaintiff's injuries.

6. NASSCO- Norfolk incorporates by reference any and all affirmative defenses not adverse to NASSCO- Norfolk asserted by any other Defendants in this action as if fully set forth herein.

7. NASSCO- Norfolk reserves the right to add to or amend its affirmative defenses

consistent with discovery up to and including the day of trial.

WHEREFORE, Defendant Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk, respectfully requests that this Court dismiss Plaintiff Douglas I. Hornsby's, Administrator of the Estate of Cynthia Gary, Amended Complaint with prejudice, award NASSCO- Norfolk its attorneys' fees and costs incurred in defending against it, and grant NASSCO- Norfolk such other and further relief as this Court may deem just and proper.

        Respectfully submitted,
        METRO MACHINE CORP. d/b/a GENERAL
        DYNAMICS NASSCO-NORFOLK

By:    /s *Lynn K. Brugh, IV*_____
        Lynn K. Brugh, IV
        Virginia State Bar No. 36778
        Jack A. Irvin
        Virginia State Bar No. 97044
        Counsel for Defendant
        WILLIAMS MULLEN
        200 South 10th Street, Suite 1600
        Richmond, Virginia 23219
        Telephone: (804) 420-6461
        Facsimile: (804) 420-6507
        lbrugh@williamsmullen.com
        jirvin@williamsmullen.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing ("NEF") to all known counsel of record.

By:    /s *Lynn K. Brugh, IV*   
Lynn K. Brugh, IV
Virginia State Bar No. 36778
Counsel for Defendant
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6461
Facsimile: (804) 420-6507
lbrugh@williamsmullen.com

(102564192.5