# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of The Estate of CYNTHIA GARY, | ) ) ) |
| Plaintiff, | ) ) Case 2:22-cv-00427 |
| v. | ) ) In Admiralty ) |
| THE UNITED STATES OF AMERICA, *et al.*, | ) ) |
| Defendants. | ) |

## ANSWER

NOW COMES the Defendant, the United States of America, and answers Plaintiff's Amended Complaint as follows:

The unnumbered introductory paragraph beginning with "The Plaintiff, DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY," requires no response.

1. Admitted.

2. Admitted.

3. Paragraph 3 of the Amended Complaint asserts factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

4. Admitted.

5. Admitted.

6. Paragraph 6 of the Amended Complaint asserts factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

7. Paragraph 7 of the Amended Complaint asserts factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

8. Paragraph 8 of the Amended Complaint asserts factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

9. Paragraph 9 of the Amended Complaint asserts factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

10. Paragraph 10 of the Amended Complaint asserts factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

11. Paragraph 11 of the Amended Complaint asserts legal conclusions to which no response is required and, to the extent that a response is required, are denied.

12. The United States admits that this lawsuit is properly venued in this Court, but denies that the USS McFAUL is consistently located in Norfolk, Virginia.

13. Admitted.

14. The United States admits that it is the owner of the USS McFAUL. The remainder of paragraph 14 of the Amended Complaint asserts legal conclusions that the United States denies.

15. Admitted.

16. Paragraph 16 of the Amended Complaint asserts factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

17. Paragraph 17 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks sufficient information to admit or deny, and therefore denies.

18. Admitted.

19. Paragraph 19 of the Amended Complaint asserts factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

20. Paragraph 20 of the Amended Complaint asserts factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

21. Paragraph 21 of the Amended Complaint asserts factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

22. Paragraph 22 of the Amended Complaint asserts factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

23. Paragraph 23 of the Amended Complaint asserts factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

24. Admitted.

25. Denied.

26. Paragraph 26 of the Amended Complaint contains factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

27. Paragraph 27 of the Amended Complaint contains factual allegations about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

28. Admitted.

29. With respect to Paragraph 29 of the Amended Complaint, the United States reincorporates is answers from paragraphs 1-28.

30. Denied.

31. Paragraph 31 of the Amended Complaint asserts legal conclusions that the United States denies.

32. Denied.

33. Denied.

34. Denied.

35. The United States reincorporates its answers from paragraphs 1-34.

36. Paragraph 36 of the Amended Complaint asserts a legal conclusion to which no response is required and, to the extent that a response is required, is denied.

37. Denied.

38. Denied.

39. Denied.

40. The United States reincorporates its answers from paragraphs 1-39.

41. Paragraph 41 asserts a legal conclusion to which no response is required, and, to the extent that a response is required, is denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. The United States reincorporates its answers from paragraphs 1-45.

47. Paragraph 47 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

48. Paragraph 48 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

49. Paragraph 49 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

50. The United States reincorporates its answers from paragraphs 1-49.

51. Denied.

52. Paragraph 52 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

53. Paragraph 53 of the Amended Complaint asserts legal conclusions to which no response is required, and to the extent a response is required, are denied.

54. Paragraph 54 of the Amended Complaint asserts legal conclusions to which no response is required, and to the extent a response is required, are denied.

55. Paragraph 55 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

56. Paragraph 56 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

57. Paragraph 57 of the Amended Complaint asserts legal conclusions to which no response is required, and to the extent a response is required, are denied.

58. Paragraph 58 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

59. The United States reincorporates its answers to paragraphs 1-58.

60. Paragraph 60 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

61. Paragraph 61 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

62. Paragraph 62 asserts legal conclusions to which no response is required, and to the extent a response is required, are denied.

63. The United States reincorporates its answers to paragraph 1-62.

64. Paragraph 64 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

65. Paragraph 65 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

66. Paragraph 66 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

67. Paragraph 67 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

68. Paragraph 68 of the Amended Complaint asserts statements of fact and conclusions of law about which the United States currently lacks information sufficient to admit or deny, and therefore denies.

69. Paragraph 69 asserts legal conclusions to which no response is required, and to the extent a response is required, are denied.

70. The United States reincorporates its answers to paragraphs 1-69.

71. Paragraph 71 asserts legal conclusions to which no response is required, and to the extent a response is required, are denied.

The balance of Plaintiff's Amended Complaint, beginning with "WHEREFORE," constitutes a Prayer for Relief to which no response is required. To the extent that a response may be required, the United States denies that Plaintiff is entitled to any relief.

Pursuant to Federal Rule of Civil Procedure 8(b)(3), the United States denies all allegations in Plaintiff's Complaint which it has not otherwise specifically admitted or denied herein.

## **AFFIRMATIVE DEFENSES**

Without waiving, limiting, modifying, or amending the foregoing, the United States asserts the following additional and affirmative defenses, in the alternative where appropriate, and to the extent discovery and the evidence so indicate:

1. The Court lacks subject matter jurisdiction over this action.

2. The United States has not waived sovereign immunity.

3. The proximate and legal cause of this incident was, in whole or in part, the negligent conduct of nonparty persons (or entities) over whom the United States had no control and for whom the United States was not legally responsible. Therefore, Plaintiff's claims are barred or must be reduced in accordance with the applicable law, regardless of any alleged

7

negligence by the United States or its agencies or employees, which alleged negligence is expressly denied.

