IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DOUGLAS I. HORNSBY, Administrator**
of the Estate of **CYNTHIA GARY,**

      **Plaintiff,**

v.                                                                                                Case No. 2:22cv427

**UNITED STATES of AMERICA,**

      **Defendant**.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT KD SHIPYARD REPAIRS, LLC'S MOTION TO DISMISS

Because the Amended Complaint sufficiently states a claim under Fed. R. Civ. P. 8, Defendant KD Shipyard Repairs, LLC's motion to dismiss should be denied.

### Background

The Amended Complaint seeks damages against Defendant KDSR and others as a result of the injury and death of Cynthia Gary. The cause of action arose on March 15, 2021, when Gary was working onboard the U.S.S McFaul. *Amended Complaint, ECF No. 21, at ¶ 19*. Gary was stationed as "fire watch" on the exterior side of a blow-in door on the McFaul when the blow-in door suddenly and unexpectedly closed, crushing Gary. *ECF No. 21 at ¶¶ 21, 27*.

**Standard of Review**

A 12(b)(6) motion to dismiss should be granted only if the complaint does not contain enough facts to state a claim to relief that is plausible on its face. *Edwards v. Murphy-Brown, L.L.C., 760 F. Supp. 2d 607, 614 (E.D. Va. 2011), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)*. In reviewing the motion, the court assumes the truth of all facts alleged in the complaint and also "the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp., 213 F.3d 175, 180 (4th Cir. 2000)*. A complaint does not need to contain "detailed factual allegations," *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009)*, but only enough that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Edwards, 760 F. Supp. 2d at 614-15, citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*.

The motion must also be viewed together with Fed. R. Civ. P. 8 which requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that the complaint give the defendant "fair notice" of the claim. *Edwards, 760 F. Supp. 2d at 615, citing Twombly, 550 U.S. at 555*. The recitation of facts need not be particularly detailed, and the chance of success need not be particularly high. *Owens v. Baltimore City State's Att'ys Office, 767 F.3d 379, 403 (4th Cir. 2014)*.

Further, "whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will be a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)*. The level of factual details required to state a claim will vary depending on the complexity of the case. *2 Moore's Federal Practice - Civil § 8.04*; *see also Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010)*. Plausibility, at this stage, "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" KDSR's negligence. *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)*.

**I. The Amended Complaint states a claim for negligence against KDSR**

The Plaintiff's claim against KDSR is straightforward, plausible and supported by allegations in the Amended Complaint.

The elements of a claim for negligence are (1) the existence of a duty required by law that obligates a person to conform to a certain standard of conduct to protect others against unreasonable risks of harm; (2) a breach of said duty by engaging in conduct that falls below the applicable standard; (3) a causal connection between the improper conduct and the resulting injury; (4) an actual loss or injury to the plaintiff because of the improper conduct. *Gauthreaux v. United States, 712 F. Supp. 2d 458, 464 (E.D. Va. 2010)*.

Each element has been alleged in the Amended Complaint:

1. <u>Existence of a duty</u>. That a contractor owes a duty of care to a worker on a ship is

well-established. *Norfolk Shipbuilding & Drydock Corp. v. Garris, 532 U.S. 811 (2001)*. The Amended Complaint alleges that KDSR owed Gary such a duty. Specifically, Gary was working on the McFaul under a subcontract, *ECF No. 21 at ¶ 20*; KDSR was also working as a contractor on the McFaul, *ECF No. 21 at ¶ 23;* and KDSR owed a duty of reasonable care to Gary. *ECF No. 21 at ¶ 47*.

2. <u>Breach of duty</u>. The Amended Complaint alleges a breach of duty. Specifically, KDSR was working on the switchboard that controlled the blow-in door, *ECF No. 21 at ¶ 23*, and KDSR, along with other defendants, negligently failed:

   (a) to warn Gary of the dangers of the blow-in door,

   (b) to properly tag-out and secure the blow-in door,

   (c) to ensure that the blow-in door had been properly tagged-out and secured by the crew of the McFaul,

   (d) to ensure that Gary would not be asked to or required to access the interior of the ship through the blow-in door,

   (e) to ensure the switchboard controlling the blow-in door was working properly and would not be activated inadvertently, and

   (f) to use reasonable care to warn Gary or prevent the blow-in door from closing unexpectedly.

*ECF No. 21 at ¶ 48*.

3. <u>A causal connection</u>. The Amended Complaint alleges that as a result of KDSR's and others' negligence, the blow-in door suddently and unexpectedly closed and crushed

Gary to death. *ECF No. 21 at ¶¶ 27, 49*.

4. <u>Actual loss or injury to the plaintiff</u>. The Plaintiff alleges that Gary was crushed by the blow-in door, causing her serious injury and death. *ECF No. 21 at ¶ 49*.

These allegations are sufficient to support a facially plausible claim that KDSR's negligence caused the blow-in door to suddenly close and crush Gary. *See Old Republic Ins. Co. v. Spring Menders, Inc., 2011 U.S. Dist. LEXIS 75976, at \*13 (E.D. Va. July 13, 2011)*(allegation that defendant "negligently failed to properly and/or safely perform its work, and/or to safely operate and maintain its premises" was sufficient); *Manchanda v. Hays Worldwide LLC, 2014 U.S. Dist. LEXIS 174297, at \*11 (E.D. Va. Dec. 17, 2014)*(finding negligence allegations sufficient).

**II. KDSR can be jointly and severally liable.**

KDSR's objection to joint and several liability is based only on its argument that the Amended Complaint fails to state a claim against it. Because the Amended Complaint does state a claim, as explained above, the claim for joint and several liability is also sufficient.

