IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY,<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA, METRO MACHINE CORP., d/b/a GENERAL DYNAMICS NASSCO-NORFOLK, HARBOR INDUSTRIAL SERVICES, INC., *et al.*<br><br>**Defendants.** | Civil No: 2:22-cv-427-RBS-LRL |

**REPLY OF KD SHIPYARD REPAIRS, LLC TO
<u>PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS</u>**

Defendant KD Shipyard Repairs, LLC ("KDSR"), by counsel, for its Reply to Plaintiff's Brief in Opposition to KDSR's Motion to Dismiss the Amended Complaint, states as follows:

<u>Introduction</u>

Plaintiff's brief in opposition to the Motion to Dismiss fails to provide any substantive response to KDSR's contention that the Amended Complaint fails to state a claim against KDSR. Instead, it merely repeats the inadequate allegations of its Amended Complaint, offering no explanation of how KDSR is apprised of the claims against it.

Reciting the elements of a maritime negligence claim and a Virginia Wrongful Death Act claim without alleging facts to support them is not sufficient, even under the liberal pleading standards of the Rules of Civil Procedure. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."). For the reasons below and in KDSR's brief in support of its Motion to Dismiss (ECF

55), the Amended Complaint must be dismissed.

## Legal Standard

Plaintiff concedes that the legal standard for a Rule 12(b)(6) motion is whether the factual allegations of the Amended Complaint state a claim for relief that is plausible on its face, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *Edwards v. Murphy-Brown, LLC*, 760 F. Supp. 2d 607, 614 (E.D. Va. 2011), and other cases.

Plaintiff ignores that the Court must analyze the factual allegations in the Amended Complaint, not whether the legal elements of a claim have been alleged. *Ashcroft*, 556 U.S. at 681 (holding that formulaic recitations of the elements of a claim are conclusory allegations and not assumed to be true); s*ee also* 2 Moore's Federal Practice - Civil § 8.04[f] ("Mere Recitals of Elements of Claim Will Not Establish 'Plausibility'") (cited by Plaintiff).

Plaintiff argues that the federal rules only require a short and plain statement that gives the defendant fair notice of the claim, and that survivability on a Rule 12(b)(6) motion is context-specific that will rely on the complexity of each case. ECF 66 at 2-3. However, *Ashcroft* requires that a complaint must contain enough facts to be plausible on its face. 556 U.S. at 678. The Supreme Court elaborated on the plausibility standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but *it asks for more than a sheer possibility that a defendant has acted unlawfully*. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id*. (emphasis added; internal quotations and citations omitted).

This is unquestionably a complex case. The Amended Complaint alleges claims against seven defendants, including the vessel owner, a product manufacturer, the prime contractor and

2

four subcontractors. Differing theories of liability are alleged, all culminating to cause the injury and death of Plaintiff's decedent in such a way as to create joint and several liability. As explained below, the Amended Complaint fails to allege facts about KDSR's liability that go beyond "the line between possibility and plausibility" as required by *Ashcroft* and must be dismissed.

### Amended Complaint

The facts alleged in the Amended Complaint (as opposed to the legal conclusions) are as follows:

1. Plaintiff's decedent was employed by a non-party staffing entity and was assigned to work for defendant Harbor International Services, which was in turn working under a subcontract with Coastal Mechanical Systems. ECF 21 at ¶¶ 18-20.

2. Advanced Integrated Technologies was responsible for requesting a 'tag-out' of the blow-in door in the open position. *Id*. At ¶ 22.

3. KDSR was a subcontractor working on the switchboard that controlled the blow-in door. *Id*. at ¶ 23.

4. The prime contractor, NASSCO, was responsible for the safety of all work on the ship. *Id*. at ¶ 24.

5. The blow-in door was not properly tagged out, was not disconnected from potential sources of energy that could cause it to close suddenly, and was not otherwise secured to prevent it from closing. *Id*. at ¶ 25. It is not averred in Paragraph 25 of the Amended Complaint which defendant or defendants committed these acts or omissions but it is later alleged that the United States, by the ship's crew, maintained active control over the blow-in door and the related power systems used to operate the door but failed to properly tag-out and secure the blow-in door, failed to warn Gary of this hazardous condition and failed to intervene knowing of this unsafe condition. *Id*. at ¶¶ 32, 33,

37, 38, 42, 43 and 44.

