IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS I. HORNSBY, Administrator
of the Estate of CYNTHIA GARY,

      Plaintiff,

v.                                                           Case No. 2:22cv427

UNITED STATES of AMERICA,

      Defendant.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT COASTAL MECHANICAL SYSTEMS, LLC'S MOTION TO DISMISS**

Because the Amended Complaint sufficiently states a claim under Fed. R. Civ. P. 8, Defendant Coastal Mechanical Systems, LLC's motion to dismiss should be denied.[1]

**Background**

The Amended Complaint seeks damages against Defendant Coastal and others as a result of the injury and death of Cynthia Gary. The cause of action arose on March 15, 2021, when Gary was working onboard the U.S.S McFaul. *Amended Complaint, ECF No. 21, at ¶ 19*. Gary was stationed as "fire watch" on the exterior side of a blow-in door on the McFaul when the blow-in door suddenly and unexpectedly closed, crushing Gary. *ECF No. 21 at ¶¶ 21, 27*.

---

[1] Coastal did not file a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), but filed a brief in support of its "First Motion to Dismiss" as "pleaded in its second affirmative defense." Plaintiff responds to the brief as if a motion had been filed.

## **Standard of Review**

A 12(b)(6) motion to dismiss should be granted only if the complaint does not contain enough facts to state a claim to relief that is plausible on its face. *Edwards v. Murphy-Brown, L.L.C., 760 F. Supp. 2d 607, 614 (E.D. Va. 2011), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)*. In reviewing the motion, the court assumes the truth of all facts alleged in the complaint and also "the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp., 213 F.3d 175, 180 (4th Cir. 2000)*. A complaint does not need to contain "detailed factual allegations," *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009)*, but only enough that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Edwards, 760 F. Supp. 2d at 614-15, citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)*.

The motion must also be viewed together with Fed. R. Civ. P. 8 which requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that the complaint give the defendant "fair notice" of the claim. *Edwards, 760 F. Supp. 2d at 615, citing Twombly, 550 U.S. at 555*. The recitation of facts need not be particularly detailed, and the chance of success need not be particularly high. *Owens v. Baltimore City State's Att'ys Office, 767 F.3d 379, 403 (4th Cir. 2014)*.

Further, "whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)*. The level of factual details required to state a claim will vary depending on the complexity of the case. *2 Moore's Federal Practice - Civil § 8.04*; *see also Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010)*. Plausibility, at this stage, "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" Coastal's negligence. *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)*.

### The Amended Complaint States a Claim for Negligence Against Coastal

The Plaintiff's claim against Coastal is straightforward, plausible and supported by allegations in the Amended Complaint.

The elements of a claim for negligence are (1) the existence of a duty required by law that obligates a person to conform to a certain standard of conduct to protect others against unreasonable risks of harm; (2) a breach of said duty by engaging in conduct that falls below the applicable standard; (3) a causal connection between the improper conduct and the resulting injury, and (4) an actual loss or injury to the plaintiff because of the improper conduct. *Gauthreaux v. United States, 712 F. Supp. 2d 458, 464 (E.D. Va. 2010)*.

Each element has been alleged in the Amended Complaint:

1. <u>Existence of a duty</u>. That a contractor owes a duty of care to a worker on a ship is well-established. *Norfolk Shipbuilding & Drydock Corp. v. Garris, 532 U.S. 811 (2001)*. The Amended Complaint alleges that Coastal owed Gary such a duty. Specifically, Coastal was a contractor responsible for all or part of the work on the McFaul, *ECF No. 21 at ¶ 7;* Gary was working on the McFaul under a subcontract with Coastal, *ECF No. 21 at ¶ 20*; and Coastal owed a duty of reasonable care to Gary. *ECF No. 21 at ¶ 47*.

2. <u>Breach of duty</u>. The Amended Complaint alleges a breach of duty. Specifically, Coastal was responsible for all or part of the work in which Gary was engaged, *ECF No. 21 at ¶ 7*, and Coastal, along with other defendants, negligently failed:

   (a) to warn Gary of the dangers of the blow-in door,

   (b) to properly tag-out and secure the blow-in door,

   (c) to ensure that the blow-in door had been properly tagged-out and secured by the crew of the McFaul,

   (d) to ensure that Gary would not be asked to or required to access the interior of the ship through the blow-in door,

   (e) to ensure the switchboard controlling the blow-in door was working properly and would not be activated inadvertently, and

   (f) to use reasonable care to warn Gary or prevent the blow-in door from closing unexpectedly.

*ECF No. 21 at ¶ 48.*

3.      A causal connection. The Amended Complaint alleges that as a result of Coastal's and others' negligence, the blow-in door suddenly and unexpectedly closed and crushed Gary to death. *ECF No. 21 at ¶¶ 27, 49*.

