# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES of AMERICA, <br><br> METRO MACHINE CORP., d/b/a GENERAL DYNAMICS NASSCO-NORFOLK, <br><br> HARBOR INDUSTRIAL SERVICES, INC., <br><br> COASTAL MECHANICAL SYSTEMS, LLC, <br><br> ADVANCED INTEGRATED TECHNOLOGIES, LLC, <br><br> KD SHIPYARD REPAIRS, LLC, <br><br> And <br><br> CECO ENVIRONMENTAL CORP., <br><br> Defendants. | **CIVIL ACTION NO. 2:22-CV-427** |

## COASTAL MECHANICAL SYSTEMS, LLC'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS

**NOW COMES** Defendant Coastal Mechanical Systems, LLC, ("Coastal") by and through undersigned counsel in Reply to Plaintiff's Brief in Opposition to Coastal's Motion to Dismiss, and states as follows:

Plaintiff has failed to allege a plausible claim against Coastal since the Amended Complaint does not allege Coastal is Plaintiff's employer (which would equate to immunity under the Longshore Harbor Workers Compensation Act), there is no factual allegation sufficient to impose directly, or by imputation, liability upon Coastal. Plaintiff's memorandum opposing Coastal's Motion to Dismiss [DE 68] merely repeats the inadequate allegations of the Amended Complaint.

The Amended Complaint alleges Plaintiff's decedent was an employee of a non-party, fails to allege facts to provide a reasonable inference that that there was an agency or master-servant relationship, or that Coastal may be liable, by imputation or by its own independent actions, for any misconduct. *See Iqbal*, 556 U.S. at 678. The Court and Coastal need not be left to guess at potential facts that may or may not exist, nor allow Plaintiff to engage in a fishing expedition to attempt to derive a theory of potential liability.

Courts sitting in admiralty may apply state tort law dealing with a respondeat superior issue. *See Baggett v. Richardson,* 473 F.2d 863 (5th Cir. 1973) (state tort law dealing with assault and battery and respondeat superior applied in admiralty action). In Virginia, it is clear that a contractor is not liable for the acts of a subcontractor absent an agency or master-servant relationship. *See McDonald v. Hampton Training Sch. for Nurses,* 254 Va. 79, 81, 486 S.E.2d 299, 300–01 (1997) ("in Virginia, the doctrine of *respondeat superior* imposes tort liability on an employer for the negligent acts of its employees, *i.e.,* its servants, but not for the negligent acts of an independent contractor); *see also Norfolk & W. Ry. Co. v. Johnson,* 207 Va. 980, 983, 154 S.E.2d 134, 137 (1967); *Smith v. Grenadier,* 203 Va. 740, 747, 127 S.E.2d 107, 112 (1962); *Griffith v. Electrolux Corp.,* 176 Va. 378, 387, 11 S.E.2d 644, 648 (1940); Restatement (Second) of Torts § 409 ("the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants"); Restatement (Second) of

Agency § 250 (liability does not pass to "[a] principal ... for physical harm caused by the negligent physical conduct of a non-servant agent during the performance of the principal's business, if he neither intended nor authorized the result nor the manner of performance, unless he was under a duty to have the act performed with due care"). Allegations under a theory of respondeat superior are only proper as against an employee's employer. *Carter v. Dominion Energy, Inc.*, 529 F. Supp. 3d 525, 538 (W.D. Va. 2021). In *Carter,* the employee of a subcontractor attempted to sue the contractor that directly hired the subcontractor; the subcontractor employed the welder-plaintiff and assigned the welder-plaintiff to work on the contractor's job sites. The employing contractor determined what jobs the subcontractor would do on the site. The welder-plaintiff then tried to sue the contractor under a respondeat superior theory. *Id.* at 529-531. The court found that a subcontractor's employee could not sue the entity that hired the subcontractor under a respondeat superior claim because "under respondeat superior, a prerequisite for liability is an employer-employee relationship. As it stands, the amended complaint alleges that Dykes is an employee of Frenzelit, not Dominion/VEPCO." *Id.* at 538.

The facts of *Carter* are very similar to those alleged in Plaintiff's Amended Complaint here. Plaintiff alleges decedent's immediate employer, Blue Staffing Agency, who is not a party to this action, assigned the decedent to work on the USS McFaul with co-defendant Harbor Industrial Services, Inc. ("Harbor"). DE 21 at ¶¶18, 19. Harbor is alleged to be a subcontractor of Coastal. DE 21 at ¶ 20. There is no factual predicate to suggest that Coastal had any of the duties identified in Paragraphs 7 and 48 of the Amended Complaint. The Amended Complaint alleges Plaintiff's decedent was an employee of a non-party, not Coastal, and fails to allege facts to provide a reasonable inference that that there was an agency or master-servant relationship, or that Coastal

may be liable, by imputation or by its own independent actions, for any misconduct. *See Iqbal*, 556 U.S. at 678.

## Conclusion

For the reasons stated herein and in DE 59, Coastal respectfully requests this Court enter an order under Federal Rule of Civil Procedure 12(b)(6), dismissing all claims against Coastal with prejudice, or, in the alternative, directing Plaintiff to amend its Amended Complaint to state a plausible claim for relief, including factual allegations that support a basis for either independent or imputed liability, and any such further relief as may be just and proper.

Respectfully submitted this the 23rd day of May, 2023.

**CRANFILL SUMNER LLP**

By: /s/ Jason R. Harris_____
JASON R. HARRIS
V.A. Bar No. 96594
5535 Currituck Drive, Suite 210
P.O. Box 1950
Wilmington, NC 28402
Telephone (910) 777- 6000
Facsimile (910) 777 – 6111
Email: jharris@cshlaw.com
*Attorneys for Defendant Coastal Mechanical Systems, LLC*

CERTIFICATE OF SERVICE

    I hereby certify that on this date, I electronically filed the foregoing document *Coastal Mechanical Systems, LLC's Brief in Reply to Plaintiff's Response in Opposition to Motion to Dismiss* with the Clerk of the Court using CM/ECF system which will send notification of such filing to all counsel of record.

This the 23rd day of May, 2023.

                                              CRANFILL SUMNER LLP
                                              By:    /s/ Jason R. Harris_____
                                                      Jason R. Harris