IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS I. HORNSBY,
ADMINISTRATOR OF THE ESTATE OF
CYNTHIA GARY,

   Plaintiff,

v.                                                       Case No. 2:22-cv-00427-RBS-LRL

UNITED STATES OF AMERICA, *et al.*,

   Defendants.

### DEFENDANT CECO ENVIRONMENTAL CORPORATION'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

     CECO Environmental Corporation, by counsel, submits the following Answer to Plaintiff's Amended Complaint (ECF No. 21) (hereinafter "Complaint"):

     1.     CECO admits that the USS McFAUL was on the navigable waters of the United States in Norfolk, Virginia on March 15, 2021. The remainder of Paragraph 1 contains a characterization of this suit for which no response is required.

     2.     CECO admits that Cynthia Gary died on March 15, 2021, while working aboard the USS McFAUL as a harbor worker within the meaning of the Longshore and Harbor Workers' Compensation Act. CECO has insufficient information to admit or deny the remainder of Paragraph 2.

     3.     CECO has insufficient information to admit or deny the allegations in Paragraph 3

     4.     CECO admits the allegations in Paragraph 4.

     5.     CECO lacks sufficient information to truthfully admit or deny the allegations in Paragraph 5 and, therefore, denies them.

     6.     CECO has insufficient information to admit or deny the allegations in Paragraph 6

7. CECO has insufficient information to admit or deny the allegations in Paragraph 7

8. CECO has insufficient information to admit or deny the allegations in Paragraph 8

9. CECO has insufficient information to admit or deny the allegations in Paragraph 9

10. As to the allegations contained in Paragraph 10, CECO admits Defendant CECO Environmental Corp. ("CECO") is a Delaware corporation with its principal office in Dallas, Texas. CECO also admits that it is the manufacturer of the mechanism generally referred to herein as the 'blow-in door' located on the USS McFaul at the time of Cynthia Gary's death. CECO lacks sufficient information to truthfully admit or deny the allegation that Gary's death was 'caused,' in whole or in part, by the 'blow-in door' as alleged in Paragraph 10 and, therefore, denies it.

11. Paragraph 11 contains conclusions of law to which no response is required.

12. Paragraph 12 contains conclusions of law to which no response is required.

13. Paragraph 13 contains conclusions of law to which no response is required.

14. Paragraph 14 contains conclusions of law to which no response is required.

15. CECO has insufficient information to admit or deny the allegations in Paragraph 15.

16. CECO has insufficient information to admit or deny the allegations in Paragraph 16.

17. Paragraph 17 contains conclusions of law to which no response is required.

18. CECO has insufficient information to admit or deny the allegations in Paragraph 18.

19. CECO has insufficient information to admit or deny the allegations in Paragraph 19.

20. CECO has insufficient information to admit or deny the allegations in Paragraph 20.

21. CECO has insufficient information to admit or deny the allegations in Paragraph 21.

22. CECO has insufficient information to admit or deny the allegations in Paragraph 22.

23. CECO has insufficient information to admit or deny the allegations in Paragraph 23.

24. CECO has insufficient information to admit or deny the allegations in Paragraph 24.

25. CECO has insufficient information to admit or deny the allegations in Paragraph 25.

26. CECO denies the allegations in Paragraph 26.

27. CECO has insufficient information to admit or deny the allegations in Paragraph 27.

28. CECO has insufficient information to admit or deny the allegations in Paragraph 28.

29. With respect to Paragraph 29 of the Complaint, CECO reincorporates its responses to paragraphs 1–28.

30. Paragraph 30 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

31. Paragraph 31 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

32. Paragraph 32 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

33. Paragraph 33 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

34. Paragraph 34 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

35. With respect to Paragraph 35 of the Complaint, CECO reincorporates its responses to paragraphs 1–34.

36. Paragraph 36 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

37. Paragraph 37 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

38. Paragraph 38 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

39. Paragraph 39 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

40. With respect to Paragraph 40 of the Complaint, CECO reincorporates its responses to paragraphs 1–39.

41. Paragraph 41 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

42. Paragraph 42 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

43. Paragraph 43 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

44. Paragraph 44 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

45. Paragraph 45 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

46. With respect to Paragraph 46 of the Complaint, CECO reincorporates its responses to paragraphs 1–45.

47. Paragraph 47 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

48. Paragraph 48 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

49. Paragraph 49 of the Complaint contains allegations as to another defendant which do not call for a response from CECO.

50. With respect to Paragraph 50 of the Complaint, CECO reincorporates its responses to paragraphs 1–49.

51. CECO denies the allegations in Paragraph 51.

52. Paragraph 52 of the Complaint asserts conclusions of law to which no response is required.

53. Paragraph 53 of the Complaint asserts conclusions of law to which no response is required.

54. CECO denies the allegations in Paragraph 54.

55. CECO denies the allegations in Paragraph 55.

56. CECO denies the allegations in Paragraph 56.

57. CECO denies the allegations in Paragraph 57.

58. CECO denies the allegations in Paragraph 58.

59. With respect to Paragraph 59 of the Complaint, CECO reincorporates its responses to paragraphs 1–58.

60. CECO denies the allegations in Paragraph 60, specifically that the 'blow-in door' was 'unreasonably dangerous', and consequently denies any knowledge of such.

61. CECO denies the allegations in Paragraph 61, specifically that the 'blow-in door' was 'unreasonably dangerous', and consequently denies the remainder of the allegation.

