IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS I. HORNSBY,
ADMINISTRATOR OF THE ESTATE OF
CYNTHIA GARY,

   Plaintiff,

v.                                           Case No. 2:22-cv-00427-RBS-LRL

UNITED STATES OF AMERICA, *et al.*,

   Defendants.

### DEFENDANT CECO ENVIRONMENTAL CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT VIII

Defendant CECO Environmental Corporation, by counsel, submits the following Memorandum of Law in Support of Its Motion to Dismiss.

### FACTS AND INTRODUCTION

Cynthia Gary, Plaintiff's decedent, tragically passed away on March 15, 2021. (Am. Compl. ¶ 2). It is alleged that blow-in door manufactured by CECO on the USS McFaul caused Gary's death. (*Id.* ¶ 10). It is further alleged that Mrs. Gary had been hired to serve as a fire watch near the blow-in door on the McFaul, which suddenly and unexpectedly closed, crushing and ultimately killing her. (*Id.* ¶¶ 27–28).

Plaintiff has invoked this Court's admiralty jurisdiction to bring "a suit for wrongful death *and other injuries*," (see Amended Complaint, ECF No. 21 "Am. Compl." ¶ 1) (emphasis added), including a series of claims against CECO and numerous other defendants to recover damages incurred as a result of his decedent's death upon a drydocked vessel over the navigable waters of the United States. The Amended Complaint contains four counts against CECO: two

1

counts for negligence (Count V and Count VI), one count for breach of implied warranty (Count VII), and one count for wrongful death under Virginia's wrongful death statute (Count VIII). However, general maritime law preempts and does not allow for recovery under Virginia's wrongful death statute.

## ARGUMENT

### Plaintiff's Claims Are Governed By General Maritime Law; A Claim Under Virginia's Wrongful Death Statute Is Barred.

Plaintiff seeks recovery under Virginia's wrongful death statutory regime. *See* Am. Compl. ¶¶ 70–71. However, because the remedies available under the general maritime law in a wrongful death claim are different from those available under Virginia law, the general maritime law preempts Plaintiff's state-law claims.

"With admiralty jurisdiction comes the application of substantive admiralty law. Absent a relevant statute, the general maritime law, as developed by the judiciary, applies." *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864 (1986). Prior to 1970, general maritime law provided no vehicle for a wrongful death claim whatsoever. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 23–24 (1990); *The Harrisburg*, 119 U.S. 199, 204–05 (1886). In 1970, the Supreme Court of the United States extended a right of survivors to sue for a longshoreman's death for unseaworthiness occurring in territorial waters. *See Moragne v. State Marine Lines, Inc.*, 398 U.S. 375 (1970). However, in doing so, it precluded a longshoreman's or their survivors' recovery under state wrongful death statutes. *Id.* at 401-402. State law remedies are available only when "[1] no federal statute specifies the appropriate relief and [2] the decedent is not a seaman, longshore worker, or person otherwise engaged in maritime trade". *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 202 (1996). "The *Yamaha* court explicitly defined nonseafarers as 'persons who are neither seamen covered by the Jones Act nor longshore

2

workers covered by the Longshore and Harbor Workers' Compensation Act ("LHWCA").'" *In the Matter of Complaint of Vulcan Materials Co.*, 674 F. Supp. 2d 756, 769 (E.D. Va. 2009); *aff'd sub nom. Vulcan Materials Co. v. Massiah*, 645 F.3d 249 (4th Cir. 2011) (quoting *Yamaha*, 516 U.S. at 205 n.2).

Plaintiff was a seafarer – a longshore worker. Section 2 of the federal LHWCA provides the scope of coverage of employees, noting that it applies to "any person engaged in maritime employment" subject to numerous exceptions not applicable to Mrs. Gary's employment. 33 U.S.C. § 902(3). Plaintiff unequivocally claims that Mrs. Gary is a covered employee under the LHWCA: Plaintiff alleges that his decedent "was a harbor worker within the meaning of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq." Am. Compl. ¶ 2. As such, under *Moragne* and *Yamaha*, there is no question that Plaintiff's state law claims are barred, and that he may only recover under general maritime law. Accordingly, since the Virginia wrongful-death claim is preempted by the general maritime law, Count VIII of the Amended Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant CECO Environmental Corporation respectfully requests that the Court grant its Motion to Dismiss Count VIII of the Plaintiff's Amended Complaint.

**CECO ENVIRONMENTAL CORP.**

By Counsel

/s/
Stanley P. Wellman (VSB No. 27618)
Dannel C. Duddy (VSB No. 72906)
W. Benjamin Woody (VSB No. 91306)
Counsel for CECO Environmental Corporation
Harman, Claytor, Corrigan & Wellman

P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
swellman@hccw.com
dduddy@hccw.com
bwoody@hccw.com

## **C E R T I F I C A T E**

      I hereby certify that on the 26th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/
Stanley P. Wellman (VSB No. 27618)
Dannel C. Duddy (VSB No. 72906)
W. Benjamin Woody (VSB No. 91306)
Counsel for CECO Environmental Corp.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
swellman@hccw.com
dduddy@hccw.com
bwoody@hccw.com

4