**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY,**

**Plaintiff,**

**v.** **Case No. 2:22cv427**

**UNITED STATES of AMERICA, et al.,**

**Defendants.**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT CECO ENVIRONMENTAL CORPORATION'S MOTION TO DISMISS**

The Plaintiff responds as follows to Defendant CECO Environmental Corporation's motion to dismiss.

**BACKGROUND**

The Amended Complaint seeks damages against Defendant CECO and others as a result of the injury and death of Cynthia Gary. The cause of action arose on March 15, 2021, when Gary was working onboard the U.S.S McFaul. *Amended Complaint, ECF No. 21, at ¶ 19*. Gary was stationed as "fire watch" on the exterior side of a blow-in door on the McFaul when the blow-in door suddenly and unexpectedly closed, crushing Gary. *ECF No. 21 at ¶¶ 21, 27*.

## STANDARD OF REVIEW

In reviewing a 12(b)(6) motion[1], the court assumes the truth of all facts alleged in the complaint and also "the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp., 213 F.3d 175, 180 (4th Cir. 2000)*. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)*.

## ARGUMENT

It is not established that a state law wrongful death action on the facts of this case is preempted. While some courts have found that state law wrongful death claims in some circumstances have been preempted by federal maritime law, the logic does not extend to the facts of this case – a wrongful death claim involving a harbor worker against a third-party who was neither her employer nor the owner of the vessel on which she was killed.

The "exercise of federal admiralty jurisdiction does not result in automatic displacement of state law." *Jerome B. Grubart v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 545 (1995)*. The question of when state law is preempted is "significant and complex," *Wells v. Liddy, 186 F.3d 505, 524 (4th Cir. 1999)*, and the Supreme Court has acknowledged

[1] The Plaintiff assumes that CECO's motion was filed under Fed. R. Civ. P. 12(b)(6).

that its decisions do "not precisely delineate that scope." *Yamaha Motor Corp. v. Calhoun, 516 U.S. 199, 210 n.8 (1996)*.

Regarding *Moragne v. States Marine Lines, 398 U.S. 375 (1970),* the Supreme Court has said that it did not completely displace state law wrongful death claims, adopting the following interpretation of *Moragne* from the Third Circuit:

> Moragne . . . showed no hostility to concurrent application of state wrongful-death statutes. Indeed, to read into Moragne the idea that it was placing a ceiling on recovery for wrongful death, rather than a floor, is somewhat ahistorical. The Moragne cause of action was in many respects a gap-filling measure to ensure that seamen (and their survivors) would all be treated alike. The 'humane and liberal' purpose underlying the general maritime remedy of Moragne was driven by the idea that survivors of seamen killed in state territorial waters should not have been barred from recovery simply because the tort system of the particular state in which a seaman died did not incorporate special maritime doctrines. It is difficult to see how this purpose can be taken as an intent to preclude the operation of state laws that do supply a remedy.

*Yamaha Motor Corp. v. Calhoun, 516 U.S. 199, 214 (1996)*, *quoting Calhoun v. Yamaha Motor Corp., U.S.A., 40 F.3d 622, 641-42 (3d Cir. 1994)*.

In *Yamaha*, the Supreme Court held that *Moragne* did not preempt a state wrongful death claim in the case of a 12-year old girl who was killed while riding a jet ski. CECO claims that the *Yamaha* Court's holding is that state law wrongful death claims are available "only" on the facts of *Yamaha*. *ECF No. 74 at 2*. But the *Yamaha* Court did not so hold. Instead, the Court noted that:

> We attempt no grand synthesis or reconciliation of our precedent today, but confine our inquiry to the modest question whether it was Moragne's design to terminate recourse to state remedies when nonseafarers meet death in

territorial waters.

*516 U.S. 199, 210 n.8 (1996)*. The Court implicitly confirmed this limited holding in *Norfolk Shipbuilding & Drydock Corp. v. Garris, 532 U.S. 811 (2001)*, which found a maritime wrongful death action based on negligence, when it noted that:

> The issue addressed in Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 133 L. Ed. 2d 578, 116 S. Ct. 619 (1996), whether state remedies may in some instances supplement a federal maritime remedy, is not presented by this case, where respondent is no longer pursuing state remedies.

*532 U.S. 811, 815 n.1*. This note would have been unnecessary had the issue already been conclusively decided in *Yamaha*.

This Court's decision in *In re Vulcan Materials Co., 674 F. Supp. 2d 756 (E.D. Va. (Norfolk) 2009)* does not compel CECO's conclusion. In *Vulcan,* this Court found that the plaintiff's decedent was, like in *Yamaha*, a nonseafarer. While Judge Morgan and the parties in *Vulcan* appear to have assumed that state law wrongful death would not have been available if the decedent had been a seafarer, the issue presented by CECO's motion – whether state law wrongful death is available against a third-party for the death of a harbor worker – was not addressed.

