IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS I. HORNSBY,
ADMINISTRATOR OF THE ESTATE OF
CYNTHIA GARY,

   Plaintiff,

v.                                                  Case No. 2:22-cv-00427-RBS-LRL

UNITED STATES OF AMERICA, *et al.*,

   Defendants.

### DEFENDANT CECO ENVIRONMENTAL CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO CECO'S MOTION TO DISMISS

Defendant CECO Environmental Corporation, by counsel, submits the following Reply to Plaintiff's Opposition (ECF No. 77).

In response to CECO's Motion to Dismiss, Plaintiff takes two tacks: first, he knocks down a strawman he props up; and second, he advocates for a novel reading of *Yamaha Motor Company, U.S.A., Inc. v. Calhoun*, 516 U.S. 199 (1996), a quarter-century-old Supreme Court opinion that finds no support in any published opinion of any Circuit Court of Appeals or any reported decision of any District Court in the Fourth Circuit. Nothing Plaintiff cites authorizes the displacement of the general maritime law in this case.

    1. ***Yamaha* and *Garris* Do Not Compel Application of State Law.**

First, Plaintiff suggests that CECO overstated the holding of *Yamaha*. Not so. CECO acknowledges and agrees that *Yamaha* is not limited to its own facts; however, *Yamaha*'s reach is far shorter than Plaintiff advocates in his Opposition. *Yamaha* simply provides a carveout from *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970), to authorize state-law wrongful

1

death remedies where the decedent is a "nonseafarer." Under the facts of the case-at-bar, *Yamaha* does not apply, and Plaintiff does not provide any reason why it should.

Instead, Plaintiff quotes half of a footnote in a subsequent Supreme Court decision. *See* Opp. at 4. The footnote, reproduced in its entirety below, does not support Plaintiff's argument.

> The issue addressed in *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996), whether state remedies may in some instances supplement a federal maritime remedy, is not presented by this case, where respondent is no longer pursuing state remedies. **After the District Court dismissed her state-law claim on jurisdictional grounds, respondent [Garris] re-filed it in state court, where it was resolved against her. See Brief for Respondent 2, n. 1.**

*Norfolk Shipbuilding & Drydock Co., Inc. v. Garris*, 532 U.S. 811, 815 n.1 (2001) (emphasis added to the portion omitted from Plaintiff's Opposition). While *Garris* does not purport to answer whether these state-law claims should proceed, it simply recognized that because *Moragne* held "than an action does lie under general maritime law for death caused by violation of maritime duties," *Moragne,* 398 U.S. at 409, "the issue of wrongful death for negligence has remained technically open." *Garris*, 532 U.S. at 815. *Garris* undercuts Plaintiff's argument by framing the question thusly: "whether *requiring* [admiralty] accommodation [of state remedial statutes] by refusing to recognize a federal remedy is preferable as a matter of maritime policy. We think it is not." *Id.* at 815–16 (emphasis in original). Accordingly, state-law remedies are not available in this action.

2. **Harbor Workers Are Not Entitled to *Yamaha*'s Exclusion from *Moragne*.**

Second, Plaintiff argues that "nonseafarer" means only a Jones Act seaman or a longshore worker. Plaintiff's hyper-technical read of a footnote in *Yamaha* is not supported.

It is beyond dispute that the Longshore and Harbor Workers' Compensation Act (LHWCA) precludes state-law wrongful death claims. *Garris*, 532 U.S. at 818. Plaintiff argues

2

that Mrs. Gary was a harbor worker, not a longshoreman or Jones Act seaman, thereby entitling her to state-law remedies. In highlighting this distinction without a difference, Plaintiff cherry-picks a decontextualized passage from a footnote in *Yamaha* and seems to apply certain tools of statutory construction to it. Because the Supreme Court did not reference "harbor workers" in its definition of "nonseafarers," so the argument goes, different outcomes are intended for longshore workers and harbor workers. Plaintiff's argument withers under scrutiny.

Plaintiff suggests that in *Yamaha*, a case involving a child killed while riding a jet ski, the Court defined a "nonseafarer" as "neither seaman covered by the Jones Act . . . nor longshore workers covered by the Longshore and Harbor Workers' Compensation Act." 516 U.S. at 205 n.2. Plaintiff employs an *expressio unius est exclusio alterius* construction of this passage, noting that footnote 2 includes (1) Jones Act seaman, (2) longshore workers, but not (3) harbor workers. As such, so says Plaintiff, harbor workers are "nonseafarers." However, this argument is inconsistent with the specific holding contained in the main text of the opinion and its facts.

> Traditionally, state remedies have been applied in accident cases of this order—maritime wrongful death cases in which no federal statute specifies the appropriate level of relief *and* the decedent was not a seaman, longshore worker, *or person otherwise engaged in a maritime trade*. We hold . . . that state remedies remain applicable in such cases and have not been displaced by the federal maritime wrongful death actions recognized in *Moragne v. State Marine Lines, Inc.*

*Id.* at 202 (emphasis added).

