UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS I. HORNSBY, )
Administrator of the Estate of )
Cynthia Gary, )
)
      Plaintiff, )
)
v. )    Case No.: 2:22cv427
)
UNITED STATES OF AMERICA, )
et al., )
)
      Defendants. )

## REPORT AND RECOMMENDATIONS

This case arises from the death of Ms. Cynthia Gary ("Ms. Gary" or the "Decedent") on March 15, 2021, while working on board the USS McFaul (the "McFaul"). The administrator of the Decedent's estate, Mr. Douglas Hornsby ("Plaintiff"), initiated this action against the United States, as owner of the McFaul; Metro Machine Corp. d/b/a General Dynamics NASSCO-Norfolk ("NASSCO"), as the prime contractor coordinating the McFaul's repairs; and multiple subcontractors. Three of those subcontractors now move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 54, 59, 73. On August 17, 2023, this case was referred to the undersigned United States Magistrate Judge (the "undersigned") for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). ECF No. 90. The undersigned held a hearing on September 7, 2023. ECF No. 91. Accordingly, the motions are ripe for recommended disposition.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

In evaluating a motion to dismiss under Rule 12(b)(6), a court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys. Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). Consequently, the facts herein are found within Plaintiff's Amended Complaint and inferences are drawn in his favor. *See* ECF No. 21.

Ms. Gary died on board the McFaul when a blow-in door unexpectedly collapsed, crushing her to death. *Id.* ¶ 2. The McFaul, a vessel owned by the United States, was docked at NASSCO's shipyard while awaiting repair. *Id.* ¶¶ 4, 5. In addition to owning the shipyard, NASSCO was the prime contractor responsible for the McFaul's repairs and as such, coordinated with various subcontractors to complete the work necessary. *Id.* ¶¶ 5–9. KD Shipyard Repairs, LLC ("KDSR") which contracted under NASSCO to repair the McFaul's switchboards, and Coastal Mechanical Systems, LLC ("Coastal"), were two such subcontractors. *Id.* ¶¶ 23, 7. Coastal in turn subcontracted out various tasks to Harbor Industrial Services, Inc. ("Harbor").[1] *Id.* ¶ 20. To staff its work on the McFaul, Harbor worked with Blue Staffing Agency, Ms. Gary's employer. *Id.* ¶¶ 18–20.

On March 15, 2021, Ms. Gary was assigned by Blue Staffing Agency to work for Harbor as a fire watch on board the McFaul. *Id.* ¶ 19. She was stationed on the exterior side of a blow-in door leading to one of the vessel's gas turbine engines. *Id.* ¶ 21. At some point on March 15, for reasons unexplained in the Amended Complaint, Ms. Gary crossed the threshold of the blow-in door, when it suddenly it closed, crushing her. *Id.* ¶ 27. She passed away later that day. *Id.* ¶ 28.

---

[1] The Amended Complaint lacks key details, including any allegations regarding what work Coastal was responsible for completing on board the McFaul. ECF No. 21 ¶¶ 7, 20. Further examination of the Amended Complaint's deficiencies is discussed *infra*.

2

On December 2, 2021, Ms. Gary's employer paid benefits to her beneficiaries under the Longshore and Harbor Workers' Compensation Act, *id.* ¶ 16, and on October 14, 2022, Plaintiff filed an initial Complaint alleging four counts of maritime negligence and one count of wrongful death under Virginia law against the United States. ECF No. 1. Five months later, on March 10, 2023, Plaintiff filed an Amended Complaint, adding several other Defendants to the case, including KDSR, Coastal, and CECO Environmental Corp. ("CECO"). ECF No. 21. CECO was not involved with the McFaul's repairs but was responsible for manufacturing the blow-in door that collapsed on Ms. Gary. *Id.* ¶ 10. The Amended Complaint alleges five counts of maritime negligence, one count of wrongful death under Virginia law, and one count of breach of implied warranty. *Id.* ¶¶ 29–71.

Plaintiff's claims hinge on the theory that every subcontractor working on the McFaul owed Ms. Gary a duty of reasonable care. *Id.* ¶ 47. He suggests that the subcontractors breached that duty by:

> failing to warn Gary of the dangers of the blow-in door, failing to properly tag-out and secure the blow-in door, failing to ensure that the blow-in door had been properly tagged-out and secured by the crew of the McFaul, failing to ensure that Gary would not be asked to or required to access the interior of the ship through the blow-in door, failing to ensure the switchboard controlling the blow-in door was working properly and would not be activated inadvertently and by otherwise failing to use reasonable care to warn Gary or prevent the blow-in door from closing unexpectedly and injuring Gary.

