IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of The Estate of CYNTHIA GARY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 2:22-cv-427 |
| UNITED STATES OF AMERICA, et al., ) ) ) ) | |
| Defendants. ) | |

**DEFENDANT METRO MACHINE CORP.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk ("NASSCO-Norfolk"), by counsel, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, files this Memorandum in Support of its Motion for Judgment on the Pleadings, which seeks dismissal of the claims asserted by the Plaintiff Douglas I. Hornsby ("Plaintiff"), Administrator of The Estate of Cynthia Gary ("Decedent").

**I.   INTRODUCTION**

Plaintiff's Amended Complaint contains only threadbare allegations regarding NASSCO-Norfolk and merely recites the elements of negligence. The Amended Complaint's only relevant factual allegations are that NASSCO-Norfolk was owner of the shipyard where work on the USS McFaul was taking place, that NASSCO-Norfolk was the prime contractor for the repairs, and that NASSCO-Norfolk had a safety officer on board. Beyond simply reciting the elements of negligence, there are no allegations related to the existence of a duty of care that *NASSCO-Norfolk* owed Decedent nor are their allegations as to how *NASSCO-Norfolk* breached the alleged duty. As such, Plaintiff has failed to allege sufficient facts to assert a plausible

negligence claim against NASSCO-Norfolk, and the claim must be dismissed.

Further, Plaintiff's claim under the Virginia wrongful death statute is precluded by federal maritime law, as the Virginia statute provides for remedies that are not available under federal maritime law. Since the claim is precluded, the claim must be dismissed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Decedent was an employee of Blue Staffing Agency and was assigned to work for Harbor Industrial Services, Inc. ("Harbor") aboard the USS McFaul at NASSCO-Norfolk's shipyard. (Am. Compl. ¶¶ 1-2, ECF No. 21). Harbor was working under a subcontract with Coastal Mechanical Systems, LLC. (*Id.* ¶ 20.) In addition to owning the shipyard, NASSCO-Norfolk was the prime contractor for repairs on the USS McFaul. (*Id.* ¶ 5.)

On March 15, 2021, Decedent was "position[ed] as a fire watch on the exterior side of a blow-in door for one of the [USS] McFaul's gas turbine engines." (*Id.* ¶ 21.) Plaintiff alleges that the blow-in door was not properly tagged out and was not disconnected from potential sources of energy. (*Id.* ¶ 25.) For an unexplained reason, the blow-in door suddenly and unexpectedly closed, crushing Decedent. (*Id.*) She died later that day. (*Id.* ¶ 28.) The Amended Complaint does not allege what caused the blow-in door to close nor does it allege any actions or omissions by NASSCO-Norfolk related to the blow-in door.

Three co-Defendants have already moved to dismiss the counts against them based on the same arguments that NASSCO-Norfolk will make below. (*See* ECF Nos. 54, 59, 73.) These motions were referred to United States Magistrate Judge Lawrence R. Leonard. (ECF No. 90.) Judge Leonard has issued a Report and Recommendation that recommends the negligence claims and Virginia wrongful death claim be dismissed with prejudice. (ECF No. 93.)

2

### III. LEGAL STANDARD

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are governed by the same, two-pronged standard as motions to dismiss under Rule 12(b)(6). *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). First, the court must isolate the well-pled factual allegations from mere conclusory statements and recitations of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Next, the court must determine whether the well-pled allegations, if presumed true, state a plausible claim for relief. *Id*. If not, dismissal is proper. *Id.*

### IV. ARGUMENT

#### A. The Amended Complaint Fails to State a Claim Against NASSCO-Norfolk.

A complaint must contain sufficient factual allegations and those allegations must be plausible. *Adiscov, LLC v. Autonomy Corp.*, 762 F. Supp. 2d 826, 829 (E.D. Va. 2011). For factual allegations to be sufficient, the complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To be plausible, plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and must go beyond "naked assetion[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 557. Plaintiff has failed to meet this burden.

The elements of a maritime negligence cause of action are essentially the same as a land-based negligence claim under common law. *Evergreen Int'l, S.A. v. Norfolk Dredging Co.*, 531 F.3d 302, 308 (4th Cir. 2008). The elements are: (1) the existence of a duty required by law that obligates a person to conform to a certain standard of conduct to protect others against unreasonable risks of harm; (2) a breach of said duty by engaging in conduct that falls below the applicable standard; (3) a causal connection between the improper conduct and the resulting injury; and (4) an

3

actual loss or injury to the plaintiff because of the improper conduct. *See Murray v. U.S.*, 215 F.3d 460, 463 (4th Cir. 2000).

