IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DOUGLAS I. HORNSBY, Administrator**
of the Estate of CYNTHIA GARY,

      **Plaintiff,**

v.        Case No. 2:22cv427

**UNITED STATES of AMERICA, et al.,**

      **Defendants.**

### PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATIONS

The Plaintiff, by counsel, makes the following objections to the Report and Recommendations of the United States Magistrate Judge, *ECF No. 93*.

### BACKGROUND

Cynthia Gary died onboard the U.S.S. McFaul when she was crushed to death by a blow-in door that suddenly and unexpectedly closed on her. *ECF No. 21 at ¶¶ 21, 27*. At the time Gary was a contractor who was assigned by her employer to work under a subcontract with defendant Coastal Mechanical Systems, Inc. *ECF No. 21 at ¶ 20*.[1] Gary was stationed as fire watch on the exterior side of the blow-in door. The door was tagged-out in

---

[1] The employer, Harbor Industrial Services, Inc., was dismissed from this case by consent Order. *ECF No. 88*.

the open position while work was being done on the interior side of the door. *ECF No. 21 at ¶ 21*. At the time, defendant KD Shipyard Repair, LLC, was working on the *McFaul* under a contract for work on the switchboard that controlled the blow-in door, which was defective. *ECF No. 21 at ¶ 23, 26*. Defendant CECO Environmental Corp. is the manufacturer of the door. *ECF No. 21 at ¶ 10*.

The Plaintiff, administrator of Gary's estate, filed an Amended Complaint against Coastal, KDSR, CECO, and others. The Amended Complaint alleged a count for negligence against Coastal and against KDSR, *ECF No. 21 at ¶ 46-49*, and counts for negligence and breach of warranty against CECO. *ECF No. 21 at ¶ 50-69*. The Amended Complaint also alleges a state law wrongful death claim under Va. Code § 8.01-50, et. seq. against all Defendants. *ECF No. 21 at ¶ 70-71*.

Defendants Coastal and KDSR moved to dismiss the Amended Complaint for failure to allege facts sufficient to state a claim. *ECF Nos. 54 and 59*. Defendant KDSR also argued that the state law wrongful death claim was preempted by federal maritime law. *ECF No. 55*. Defendant CECO moved to dismiss the state law wrongful death claim because it was preempted by federal maritime law. *ECF No. 74*.

The Magistrate Judge's Report and Recommendation recommended:

1. That the claims against KDSR be dismissed and that leave to amend should be denied;

2. That the claims against Coastal be dismissed and that leave to amend should be

denied;

3. That the state law wrongful death claim should be dismissed with prejudice.

## STANDARD OF REVIEW

A district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Fed. Rule Civ. Proc. 72(b)(3); 28 U.S.C. § 636(b)(1)(C)*. The district judge must give "fresh consideration" to the issues raised by objections. *United States v. Raddatz, 447 U.S. 667, 675 (1980).* The magistrate's recommendation "carries no presumptive weight, and the district court may accept, reject or modify the report, in whole or in part, and may recommit the matter to the magistrate judge with instructions." *Halloway v. Bashara, 176 F.R.D. 207, 209-210 (E.D. Va. 1997).* The district judge has discretion to consider new evidence in considering objections to the magistrate's recommendation. *Fed. R. Civ. P. 72(b)(3); Prototype Prods. v. Reset, Inc., 844 F. Supp. 2d 691, 696 (E.D. Va. 2012)*.

### OBJECTION 1: Leave to Amend Should be Granted as to the claims against Coastal Mechanical Systems, Inc.

Leave to amend should be given "freely . . . when justice so requires." *Fed. R. Civ. P. 15(a)(2)*. The Magistrate Judge's Report and Recommendation concluded that leave to amend as to Coastal would be futile. However, there are additional facts that would support a claim against Coastal if the Plaintiff is granted leave to amend.

As alleged, Gary was assigned by her employer to work under a subcontract with Coastal, *ECF No. 21 at ¶ 20*. She was positioned as fire watch on the exterior of the blow-in door. *ECF No. 21 at ¶ 21*. The door had not been properly tagged out to prevent it from closing. *ECF No. 21 at ¶ 25*. As explained at the hearing, Coastal was performing welding work on the interior side of the door. *ECF No. 93 at 10*.

These facts are sufficient to support the allegations in Paragraph 48 of the Amended Complaint that Coastal breached its duty to (a) warn Gary of the dangers of the blow-in door and (b) to ensure that the blow-in door had been properly tagged-out and secured by the crew of the McFaul while it was doing its work. *ECF No. 21 at ¶ 48*.

Based on an OSHA report obtained via a freedom of information act request, it would also be alleged that:

a. Because Coastal's welding was 'hot work,' Coastal required a fire watch;

b. Coastal requested that Gary's employer, Harbor, station someone as fire watch;

c. Coastal knew that Harbor was using temporary workers such as Gary as fire watch;

d. Coastal was aware that the blow-in door was in an open position during its work, and that an open door was a hazard;

e. Coastal was aware of tag out procedures, but did not verify that the door had been properly tagged out to prevent it from closing.