      4.      The negligent conduct of Plaintiff and/or other nonparty persons (or entities), over whom the United States had no control, was the superseding and/or intervening cause of all damages or injuries allegedly sustained by Plaintiff.  Therefore, Plaintiff's claims are barred regardless of any alleged negligence by the United States or its agencies or employees, which alleged negligence is expressly denied.

      5.      The liability of the United States, if any, to Plaintiff must be reduced or barred because of the comparative negligence, contributory negligence, assumption of risk, or other tortious conduct of parties, persons, or entities different from the United States, or that liability was assumed by parties, persons or entities different from the United States.

The United States expressly reserves the right to amend this answer to and assert any additional affirmative defenses to the extent that discovery and the evidence later indicate the grounds to so assert, including, without limitation, failure to mitigate damages.

The United States respectfully requests the Court enter judgment in its favor and dismiss the Complaint with prejudice, together with an award of costs and any other relief deemed just and reasonable.

[*Signature page follows.*]

| | |
|---|---|
| Dated: May 9, 2023 | Respectfully submitted, |

                                          UNITED STATES OF AMERICA

                                          JESSICA D. ABER
                                          United States Attorney

By:    /s/ *Garry D. Hartlieb*
            Garry D. Hartlieb, IL Bar No. 6322571
            Assistant U.S. Attorney
            Office of the United States Attorney
            101 West Main Street, Suite 8000
            Norfolk, Virginia 23510-1671
            Tel: (757) 441-3173
            Fax: (757) 441-6689
            E-mail: garry.hartlieb@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

By:    /s/ *Malinda R. Lawrence*
            Malinda R. Lawrence, ME Bar No. 004351
            Darren E. Myers, NY Admitted
            Trial Attorneys
            United States Department of Justice
            Civil Division, Torts Branch
            Aviation, Space & Admiralty Litigation
            175 N Street, NE, 8th Floor
            Washington, DC 20002
            Tel: (202) 307-0033/(202) 305-8049
            Fax: (202) 616-4002
            E-mail: Malinda.R.Lawrence@usdoj.gov
            E-mail: Darren.E.Myers@usdoj.gov

            *Attorneys for the United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2023, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following counsel of record:

Robert J. Haddad, Esq.
Andrew M. Hendrick, Esq.
RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
Email: rhaddad@srgslaw.com
Email: ahendrick@srgslaw.com
*Counsel for Douglas I. Hornsby, Administrator of the Estate of Cynthia Gary*

Edward J. Powers, Esq.
Dustin M. Paul, Esq.
Allison M. Mentch, Esq.
WOODS ROGERS VANDEVENTER BLACK PLC
101 West Main St., Suite 500
Norfolk, Virginia, 23510
Telephone: 757-446-8600
Fax: 757-446-8670
Email: Edward.Powers@wrvblaw.com
Email: Dustin.Paul@wrvblaw.com
Email: Alli.Mentch@wrvblaw.com
*Attorneys for Defendant, Advanced Integrated Technologies, LLC*

Jason R. Harris, Esq.
CRANFILL SUMNER LLP
5535 Currituck Dr., Suite 210
Post Office Box 1950
Wilmington, NC  28402
Telephone: (910) 777-6000
Fax: (910) 777-6142
Email: jharris@cshlaw.com
*Attorney for Defendant Coastal Mechanical Systems, LLC*

Christopher A. Abel, Esq.
Heather R. Pearson, Esq.
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: 757.628.5500
Facsimile: 757.628.5566
Email: cabel@wilsav.com
Email: hpearson@wilsav.com
*Attorneys for Defendant Harbor Industrial Services, Inc.*

James L. Chapman, IV, Esq.
Alexander R. McDaniel, Esq.
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
Email: jchapman@cwm-law.com
Email: amcdaniel@cwm-law.com
*Attorneys for KD Shipyard Repair, LLC*

Lynn K. Brugh, IV, Esq.
Jack A. Irvin, Esq.
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6461
Facsimile: (804) 420-6507
Email: lbrugh@williamsmullen.com
Email: jirvin@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp. d/b/a General Dynamics NASSCO-Norfolk*

W. Benjamin Woody, Esq.
HARMAN, CLAYTOR, CORRIGAN & WELLMAN
1900 Duke Street, Suite 210
Alexandria, VA 22314
Telephone: (804) 747-5200
Fax: (804) 747-6085
Email: bwoody@hccw.com

Stanley P. Wellman, Esq.
Dannel C. Duddy, Esq.
HARMAN, CLAYTOR, CORRIGAN & WELLMAN
P.O. Box 70280
Richmond, VA 23255
Telephone: (804) 747-5200
Fax: (804) 747-6085
Email: swellman@hccw.com
Email: dduddy@hccw.com
*Attorneys for Defendant CECO Environmental Corporation*

By:  /s/ *Garry D. Hartlieb*
Garry D. Hartlieb, IL Bar No. 6322571
Assistant U.S. Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510-1671
Phone: (757) 441-6331
Fax: (757) 441-6689
Email: garry.hartlieb @usdoj.gov
*Counsel for the United States*