### III. The Virginia wrongful death claim is not preempted.

The Plaintiff's wrongful death claim is not based on unseaworthiness under *Moragne v. States Marine Lines, Inc., 398 U.S. 375 (1970)*, but is based instead on negligence under *Norfolk Shipbuilding & Drydock Corp. v. Garris, 532 U.S. 811 (2001)*.

The cases cited by KDSR for the proposition that *Morgane* preempts state law wrongful death claims are not on point. The plaintiff in *Gonzalez v. M/V Destiny, 2002 U.S. Dist. LEXIS 29736 (S.D. Fla. Sep. 30, 2002)* was a seaman who brought a Jones Act claim and an unseaworthiness wrongful death claim. Likewise, *In re S/S Helena, 529 F.2d 744 (5th Cir. 1976)* was a claim by seamen against a vessel. Gary was not a seaman.

The plaintiff in *In re MS "Madeleine" Schiffahrtsgesellschaft mbH & Co., KB, 2009 U.S. Dist. LEXIS 101465 (S.D. Fla. June 8, 2009)*, was a longshoreman, but the case was brought against the vessel, and thus all claims other than those under the Longshore and Harbor Workers' Compensation Act (LHWCA) were preemepted under *33 U.S.C. § 905(b). Id. at *15; see also Garris, 532 U.S. at 818.*

Here, KDSR was neither Gary's employer nor the owner of the McFaul. Claims against third parties such as KDSR, including state law claims, are expressly preserved in the LHWCA. *33 U.S.C. § 933(a); Garris, 532 U.S. at 818-19* (the LHWCA "expressly preserves all claims against third parties . . . [a]nd petitioner is a third party: It neither employed respondent's son nor owned the vessel on which he was killed.")

Accordingly, the Plaintiff's Virginia wrongful death claim against KDSR is not

preempted. But even if a substantive claim under Virginia's wrongful death statute was preempted, Virginia law would still apply for the purposes of determining damages. *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 216 (1996); *Barnett v. United States*, 2023 U.S. Dist. LEXIS 6200, at *23 (D.S.C. Jan. 10, 2023).

## Conclusion

Because the Amended Complaint properly states a claim against Defendant KDSR, the Plaintiff respectfully requests that motion to dismiss be denied, and that this case be allowed to proceed to a trial on the merits.

Respectfully submitted,
**DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY**

By: \_\_\_\_/s/ Andrew M. Hendrick_____
Robert J. Haddad, Esq.
VSB No. 22298
Andrew M. Hendrick, Esq.
VSB No. 42852
Attorneys for Plaintiff
RULOFF, SWAIN, HADDAD, MORECOCK,
 TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
rhaddad@srgslaw.com
ahendrick@srgslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Garry D. Hartlieb, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510-1671
garry.hartlieb@usdoj.gov
*Attorney for Defendant United States*

Malinda R. Lawrence, Esq.
Darren E. Myers, Esq.
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
175 N Street, NE, 8th Floor
Washington, DC 20002
Malinda.R.Lawrence@usdoj.gov
Darren.E.Myers@usdoj.gov
*Attorneys for Defendant United States*

John Arch Irvin, Esq.
Lynn Kanaga Brugh , IV, Esq.
Williams Mullen
200 South 10th Street
Suite 1600
Richmond, VA 23219
804-420-6140
jirvin@williamsmullen.com
lbrugh@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp. doing business as General Dynamics NASSCO-Norfolk*

Christopher Alan Abel, Esq.
Willcox & Savage PC
Wells Fargo Center
440 Monticello Ave, Suite 2200
Norfolk, VA 23510
(757) 628-5547
Fax: (757) 625-5566
cabel@wilsav.com
*Attorney for Defendant Harbor Industrial Services, Inc.*

Jason R Harris, Esq.
Cranfill Sumner, LLP
PO Box 1950
Wilmington, NC 28402
910-524-9510
Fax: 910-777-6111
jharris@cshlaw.com
*Attorney for Defendant Coastal Mechanical Systems, LLC*

Edward James Powers, Esq.
Dustin Mitchell Paul, Esq.
Allison M. Mentch, Esq.
Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
757-446-8600
Ed.Powers@wrvblaw.com
Dustin.Paul@wrvblaw.com
alli.mentch@wrvblaw.com
*Attorneys for Defendant Advanced Integrated Technologies, LLC*

James L. Chapman , IV, Esq.
Alexander Ryan McDaniel, Esq.
Crenshaw, Ware & Martin, P.L.C.
150 West Main Street
Suite 1923
Norfolk, VA 25310
757-623-3000
jchapman@cwm-law.com
amcdaniel@cwm-law.com
*Attorneys for Defendant KD Shipyard Repairs, LLC*

William Benjamin Woody, Esq.
Harman Claytor Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, VA 22314
703-544-2320
Fax: 804-747-6085
bwoody@hccw.com
*Attorney for Defendant CECO Environmental Corp.*

Dannel Charles Duddy, Esq.
Stanley Paul Wellman, Esq.
Harman Claytor Corrigan & Wellman
PO Box 70280
Richmond, VA 23255
804-622-1107
Fax: 804-747-6085
dduddy@hccw.com
swellman@hccw.com
*Attorneys for Defendant CECO Environmental Corp.*

 /s/ Andrew M. Hendrick
Robert J. Haddad, Esq.
VSB No. 22298
Andrew M. Hendrick, Esq.
VSB No. 42852
*Attorneys for Plaintiff*
RULOFF, SWAIN, HADDAD, MORECOCK,
  TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone:  (757) 671-6036
Facsimile: (757) 671-6004
rhaddad@srgslaw.com
ahendrick@srgslaw.com