6. The control switch for the blow-in door, located in the McFaul's engine room, was defective because required safety features on the switch did not function. *Id*. at ¶ 26. It is not averred in Paragraph 26 of the Amended Complaint which defendant or defendants were responsible for this defect, but it is later alleged that CECO Environmental Corp. manufactured the blow-in door and that the blow-in door was unreasonably dangerous in that there was no mechanism that allowed the blow-in door to be completely removed from power sources so that it could not close; there was no mechanism by which the blow-in door could be locked in the open position during repairs; there was no mechanism that would prevent the blow-in door from closing when it was obstructed by an object, such as a human body; there was no mechanism to prevent a person from passing through the blow-in door when open; and there was otherwise no mechanism that would prevent the blow-in door from suddenly and unexpectedly closing. *Id*. at ¶¶ 52, 55. It is further alleged that CECO knew of these unreasonably dangerous conditions and failed to warn Gary of them. *Id*. at ¶¶ 60, 61.

### Argument

**I.  The Amended Complaint fails to state a claim against KDSR.**

In its opposition, Plaintiff argues that the Amended Complaint alleges facts supporting the existence of a legal duty, a breach of that duty, and a causal connection to Gary's injuries.  ECF 66 at 3-5.  Plaintiff's premise—that KDSR worked on the switchboard that controlled the blow-in door and is therefore liable for Gary's injuries—does not rise to the level of- plausibility, no matter how many times it is repeated.

With respect to the existence of a legal duty, Plaintiff absurdly argues that every maritime

contractor owes every maritime worker a duty of care, citing *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811 (2001). That is not the holding of *Garris*. Rather, *Garris* judicially fashioned a general maritime wrongful death remedy for longshoremen killed in the territorial waters of the United States. *Id*. at 820 ("The cause of action we recognize today, however, is new only in the most technical sense. The general maritime law has recognized the tort of negligence for more than a century, and it has been clear since *Moragne* that breaches of a maritime duty are actionable when they cause death, as when they cause injury.").

The applicable standard of review under Rule 12(b)(6) requires that the factual allegations must support each element of the claim for relief, including the existence of the legal duty. *Ashcroft*, 556 U.S. at 678. However, the only factual underpinning proffered by Plaintiff to support the existence of a legal duty owed to Gary by KDSR is that: "Gary was working on the McFaul under a subcontract, ECF No. 21 at ¶ 20; KDSR was also working as a contractor on the McFaul, ECF No. 21 at ¶ 23" (ECF 66, p. 4). These two allegations utterly fail to give KDSR fair notice of any legal duty it owed to Gary. *See Wenzel v. Knight*, U.S. Dist. LEXIS 70536, at *33-34 (E.D. Va. June 1, 2015) ("The existence of a duty is a question of law. For that reason, a complaint alleging negligence cannot simply conclude the existence of a duty in order to satisfy that element of the claim. The complaint must include factual statements that sufficiently support the existence of the duty that the defendant owed to the plaintiff.") (citations omitted). Plaintiff cannot merely aver the existence of a duty based on nothing more than the allegation that KDSR was a subcontractor on the *McFaul*.

Even assuming for the sake of argument that the Amended Complaint alleges facts to show that KDSR owed a legal duty to Gary, it fails to allege facts to show breach of duty by KDSR. Instead, Plaintiff points to the conclusory allegation that NASSCO, KDSR, and the other

subcontractor defendants collectively breached various alleged duties owed to the decedent, none of which are specified as applicable to KDSR. ECF 66 at 4. "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

Plaintiff's argument on the element of causation fares no better. Once again, Plaintiff points to its catch-all allegation lumping together NASSCO and all the subcontractor defendants that the collective breach by them of a laundry list of duties somehow caused the decedent's injuries, making them jointly and severally liable. ECF 66 at 4-5.