4.      Actual loss or injury to the plaintiff. The Plaintiff alleges that Gary was crushed by the blow-in door, causing her serious injury and death. *ECF No. 21 at ¶ 49*.

These allegations are sufficient to support a facially plausible claim that Coastal's negligence caused the blow-in door to suddenly close and crush Gary. *See, Old Republic Ins. Co. v. Spring Menders, Inc., 2011 U.S. Dist. LEXIS 75976, at *13 (E.D. Va. July 13, 2011)*(allegation that defendant "negligently failed to properly and/or safely perform its work, and/or to safely operate and maintain its premises" was sufficient); *Manchanda v. Hays Worldwide LLC, 2014 U.S. Dist. LEXIS 174297, at *11 (E.D. Va. Dec. 17, 2014)*(finding negligence allegations sufficient).

## Conclusion

Because the Amended Complaint properly states a claim against Defendant Coastal, the Plaintiff respectfully requests that motion to dismiss be denied, and that this case be allowed to proceed to a trial on the merits.

Respectfully submitted,

**DOUGLAS I. HORNSBY, Administrator
of the Estate of CYNTHIA GARY**

By:      /s/ Andrew M. Hendrick

        Robert J. Haddad, Esq.
        VSB No. 22298
        Andrew M. Hendrick, Esq.
        VSB No. 42852
        Attorneys for Plaintiff
        RULOFF, SWAIN, HADDAD, MORECOCK,
          TALBERT & WOODWARD, P.C.
        317 30th Street
        Virginia Beach, VA 23451
        Telephone:  (757) 671-6036
        Facsimile: (757) 671-6004
        rhaddad@srgslaw.com
        ahendrick@srgslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Garry D. Hartlieb, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510-1671
garry.hartlieb@usdoj.gov
*Attorney for Defendant United States*

Malinda R. Lawrence, Esq.
Darren E. Myers, Esq.
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
175 N Street, NE, 8th Floor
Washington, DC 20002
Malinda.R.Lawrence@usdoj.gov
Darren.E.Myers@usdoj.gov
*Attorneys for Defendant United States*

John Arch Irvin, Esq.
Lynn Kanaga Brugh , IV, Esq.
Williams Mullen
200 South 10th Street
Suite 1600
Richmond, VA 23219
804-420-6140
jirvin@williamsmullen.com
lbrugh@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp. doing business as General Dynamics NASSCO-Norfolk*

Christopher Alan Abel, Esq.
Willcox & Savage PC
Wells Fargo Center
440 Monticello Ave, Suite 2200
Norfolk, VA 23510
(757) 628-5547
Fax: (757) 625-5566
cabel@wilsav.com
*Attorney for Defendant Harbor Industrial Services, Inc.*

Jason R Harris, Esq.
Cranfill Sumner, LLP
PO Box 1950
Wilmington, NC 28402
910-524-9510
Fax: 910-777-6111
jharris@cshlaw.com
*Attorney for Defendant Coastal Mechanical Systems, LLC*

Edward James Powers, Esq.
Dustin Mitchell Paul, Esq.
Allison M. Mentch, Esq.
Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
757-446-8600
Ed.Powers@wrvblaw.com
Dustin.Paul@wrvblaw.com
alli.mentch@wrvblaw.com
*Attorneys for Defendant Advanced Integrated Technologies, LLC*

| | |
|---|---|
| James L. Chapman , IV, Esq.<br>Alexander Ryan McDaniel, Esq.<br>Crenshaw, Ware & Martin, P.L.C.<br>150 West Main Street<br>Suite 1923<br>Norfolk, VA 25310<br>757-623-3000<br>jchapman@cwm-law.com<br>amcdaniel@cwm-law.com<br>*Attorneys for Defendant KD Shipyard Repairs, LLC* | William Benjamin Woody, Esq.<br>Harman Claytor Corrigan & Wellman<br>1900 Duke Street, Suite 210<br>Alexandria, VA 22314<br>703-544-2320<br>Fax: 804-747-6085<br>bwoody@hccw.com<br>*Attorney for Defendant CECO Environmental Corp.*<br><br>Dannel Charles Duddy, Esq.<br>Stanley Paul Wellman, Esq.<br>Harman Claytor Corrigan & Wellman<br>PO Box 70280<br>Richmond, VA 23255<br>804-622-1107<br>Fax: 804-747-6085<br>dduddy@hccw.com<br>swellman@hccw.com<br>*Attorneys for Defendant CECO Environmental Corp.* |

   /s/ Andrew M. Hendrick
Robert J. Haddad, Esq.
VSB No. 22298
Andrew M. Hendrick, Esq.
VSB No. 42852
*Attorneys for Plaintiff*
RULOFF, SWAIN, HADDAD, MORECOCK,
  TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone:  (757) 671-6036
Facsimile: (757) 671-6004
rhaddad@srgslaw.com
ahendrick@srgslaw.com

Page 8 of  8