62. CECO denies the allegations in Paragraph 62.

63. With respect to Paragraph 63 of the Complaint, CECO reincorporates its responses to paragraphs 1–62.

64. Paragraph 64 of the Complaint asserts conclusions of law to which no response is required.

65. Paragraph 65 of the Complaint asserts conclusions of law to which no response is required.

66. CECO denies the allegations in Paragraph 66.

67. CECO denies the allegations in Paragraph 67.

68. CECO denies the allegations in Paragraph 68, specifically CECO denies that the 'blow-in door' was unreasonably dangerous, and consequently denies the remainder of the allegation.

69. CECO denies the allegations in Paragraph 69.

70. With respect to Paragraph 70 of the Complaint, CECO reincorporates its responses to paragraphs 1–69.

71. CECO denies the allegations in Paragraph 71 as they pertain to it.

72. The remainder of Plaintiff's Complaint, beginning with the paragraph beginning with "WHEREFORE," constitutes a Prayer for Relief to which no response is necessary. To the extent any response is required, CECO denies Plaintiff is entitled to any relief.

73. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, CECO hereby denies all allegations in Plaintiff's Complaint which it has not otherwise specifically admitted or denied.

## **AFFIRMATIVE DEFENSES**

Without waiving, modifying, or amending the foregoing responses, CECO asserts the following additional and affirmative defenses, in the alternative where appropriate, and to the extent discovery and the evidence so indicate:

1. The injuries to the Plaintiff's decedent were caused, in whole or in part, by the independent negligent acts or omissions of third parties (including the plaintiff's own acts) over whom CECO lacked any right of control.

2. CECO is immune from liability under the government contractor defense. Specifically, the subject equipment was made pursuant to government contracts and reasonably precise military specifications promulgated and approved by the United States government. These United States military specifications expressly required the design in all respects of the subject equipment.

3. CECO is entitled to derivative sovereign immunity.

4. Plaintiff's claims are barred by the applicable statutes of limitations and/or the doctrine of laches.

5. The alleged dangers and defects associated with the blow-in door/separator system, to the extent any dangers or defects existed, were open, obvious, and known.

6. Plaintiff's alleged damages are the result of misuse/abuse of the product attributed to herself and/or others; Plaintiff failed to use, operate and/or repair this defendant's product in the proper and intended manner and subjected such products to abnormal uses not reasonably foreseeable;

7. Plaintiffs' damages, if any, were caused or contributed to by the superseding, intervening, and unexpected actions, omissions, or conduct of persons or entities which bar any right to recover.

8. This defendant retained no control over any worksites at which Ms. Gary worked. It therefore denies it owed any duty to provide Plaintiff's decedent with a safe place to work.

9. Plaintiff's claims against CECO are barred by the 'sophisticated user defense.'

10. Plaintiff's claims against CECO are barred by the sophisticated intermediary defense.' Plaintiff's decedent was employed by knowledgeable and sophisticated employers and the workplace was controlled by the U.S Navy. Any duty this defendant may have had to warn Plaintiff's decedent of any potential harm, incident to the normal use and/ or maintenance of its products, was discharged by his employers' intervening duty and that of the U.S. Navy to give the decedent all required warnings.

11. The blow-in door/separator system met or exceeded all applicable government standards, regulations, and specifications.

8

12. The blow-in door/separator system may have undergone a substantial change or modification subsequent to the time it left CECO's possession and control.

13. Plaintiff's claims for breach of implied warranty were specifically excluded, disclaimed, or displaced by CECO's limited express warranty and/or is barred by the warranty period for CECO's express limited warranty.

14. Plaintiffs lack privity with this defendant thereby precluding any breach of warranty claims.

15. Any warranties deemed to have been made were fulfilled, terminated or disclaimed.

16. Plaintiffs waived any claim based upon any alleged breach of warranty because Plaintiffs failed to give notice of any alleged breach of warranty within a reasonable time.

17. Plaintiff's claims for breach of implied warranty may be eliminated or limited by express warranty disclaimers or limitations provided by CECO.

18. Plaintiff's state-law claims are preempted by the general maritime law.

19. Plaintiff's claims for nonpecuniary damages are not available under any theory of recovery advanced against CECO.

20. CECO denies that it is indebted to Plaintiff in any amount.

21. CECO invokes its legal right to a reduction or set-off for any verdict rendered in this case by credit for payments made to Plaintiff or other persons or entities in the future.

22. CECO reserves the right to amend this answer to assert any additional affirmative defenses to the extent the discovery and the evidence later indicate the grounds to so assert including, without limitation, failure to mitigate damages or any other state-law defense, should the Court determine that the general maritime law does not preempt Plaintiff's state-law claims.

## **PRAYER**

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant CECO Environmental Corporation respectfully requests the Court enter judgment in its favor, that the Court award Plaintiff nothing of it, that the Court dismiss with prejudice all claims asserted against it, and for all further relief the Court deems just and proper.

                                      **CECO ENVIRONMENTAL CORPORATION**

                                      By Counsel

/s/
Stanley P. Wellman (VSB No. 27618)
Dannel C. Duddy (VSB No. 72906)
W. Benjamin Woody (VSB No. 91306)
Counsel for CECO Environmental Corp.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
swellman@hccw.com
dduddy@hccw.com
bwoody@hccw.com

## **C E R T I F I C A T E**

I hereby certify that on the 26th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                      /s/
                                      Stanley P. Wellman (VSB No. 27618)
                                      Dannel C. Duddy (VSB No. 72906)
                                      W. Benjamin Woody (VSB No. 91306)
                                      Counsel for CECO Environmental Corp.
                                      Harman, Claytor, Corrigan & Wellman

P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
swellman@hccw.com
dduddy@hccw.com
bwoody@hccw.com

11