CECO also assumes that Gary was not a "nonseafarer" within the meaning of *Yamaha.* The *Yamaha* Court defined a "nonseafarer" as "persons who are neither seamen covered by the Jones Act, 46 U.S.C. App. § 688 (1988 ed.), nor longshore workers covered by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq." *516 U.S. 199, 205 n.2*. But the Plaintiff alleges that Gary was a harbor worker, not a longshore

worker. *ECF 21, at ¶ 2*. For purposes of the LHWCA, longshoremen and harbor workers are separate categories of covered employees. 33 U.S.C. § 902(3)(defining "employee" to include both "any person engaged in maritime employment, including any longshoreman . . . and any harbor-worker . . . .")

But even if Gary was a seafarer under *Yamaha's* definition because she was an "employee" covered by the LHWCA,[2] the crux of the *Yamaha* decision was whether or not Congress had "prescribed a comprehensive tort recovery regime" in a particular case. In this case, the LHWCA expressly preserves the Plaintiff's claims against third-parties such as CECO, including state law claims. *33 U.S.C. 933(a), (i); see also Garris, 532 U.S. 811, 819* ("we have consistently interpreted § 933 to preserve federal maritime claims as well as state claims . . . .") This Court should not read *Yamaha* or *Moragne* to take away rights that Congress has expressly preserved.

**Conclusion**

Defendant CECO's motion to dismiss should be denied and this case should be allowed to proceed to a trial on the merits on all claims.

Respectfully submitted,
**DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY**

By: /s/ Andrew M. Hendrick

[2] Or under the alternate definition of nonseafarer earlier in the *Yamaha* decision that also excludes a "person otherwise engaged in a maritime trade." *516 U.S. at 202; see also In re Vulcan Materials Co., 674 F. Supp. 2d at 769*(not deciding which definition from *Yamaha* is controlling).

Robert J. Haddad, Esq.
VSB No. 22298
Andrew M. Hendrick, Esq.
VSB No. 42852
Attorneys for Plaintiff
RULOFF, SWAIN, HADDAD, MORECOCK,
TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
rhaddad@srgslaw.com
ahendrick@srgslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of June, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Garry D. Hartlieb, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510-1671
garry.hartlieb@usdoj.gov
*Attorney for Defendant United States*

Malinda R. Lawrence, Esq.
Darren E. Myers, Esq.
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
175 N Street, NE, 8th Floor
Washington, DC 20002
Malinda.R.Lawrence@usdoj.gov
Darren.E.Myers@usdoj.gov
*Attorneys for Defendant United States*

John Arch Irvin, Esq.
Lynn Kanaga Brugh , IV, Esq.
Williams Mullen
200 South 10th Street
Suite 1600
Richmond, VA 23219
804-420-6140
jirvin@williamsmullen.com
lbrugh@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp. doing business as General Dynamics NASSCO-Norfolk*

Christopher Alan Abel, Esq.
Willcox & Savage PC
Wells Fargo Center
440 Monticello Ave, Suite 2200
Norfolk, VA 23510
(757) 628-5547
Fax: (757) 625-5566
cabel@wilsav.com
*Attorney for Defendant Harbor Industrial Services, Inc.*

Jason R Harris, Esq.
Cranfill Sumner, LLP
PO Box 1950
Wilmington, NC 28402
910-524-9510
Fax: 910-777-6111
jharris@cshlaw.com
*Attorney for Defendant Coastal Mechanical Systems, LLC*

Edward James Powers, Esq.
Dustin Mitchell Paul, Esq.
Allison M. Mentch, Esq.
Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
757-446-8600
Ed.Powers@wrvblaw.com
Dustin.Paul@wrvblaw.com
alli.mentch@wrvblaw.com
*Attorneys for Defendant Advanced Integrated Technologies, LLC*

James L. Chapman , IV, Esq.
Alexander Ryan McDaniel, Esq.
Crenshaw, Ware & Martin, P.L.C.
150 West Main Street
Suite 1923
Norfolk, VA 25310
757-623-3000
jchapman@cwm-law.com
amcdaniel@cwm-law.com
*Attorneys for Defendant KD Shipyard Repairs, LLC*

William Benjamin Woody, Esq.
Harman Claytor Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, VA 22314
703-544-2320
Fax: 804-747-6085
bwoody@hccw.com
*Attorney for Defendant CECO Environmental Corp.*

Dannel Charles Duddy, Esq.
Stanley Paul Wellman, Esq.
Harman Claytor Corrigan & Wellman
PO Box 70280
Richmond, VA 23255
804-622-1107
Fax: 804-747-6085
dduddy@hccw.com
swellman@hccw.com
*Attorneys for Defendant CECO Environmental Corp.*

/s/ Andrew M. Hendrick
Robert J. Haddad, Esq.
VSB No. 22298
Andrew M. Hendrick, Esq.
VSB No. 42852
*Attorneys for Plaintiff*
RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
rhaddad@srgslaw.com
ahendrick@srgslaw.com