*Yamaha* does not limit the definition of "nonseafarer" to only Jones Act seamen or longshore workers, as Plaintiff suggests. Rather, the term encompasses anyone "engaged in a maritime trade." *Yamaha* did not answer whether both longshore and harbor workers were entitled to state-law wrongful death remedies or whether only one was so entitled. Nor could it: as Plaintiff correctly notes, the decedent in *Yamaha* was twelve-year-old girl riding a jet ski on

3

vacation with her family. To the extent the passage from footnote 2 in *Yamaha* could be mistaken for holding that harbor workers but not longshore workers are entitled to state-law wrongful death remedies, such language constitutes dicta. *See Box v. Planned Parenthood*, 139 S.Ct. 1780, 1792 (2019) (Thomas, J., concurring) (noting that "judicial opinions, unlike statutes, 'resolve only the situations presented for decision.'"); *Upper Skagit Indian Tribe v. Sauk-Suiattle Indian Tribe*, 66 F.4th 766, 770 (9th Cir. 2023) ("Because opinions, unlike statutes, are not usually written with the knowledge or expectation that each and every word may be the subject of searching analysis, we do not follow statutory canons of construction with their focus on textual precision when interpreting judicial opinions.") (quoting *United States v. Muckleshoot Indian Tribe*, 235 F.3d 429, 433 (9th Cir. 2000)). Instead, and as other courts have interpreted it, *Yamaha* simply holds that nonseafarers—those decedents not covered under the LHWCA or the Jones Act—are entitled to pursue state wrongful death remedies. See, e.g., *Hays v. John Crane, Inc.*, No. 09-81881-CIV-KAM, 2014 WL 1065453, at *3 (S.D. Fla. Oct. 10, 2014).

Plaintiff identified no authority whatsoever supporting the contention that "nonseafarer" is limited only to longshore workers and Jones Act seamen to the exclusion of harbor workers. Plaintiff's silence is deafening, yet understandable, as no such authority appears to exist. Instead, Plaintiff cites to the exact definition of "employee" under the LHWCA that encompasses what Mrs. Gary was allegedly doing at the time of her death. Mrs. Gary was a fire-watch working for a ship repairman. *See* 33 U.S.C. 902(3). The uniformity of the general maritime law requires that the remedies available in a claim advanced on behalf of a covered employee under the LHWCA killed in Virginia than in Texas, California, or Alaska. See *Kollias v. D & G Marine Maintenance*, 29 F.3d 67, 74 (2d Cir. 1994), *cert. denied*, 513 U.S. 1146 (1995) ("Congress' specific aim when it enacted the original version of the LHWCA in 1927 was 'to fill the void

created by the inability of the States to remedy injuries on navigable waters.'") (quoting *Northeast Marine Terminal Co. v. Caputo*, 432 U.S. 249, 258 (1977)).

Courts considering Plaintiff's argument have routinely rejected it. For example, a self-employed commercial fisherman, who would not be entitled to relief under the Jones Act or the LHWCA, was nevertheless a "person otherwise engaged in a maritime trade" excluded "from benefiting under the narrow exception for nonseafarers." *In the Matter of the Complaint of the Goose Creek Trawlers, Inc.*, 972 F. Supp. 946, 950 (E.D.N.C. 1997). The Court held that state-law remedies were thus unavailable in a wrongful death action. *Id.* Similarly, a self-employed marine surveyor was killed while performing surveying functions was deemed a "seafarer," his ineligibility to recover LHWCA benefits notwithstanding. *Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1059–60 (9th Cir. 1997). The Ninth Circuit found that his work rendered him an "employee" under the LHWCA and, therefore, "affirm[ed] the district court's ruling that state wrongful death remedies are preempted by federal maritime law." *Id.* at 1060. In *Cordes v. M/V BALDOCK*, the estate of a harbor pilot who died after he fell off a Jacob's ladder while attempting to board a vessel could not pursue state-law wrongful death remedies because, even though he was neither entitled to workers compensation LHWCA benefits nor was a Jones Act seaman, he was engaged in maritime trade at the time of his death. No. 09-11785-GAO, 2013 WL 1282842, at *4–5 (D. Mass. Mar. 29, 2013). *Goose Creek*, *Ghotra*, and *Cordes* all involved a decedent who was not engaged in work performed by either a longshore worker or a Jones Act seaman at the time of their deaths. Longshore workers, also called stevedores, handle vessel cargo. *Cordes* involved a harbor pilot; *Ghotra* involved a marine surveyor; and *Goose Creek* involved a commercial fisherman. None of these decedents is either a Jones Act seaman or a stevedore; yet, these courts determined they were not entitled to *Yamaha*'s exclusion.

As the Amended Complaint alleges, at the time of her death, Mrs. Gary was employed as a fire-watch aboard the USS McFAUL. She was employed by a ship repair firm and was actively participating in ship repair activities at the time of her death. She was actively engaged in maritime trade. Plaintiff invoked this Court's admiralty jurisdiction in the instant lawsuit and claimed that Mrs. Gary was covered under the LHWCA. Like it or not, Plaintiff pleaded himself out of a state-law wrongful death claim when invoking this Court's admiralty jurisdiction. The general maritime law applies, preempting the state law wrongful death claim. *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1313 (11th Cir. 2020) (plaintiff's efforts to disclaim admiralty jurisdiction in complaint did not divest court from adjudicating action under admiralty jurisdiction).