*Id.* ¶ 48. On April 28, 2023, KDSR filed a Motion to Dismiss (the "KDSR Motion") and accompanying memorandum, seeking to dismiss the only two counts asserted against it: Count IV, negligence, and Count VIII, wrongful death. ECF Nos. 54, 55. KDSR advances two arguments: that Plaintiff failed to allege facts sufficient to state a claim, and that the Virginia wrongful death claim is preempted by federal maritime law. ECF No. 55 at 6–8. Coastal filed its Motion to

3

Dismiss (the "Coastal Motion") on May 4, 2023, seeking to dismiss the only two counts against it: Count IV, negligence, and Count VIII, wrongful death. ECF No. 59 at 3–4. Coastal advanced a single argument: that Plaintiff failed to allege facts sufficient to state a claim. *Id.* On May 26, 2023, CECO filed a Motion to Dismiss (the "CECO Motion"), ECF No. 73, and accompanying memorandum, ECF No. 74, seeking to dismiss only one of the four counts against it:[2] Count VIII, wrongful death, arguing only that Plaintiff's state wrongful death claim is preempted by federal maritime law. ECF No. 74 at 2.

Plaintiff has filed oppositions to each motion, ECF Nos. 66, 68, 77, and Defendants have replied, ECF Nos. 67, 70, 79. The matter having been argued, the motions are thus ripe for review.

## II.   JURISDICTION

The Court has jurisdiction of this case under 28 U.S.C. § 1333, which grants the federal courts original jurisdiction over maritime claims.

## III.   STANDARD OF REVIEW

A motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While considering this motion, the court must assume that the facts alleged are true and view them in the light most favorable to the plaintiff. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[2] Plaintiff also asserts against CECO two claims for negligence (Counts V and VI), and one claim for breach of implied warranty (Count VII). Those claims are not at issue here.

4

To be sufficient under Rule 8, the pleading must meet two basic requirements: it must contain sufficient factual allegations and those allegations must be plausible. *Adiscov, LLC v. Autonomy Corp.*, 762 F. Supp. 2d 826, 829 (E.D. Va. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Twombly*, 550 U.S. at 555). First, sufficient factual allegations include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Second, to "nudge[] their claims across the line from conceivable to plausible," *id.* at 570, "plaintiff[s] [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. Indeed, to achieve factual plausibility, plaintiffs must allege more than "naked assertion[s] . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[] short of the line between possibility and plausibility of entitle[ment] to relief." *Id.* (internal quotations omitted).

Consequently, when considering a motion to dismiss, only those allegations which are factually plausible are "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (noting that legal conclusions must be supported by factual allegations). "At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (internal quotations and citations omitted).

## IV. ANALYSIS

### A. Negligence Claim Under Maritime Law

To state a negligence claim under maritime law, a plaintiff must show: "(1) the existence of a duty required by law that obligates a person to conform to a certain standard of conduct to protect others against unreasonable risks of harm; (2) a breach of said duty by engaging in conduct that falls below the applicable standard; (3) a causal connection between the improper conduct and the resulting injury; (4) an actual loss or injury to the plaintiff because of the improper conduct." *Gauthreaux v. United States*, 712 F. Supp. 2d 458, 464 (E.D. Va. 2010) (citing *Murray v. United States*, 215 F.3d 460, 463 (4th Cir. 2000)). As under the common law, in admiralty cases the plaintiff has the burden of proving duty, breach, causation, and damages by a preponderance of the evidence. *Murray*, 215 F.3d at 463.

#### 1. KDSR's Motion

Plaintiff only offers two factual allegations specifically concerning KDSR. First, Plaintiff alleges that KDSR is a "Virginia limited liability company with its principal office located in Virginia Beach, Virginia." ECF No. 21 ¶ 9. Second, Plaintiff contends that KDSR was "working on the McFaul under a contract for work on the switchboard that controlled the blow-in door." *Id.* ¶ 23. Plaintiff also alleges that KDSR, jointly with the other Defendants, breached several duties to Ms. Gary, including by "failing to ensure the switchboard controlling the blow-in door was working properly and would not be activated inadvertently." *Id.* ¶ 48. As noted above, Plaintiff was required to plead facts sufficient to give rise to a plausible claim. Plaintiff has failed to meet his burden.

Plaintiff did not set forth a plausible theory for why KDSR may have owed Plaintiff a duty, nor did he advance any specific theory for what KDSR may have done to breach that duty,

beyond alleging joint liability for several speculative breaches. *See id.* ¶¶ 23, 48. Instead, Plaintiff simply states that KDSR was working on the McFaul and as such, owed Ms. Gary a duty of reasonable care. *Id.* ¶¶ 23, 47. This is nothing more than a conclusory assertion and fails to establish that a specific duty was owed.