Plaintiff does not allege facts sufficient to establish the elements of negligence. First, the Amended Complaint only contains a "naked assertion" that NASSCO-Norfolk owed the Decedent a duty of care. (*See* Am. Compl. ¶ 47.) Second, the Amended Complaint does not state which Defendants committed which alleged breach. (*See id.* ¶ 48.) It contains no allegations that could create even an inference that NASSCO-Norfolk breached the alleged duty. Third, Plaintiff does not include allegations explaining how NASSCO-Norfolk might be responsible for the acts or omissions of any co-Defendant. Instead, the allegations against NASSCO-Norfolk are nothing more than threadbare legal conclusions that do not provide a reasonable inference that NASSCO-Norfolk may be liable for any misconduct.[1] *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 561.

Therefore, Count IV should be dismissed with prejudice.[2]

### B. Maritime Law Preempts Virginia's Wrongful Death Statute.

Plaintiff seeks to hold NASSCO-Norfolk liable under Virginia's wrongful death statute in Count VIII. (Am. Compl. ¶ 71.) The remedies available under the general maritime law are different than the remedies available under Virginia law. Thus, the general maritime law preempts Plaintiff's state-law claim, and Count VIII must be dismissed.

When a court exercises admiralty jurisdiction, it applies substantive maritime law. *E.*

---

[1] The Amended Complaint contains six paragraphs related to NASSCO-Norfolk and, taken together, do not state a plausible claim for relief. The factual paragraphs allege that NASSCO-Norfolk has its principal office in Norfolk, Virginia; was the owner of the shipyard where Decedent was assigned to work; was the prime contractor for repairs; and had a safety officer. (Am. Compl. ¶¶ 5, 19, 24.) The remaining paragraphs are mere recitations of the elements of negligence. (*Id.* ¶¶ 47-49.)

[2] A party should not be given leave to amend when such amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). At the hearing on the co-Defendants motions to dismiss, Plaintiff acknowledged that "nobody knows what happened" and that Occupational Safety Health Administration's investigation was unable to explain why the blow-in door suddenly shut. (Hr'g Tr. 13:15-22, 14:4-6, 16:9-25.) As such, any amendment would be futile.

*River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864 (1986). Federal courts can only apply state law if the law is "compatible with substantive maritime policies" and not "inconsonant with the substance of federal maritime law." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 207 (1996). State law cannot be applied if it contradicts general maritime law. *State of Md. Dep't of Nat'l Res. V. Kellum*, 51 F.3d 1220, 1226 (4th Cir. 1995).

Virginia's wrongful death statute is not compatible with substantive maritime law, as it provides remedies that are not available under substantive maritime law. For example, Virginia law allows a plaintiff to recover for mental anguish, while federal maritime law does not. *See* Va. Code Ann. § 8.01-52; *Sea-LandServices, Inc. v. Gaudet*, 414 U.S. 573, 585 n.17 (1974). Thus, federal maritime law preempts the state law claim.

Further, state law remedies are only available when "[1] no federal statute specifies the appropriate relief and [2] the decedent is not a seaman, longshore worker, or person otherwise engaged in maritime trade." *Yamaha*, 516 U.S. at 202. Under the second prong, non-seafarers are "persons who are neither seamen covered by the Jones Act nor longshore workers covered by the Longshore and Harbor Workers' Compensation Act ("LHWCA")." *Id.* at 205 n.2. Plaintiff specifically alleges that the Decedent "was a harbor worker within the meaning of the Longshore and Harbor Workers' Compensation Act[.]" (Am. Compl. ¶ 2.) As such, Plaintiff's claim is preempted.

Therefore, Count VIII must be dismissed with prejudice.

V. **CONCLUSION**

For the foregoing reasons, Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk, respectfully requests an order dismissing the claims against it with prejudice under Rule 12(c) and granting all other just relief.

        Respectfully submitted,

        METRO MACHINE CORP.,
        D/B/A GENERAL DYNAMICS NASSCO-NORFOLK

By:    /s/ *Lynn K. Brugh, IV*
        Lynn K. Brugh, IV
        Virginia State Bar No. 36778
        Counsel for Defendant
        WILLIAMS MULLEN
        200 South 10th Street, Suite 1600
        Richmond, Virginia 23219
        Telephone: (804) 420-6461
        Facsimile: (804) 420-6507
        lbrugh@williamsmullen.com

John Arch Irvin
Virginia State Bar No. 97044
Counsel for Defendant
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6140
Facsimile: (804) 420-6507
jirvin@williamsmullen.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

        By:   /s/ *Lynn K. Brugh, IV*
        Lynn K. Brugh, IV
        Virginia State Bar No. 36778
        Counsel for Defendant
        WILLIAMS MULLEN
        200 South 10th Street, Suite 1600
        Richmond, Virginia 23219
        Telephone: (804) 420-6461
        Facsimile: (804) 420-6507
        lbrugh@williamsmullen.com