*See OSHA report, attached as Exhibit A*.

Moreover, even though it is presently not known why Gary inserted herself in the open

door or why the door suddenly closed, these unknowns do not prevent a finding that Coastal was negligent for failing to warn Gary that the door was dangerous and that she should not under any circumstances put herself through the door or that Coastal was negligent for failing to ensure that the door was properly tagged out so that it could not accidentally close while the welding work was being performed and a fire watch near the door was required.

Because facts can be alleged to support a claim against Coastal for negligence, leave to amend is warranted.

### OBJECTION 2: The Dismissal of KD Shipyard Repair, LLC Should be Without Prejudice

Whether a dismissal under Rule 12(b)(6) is with or without prejudice is within this Court's discretion. *Carter v. Norfolk Community Hosp. Assoc., 761 F.2d 970, 974 (4th Cir. 1985)*. KDSR was a contractor performing work on the defective switchboard that controlled the blow-in door. As the Plaintiff conceded at argument before the magistrate judge, it is not known at this time why the door suddenly closed on Gary. *ECF No. 92 at 8*. However, since this case is still at the pleading stage, little discovery has been done and no depositions have been taken. Because this case will continue against the United States and other defendants, discovery may develop facts which would show negligence by KDSR related to its work on the switchboard. Accordingly, KDSR should be dismissed without prejudice so that an amended complaint can be filed stating a claim against KDSR at a later time if supported by facts learned in discovery.

## Conclusion

For the foregoing reasons, the Plaintiff requests that leave to amend be granted as to defendant Coastal Mechanical Systems, Inc., and that defendant KD Shipyard Repair, LLC be dismissed without prejudice.

    Respectfully submitted,
**DOUGLAS I. HORNSBY, Administrator
of the Estate of CYNTHIA GARY**

By: \_\_\_\_/s/ Andrew M. Hendrick_____
Robert J. Haddad, Esq.
VSB No. 22298
Andrew M. Hendrick, Esq.
VSB No. 42852
Attorneys for Plaintiff
RULOFF, SWAIN, HADDAD, MORECOCK,
  TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
rhaddad@srgslaw.com
ahendrick@srgslaw.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of June, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Garry D. Hartlieb, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510-1671
garry.hartlieb@usdoj.gov
*Attorney for Defendant United States*

Malinda R. Lawrence, Esq.
Darren E. Myers, Esq.
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
175 N Street, NE, 8th Floor
Washington, DC 20002
Malinda.R.Lawrence@usdoj.gov
Darren.E.Myers@usdoj.gov
*Attorneys for Defendant United States*

John Arch Irvin, Esq.
Lynn Kanaga Brugh , IV, Esq.
Williams Mullen
200 South 10th Street
Suite 1600
Richmond, VA 23219
804-420-6140
jirvin@williamsmullen.com
lbrugh@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp. doing business as General Dynamics NASSCO-Norfolk*

Jason R Harris, Esq.
Cranfill Sumner, LLP
PO Box 1950
Wilmington, NC 28402
910-524-9510
Fax: 910-777-6111
jharris@cshlaw.com
*Attorney for Defendant Coastal Mechanical Systems, LLC*

Edward James Powers, Esq.
Dustin Mitchell Paul, Esq.
Allison M. Mentch, Esq.
Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
757-446-8600
Ed.Powers@wrvblaw.com
Dustin.Paul@wrvblaw.com
alli.mentch@wrvblaw.com
*Attorneys for Defendant Advanced Integrated Technologies, LLC*

| | |
|---|---|
| James L. Chapman , IV, Esq.<br>Alexander Ryan McDaniel, Esq.<br>Crenshaw, Ware & Martin, P.L.C.<br>150 West Main Street<br>Suite 1923<br>Norfolk, VA 25310<br>757-623-3000<br>jchapman@cwm-law.com<br>amcdaniel@cwm-law.com<br>*Attorneys for Defendant KD Shipyard Repairs, LLC* | William Benjamin Woody, Esq.<br>Harman Claytor Corrigan & Wellman<br>1900 Duke Street, Suite 210<br>Alexandria, VA 22314<br>703-544-2320<br>Fax: 804-747-6085<br>bwoody@hccw.com<br>*Attorney for Defendant CECO Environmental Corp.*<br><br>Dannel Charles Duddy, Esq.<br>Stanley Paul Wellman, Esq.<br>Harman Claytor Corrigan & Wellman<br>PO Box 70280<br>Richmond, VA 23255<br>804-622-1107<br>Fax: 804-747-6085<br>dduddy@hccw.com<br>swellman@hccw.com<br>*Attorneys for Defendant CECO Environmental Corp.* |

   /s/ Andrew M. Hendrick
Robert J. Haddad, Esq.
VSB No. 22298
Andrew M. Hendrick, Esq.
VSB No. 42852
*Attorneys for Plaintiff*
RULOFF, SWAIN, HADDAD, MORECOCK,
  TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone:  (757) 671-6036
Facsimile: (757) 671-6004
rhaddad@srgslaw.com
ahendrick@srgslaw.com