In sum, Plaintiff has not alleged facts that "give [KDSR] fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570. The Amended Complaint is devoid of factual allegations that demonstrate a plausible claim against KDSR. *Ashcroft*, 556 U.S. at 678. Even if Plaintiff has managed to allege facts to support negligence claims against other defendants, the Amended Complaint fails to do so against KDSR and must be dismissed.

**II.      Federal maritime law preempts Virginia's Wrongful Death Statute.**

While the Virginia wrongful death claim against KDSR is likewise devoid of facts to support it, there is an additional reason to dismiss it: the general maritime law preempts it.

Plaintiff alleges that the wrongful death claim is not based on unseaworthiness, but on negligence, citing *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811 (2001), and that the LHWCA, 33 U.S.C. § 933(a), preserves negligence claims against third parties, thereby permitting a claim for wrongful death under state law. ECF 66 at 6. Plaintiff's argument misses the point. Under *Moragne v. States Marine Lines*, 398 U.S. 375 (1970), claims for wrongful death of a seafarer under the general maritime law preempt state law wrongful death remedies:

> Our recognition of a right to recover for wrongful death under general maritime law will assure uniform vindication of federal policies, removing the tensions and discrepancies that have resulted from the necessity to accommodate state remedial statutes to exclusively maritime substantive concepts. Such uniformity not only

6

> will further the concerns of both of the 1920 Acts [the Jones Act and the Death on the High Seas Act] but also will give effect to the constitutionally based principle that federal admiralty law should be "a system of law coextensive with, and operating uniformly in, the whole country."

398 U.S. at 401-402 (citations omitted).

When the Supreme Court extended the *Moragne* wrongful death action for harbor workers killed in territorial waters in *Garris*, it did not alter *Moragne's* holding that wrongful death actions under maritime law (alleging either unseaworthiness or negligence) preempt state law wrongful death remedies. *Garris*, 532 U.S. at 819-20 ("The maritime cause of action that *Moragne* established for unseaworthiness is equally available for negligence."). Thus, when the *Garris* Court extended *Moragne* to permit an action for the wrongful death of a harbor worker (such as Gary), it necessarily extended *Moragne's* preemption of state law wrongful death remedies. *Id*.

It matters not whether the decedent was a seaman or a longshoreman. In either case, state law remedies are preempted. Thus, Plaintiff's efforts to distinguish the cases cited by KDSR in its opening brief are misplaced. The only situation in which state law wrongful death remedies are available for deaths occurring upon the navigable waters are those involving non-seafarers. *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 206 (1996) (holding that state law remedies were available for the death of a recreational jet ski operator in navigable waters). *See also In re Vulcan Materials*, 674 F. Supp. 2d 756, 769-70 (E.D. Va. 2009) (non-seafarer entitled to recover damages under Virginia wrongful death statute). Because Gary was a seafarer (harbor worker), *Calhoun* is inapposite and Plaintiff's only remedies for Gary's death are those available under federal maritime law. The state law wrongful death claim alleged in Count VIII is preempted and must be dismissed.

**Conclusion**

For the foregoing reasons, KDSR respectfully requests for the entry of an order dismissing the Amended Complaint with prejudice and granting it all other just relief.

Dated: May 18, 2023                                     KD SHIPYARD REPAIRS, LLC


By: _____/s/ *James L. Chapman, IV*_____
James L. Chapman, IV, VSB No. 21983
Alexander R. McDaniel, VSB No. 92398
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
amcdaniel@cwm-law.com
*Attorneys for KD Shipyard Repair, LLC*


**CERTIFICATE OF SERVICE**

I certify that on this 18th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of Electronic Filing" to all counsel of record who have consented to electronic service.

_____/s/ *James L. Chapman, IV*_____
James L. Chapman, IV, VSB No. 21983
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com