3. **The LHWCA Does Not Create Causes of Action Against Non-Vessel Third-Parties.**

Plaintiff argues that the LHWCA's savings provision should preserve Plaintiff's state-law remedies. However, this argument runs headlong into the axiom that with the invocation of admiralty tort jurisdiction comes the application of substantive admiralty law. *See East River S.S. Corp. v. Transamerical Delaval, Inc.*, 476 U.S. 858, 864 (1986). This Court's admiralty jurisdiction is this Court's sole basis for jurisdiction over this claim: the parties are not diverse, and there is no federal-question jurisdiction, as CECO is not a "vessel" under 905(b).

Plaintiff argues that 33 U.S.C. 933(a) preserves any other claims. Plaintiff's argument is half-correct. Section 933(a) simply unburdens a claimant from electing whether to recover benefits under the LHWCA or from proceeding with a third-party action. It does not purport to authorize any cause of action against any third party except a vessel. *Ward v. Norfolk Shipbuilding & Drydock Corp.*, 770 F. Supp. 1118, 1121 (E.D. Va. 1991). A claimant under the LHWCA can receive his no-fault compensation to which he is entitled and may also seek any additional recovery from third parties, subject to the employer's (or its insurer's) subrogation

6

lien. See *Bloomer v. Liberty Mut. Ins. Co.*, 445 U.S. 74, 79–80 (1980). This section does not purport to supplant the general maritime law's preemption of state-law wrongful death claims.

## CONCLUSION

For the foregoing reasons, Defendant CECO Environmental Corporation respectfully requests that the Court grant its Motion to Dismiss Count VIII of the Plaintiff's Amended Complaint.

**CECO ENVIRONMENTAL CORP.**

By Counsel

/s/W. Benjamin Woody
W. Benjamin Woody (VSB No. 91306)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
bwoody@hccw.com

Stanley P. Wellman (VSB No. 27618)
Dannel C. Duddy (VSB No. 72906)
Counsel for CECO Environmental Corporation
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
swellman@hccw.com
dduddy@hccw.com

**C E R T I F I C A T E**

    I hereby certify that on the 16th day of June, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Robert J. Haddad, Esq.
Andrew M. Hendrick, Esq.
Ruloff, Swain, Haddad, Morecock, Talbert & Woodward, P.C.
317 30th Street
Virginia Beach, VA 23451
rhaddad@srgslaw.com
ahendrick@srgslaw.com
*Counsel for Plaintiff*

Malinda R. Lawrence, Esq.
Darren E. Myers, Esq.
United States Department of Justice, Civil Division, Torts Branch, Aviation, Space & Admiralty Litigation
175 N Street N.E., 8th Floor
Washiington, DC 20002
Malinda.R.Lawrence@usdoj.gov
Darren.E.Myers@usdoj.gov

Jason R. Harris, Esq.
Cranfill Sumner, LLP
P. O. Box 1950
Wilmington, NC 28402
jharris@cshlaw.com
*Counsel for Defendant Coastal Mechanical Systems, LLC*

Garry D. Hartlieb, Esq.
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
garry.hartlieb@usdoj.gov
*Cousnel for Defendant United States of America*

Lynn K. Brugh, IV, Esq.
John Arch Irvin, Esq.
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
lbrugh@williamsmullen.com
jirvin@williamsmullen.com
*Counsel for Defendant Metro Machine Corp. dba General Dynamics NASSCO-Norfolk*

Dustin Mitchell Paul, Esq.
Allison M. Mentch, Esq.
Woods Rogers Vandeventer Black, PLC
101 West Main Street, Suite 500
Norfolk, VA 23510
Dustin.Paul@wrvblaw.com
alli.mentch@wrvblaw.com
*Counsel for Defendant Advanced Integrated Technologies, LLC*

James L. Chapman, IV, Esq.
Alexander Ryan McDaniel, Esq.
Crenshaw, Ware & Martin, PLC
150 West Main Street, Suite 1923
Norfolk, VA 23510-2111
757-623-3000 - Phone
757-623-5735 - Fax
jchapman@cwm-law.com
amcdaniel@cwm-law.com
*Counsel for Defendant KD Shipyard Repairs, LLC*

Christopher Alan Abel, Esq.
Willcox & Savage, P.C.
Wells Fargo Center
440 Monticello Avenue, Suite 2200
Norfolk, VA 23510
cabel@wilsav.com
*Counsel for Defendant Harbor Industrial Services, Inc.*

/s/W. Benjamin Woody
W. Benjamin Woody (VSB No. 91306)
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, Virginia 22314
804-747-5200 - Phone
804-747-6085 - Fax
bwoody@hccw.com

Stanley P. Wellman (VSB No. 27618)
Dannel C. Duddy (VSB No. 72906)
Counsel for CECO Environmental Corporation
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
swellman@hccw.com
dduddy@hccw.com