Plaintiff's allegations with respect to breach and causation are similarly threadbare. Although there are several alleged breaches, Plaintiff did not state which Defendant committed which breach.[3] Nor did he allege any facts that would give credence to any proposed theory of breach. Even assuming KDSR owed a specific duty to Ms. Gary and breached that duty, Plaintiff has failed to articulate any facts at all regarding what actually caused the blow-in door to close.

Plaintiff's speculation regarding how Ms. Gary died are mere "naked assertion[s]" that fail to "nudge [his] claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 557. Accordingly, the Court **FINDS** that Plaintiff has failed to plead sufficient facts to support a claim for negligence against KDSR.

    *a.    Leave to Amend*

The Court must also determine whether to recommend Plaintiff's Amended Complaint be dismissed with leave to amend. "A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice." *Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985); *see also North Carolina v. McGuirt*, 114 F. App'x 555, 560 (4th Cir. 2004) (questioning whether plaintiffs could "correct the deficiencies" in their complaint when assessing whether dismissal with prejudice was proper). Federal Rule of

---

[3] Plaintiff alleges that KDSR was responsible for completing work on the McFaul's switchboards. He also contends that KDSR, along with other Defendants, may have breached their duty of care by either failing to ensure the switchboard was in proper working condition or failing to prevent the switchboard from inadvertently activating. *See* ECF No. 21 ¶ 48. It seems likely to the Court that Plaintiff is attempting to connect KDSR's work on the switchboard to the alleged breach, although he fails to do so explicitly.

Civil Procedure 15(a) provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, if "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile" then leave to amend should be denied. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). An amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

There is no evidence suggesting that Plaintiff is aware of any facts that would "correct the deficiencies" found within the Amended Complaint. *See McGuirt*, 114 F. App'x at 560. Indeed, at the September hearing, Plaintiff's counsel agreed that "the [C]omplaint is woefully short of facts" and that "nobody knows what happened." ECF No. 92 at 13:15–22, 14:4–6. Plaintiff also acknowledges that the United States Navy and the Occupational Safety and Health Administration have conducted investigations and have been unable to explain why the blow-in door suddenly shut on Ms. Gary. *Id.* at 16:9–25.

During the Court's September hearing, Plaintiff requested leave to amend the Complaint, explaining that discovery may assist him in determining which claims are meritorious, noting that "[a]fter we sort it out, if it turns out that, you know, KDSR had been gone two days and somebody else was in there messing with it, then KDSR disappears." *Id.* at 15:19–22. However, "[t]he role of discovery . . . is to find support for properly pleaded claims, not to find the claims themselves." *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009). In other words, discovery is intended to "assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim." *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990). Here, Plaintiff admitted that "nobody knows what happened," ECF No. 92 at 14:4–6, and acknowledged that he requires discovery to

assess which claims are plausible, *id.* at 20:8–12. Because the Amended Complaint is factually deficient, Plaintiff has no additional facts to plead, and using discovery to obtain additional facts would be inappropriate, granting leave to amend would be futile. Accordingly, the undersigned **RECOMMENDS** that Plaintiff be denied leave to amend his claim of negligence against KDSR.

### 2. Coastal's Motion

Plaintiff's Amended Complaint is essentially devoid of factual allegations regarding Coastal. Plaintiff alleged only that Coastal "is a Virginia limited liability company with its principal office in Norfolk, Virginia," that it "was a subcontractor responsible for all or part of the work in which Gary was engaged at the time of her death," and that Harbor subcontracted under Coastal to complete work on the McFaul. *Id.* ¶¶ 7, 20. As explained *supra*, Plaintiff was required to plead facts sufficient to give rise to a plausible claim. Plaintiff has failed to meet his burden.

The Amended Complaint contains no information as to what kind of work Coastal was engaged in or how Coastal was involved in Ms. Gary's accident. Plaintiff failed to allege with any kind of specificity why or what duty Coastal owed Ms. Gary, or how Coastal may have breached that duty. Similarly, Plaintiff fails to articulate any facts at all concerning how Coastal's purported breach may have caused Ms. Gary's death. Plaintiff merely lists out the elements of negligence, and in conclusory fashion, notes that Coastal meets each. *See id.* ¶¶ 46–49. Yet, facts supporting those elements cannot be found in the Amended Complaint. Plaintiff's naked assertions, without additional facts, do not support a plausible negligence claim under maritime law. Accordingly, the Court **FINDS** that Plaintiff has failed to plead sufficient facts to support a plausible claim.

### a. Leave to Amend

Next, the Court must determine whether to recommend Plaintiff be granted leave to amend his cause of action against Coastal. It is not at all apparent that if Plaintiff is granted leave to

amend, the second Amended Complaint would contain any additional details that would give rise to a plausible negligence claim against Coastal. As previously noted, the Plaintiff agreed that "the [C]omplaint is woefully short of facts," ECF No. 92 at 13:15–16. The only additional relevant fact that emerged at the hearing was that Coastal was completing a welding project on the interior side of the blow-in door. *Id.* at 19:13–24. Plaintiff suggested that perhaps a Coastal welder activated the blow-in door on purpose, or perhaps it was inadvertently activated, or maybe a welder was responsible for calling Ms. Gary into the threshold of the blow-in door to ask a question. *Id.* But there is nothing to suggest, beyond Plaintiff's conjecture, that there are facts available to support such a theory of negligence. And as discussed above, discovery is not an appropriate tool for Plaintiff to use to determine if he has the basis for a claim against Coastal. *See Micro Motion, Inc.*, 894 F.2d at 1327. Therefore, as was the case with respect to KDSR, granting leave to amend the Complaint would be futile. As a result, the undersigned **RECOMMENDS** that Plaintiff be denied leave to amend his negligence claim against Costal.

B.  <u>Plaintiff's Wrongful Death Claim under Virginia Law</u>

CECO and KDSR also seek dismissal of Plaintiff's wrongful death claim under Virginia law, arguing that it is preempted by general maritime law. ECF Nos. 59, 74. Because the arguments advanced are similar, the Court considers the motions together.

When a court exercises admiralty jurisdiction, it applies substantive maritime law. *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864 (1986) ("With admiralty jurisdiction comes the application of substantive admiralty law."). Maritime law is "an amalgam of traditional common-law rules, modifications of those rules, and newly created rules" compiled from various state and federal sources. *Id.* at 864–65. As such, federal courts may apply state law to supplement maritime law, but only if the applicable state law is "compatible with substantive maritime

policies" and not "inconsonant with the substance of federal maritime law." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 207 (1996). Accordingly, the application of state law in admiralty cases has clear limits. *See id.* State law may not be used to contradict general maritime law. *State of Md. Dep't of Natural Res. v. Kellum*, 51 F.3d 1220, 1226 (4th Cir. 1995); *Nieves v. Cooper Marine & Timberlands Corp.*, 2017 WL 3473807, at *6 (E.D. Ark. Aug. 11, 2017); *Yamaha*, 516 U.S. at 215 n.13. In other words, a court cannot apply state law if it conflicts with, or materially changes, federal maritime law. *See Nieves*, 2017 WL 3473807, at *6 (holding that plaintiff was preempted from recovering for mental anguish under Arkansas's wrongful death statute because general maritime law does not permit such recovery).

Here, Virginia's wrongful death statute allows a plaintiff to recover for damages that are not available under federal maritime law. Under Virginia law, a plaintiff may recover for mental anguish, which is not recoverable under federal maritime law. *See* Va. Code Ann. § 8.01-52; *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 585 n. 17 (1974) (narrowly superseded by statute as recognized in *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990)). Because Virginia's Wrongful Death Act conflicts with maritime law by providing additional avenues for recovery, the undersigned **FINDS** that Plaintiff's state law wrongful death claim is preempted by general maritime law. And because Plaintiff will be unable to allege additional facts to overcome the issue of preemption, the undersigned **RECOMMENDS** that Plaintiff be denied leave to amend his Virginia wrongful death claim.

## VII. RECOMMENDATION

For the reasons stated herein, the undersigned **RECOMMENDS** the following:

1. With respect to KDSR's Motion to Dismiss, ECF No. 54, the Court **RECOMMENDS** that Count IV, negligence, and Count VIII wrongful death, be **DISMISSED**, that leave to amend the Complaint be **DENIED**, and that KDSR be **DISMISSED** from the case.

11

2. With respect to Coastal's Motion to Dismiss, ECF No. 59, the Court **RECOMMENDS** that Count IV, negligence, and Count VIII, wrongful death, be **DISMISSED,** that leave to amend the Complaint be **DENIED,** and that Coastal be **DISMISSED** from the case.

3. With respect to CECO's Motion to Dismiss, ECF No. 73, the Court **RECOMMENDS** that Count VIII be **DISMISSED WITH PREJUDICE.**

## VIII. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. The United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to all counsel of record.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
September 29, 2023