UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES of AMERICA, <br><br> METRO MACHINE CORP., d/b/a GENERAL DYNAMICS NASSCO-NORFOLK, <br><br> HARBOR INDUSTRIAL SERVICES, INC., <br><br> COASTAL MECHANICAL SYSTEMS, LLC, <br><br> ADVANCED INTEGRATED TECHNOLOGIES, LLC, <br><br> KD SHIPYARD REPAIRS, LLC, <br><br> And <br><br> CECO ENVIRONMENTAL CORP., <br><br> Defendants. | **CIVIL ACTION NO. 2:22-CV-427** |

**COASTAL MECHANICAL SYSTEMS, LLC'S RESPONSE TO PLAINTIFF'S
<u>OBJECTIONS TO REPORT AND RECOMMENDATIONS</u>**

Defendant Coastal Mechanical Systems, LLC ("Coastal"), states the following in response to Plaintiff's Objection to the Report and Recommendations of the United States Magistrate Judge. ECF No. 96:

**Introduction and Background**

Magistrate Judge Leonard correctly recommended that Coastal's Rule 12(b)(6) motion to dismiss be granted, all claims against it be dismissed, and leave to amend the complaint be denied. ECF No. 93. Plaintiff filed Objections to Judge Leonard's Report and Recommendations and seeks leave to amend yet again in order to add still more threadbare allegations to those already alleged in the operative Amended Complaint. Coastal requests that the Court uphold and adopt the Magistrate's well-reasoned Report and Recommendations, overrule Plaintiff's objections and not allow Plaintiff's proposed amendment which would effectively issue a permit for a post-hoc fishing expedition out-of-season.

**Standard of Review**

"The district judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions." Fed. R. Civ. P. 72(b)(3).

The decision of whether to consider new evidence that an objecting party presents "rests within the sound discretion of the district court." *In re Zetia (Ezetimibe) Antitrust Litig.*, 342 F.R.D. 95, 102 (E.D. Va. 2022). Attempts to raise new evidence in an objection are disfavored. *Virgin Enterprises Ltd. v. Virgin Cuts, Inc.*, 149 F. Supp. 2d 220, 223 (E.D. Va. 2000) (citing *Callas v. Trane CAC, Inc.,* 776 F.Supp. 1117 (W.D. Va. 1990), *aff'd,* 940 F.2d 651 (4th Cir. 1991)). The Court may also reject perfunctory or rehashed objections that amount to "a second opportunity to present the arguments already considered by the Magistrate–Judge." *Hartfield v. Colvin*, No. 2:16-

CV-431, 2017 WL 4269969, at *5 (E.D. Va. Sept. 26, 2017) (citing *Gonzalez-Ramos v. Empresas Berrios, Inc.*, 360 F. Supp. 2d 373, 376 (D.P.R. 2005)).

### Argument

I.  **Reliance on an OSHA document presented now for the first time as an Exhibit to Plaintiff's objection is inappropriate, the objection is perfunctory, and should be denied.**

As it relates to Coastal, the only objection to the Magistrate's report and recommendations is that leave to amend should be granted a second time to add more allegations which Plaintiff construes or contrives from an OSHA report attached as Exhibit A. Plaintiff asks the Court to rely on multiple levels of inadmissible hearsay and agency conclusory remarks to support their request to go fishing (again) for a conclusion that they concede not even the government was able to establish because in reality, as Plaintiff admits, "nobody knows what happened" ECF No. 92 at 14:1-6.[1]

OSHA reports and/or violations are generally not admissible to show negligence, s*ee Davis v. Hebden, Schilbe & Smith, Inc.*, 52 F.3d 320 (4th Cir. 1995). The conclusions contained in an OSHA report are not binding upon this court, as they contain multiple levels of hearsay, without an applicable exception at each level to permit admissibility.

Inasmuch as Plaintiff's objection is based on the OSHA report, presented to the Court now for the first time, it is not proper. Plaintiff admits to having the report prior to the hearing on the subject motions before the Magistrate Judge,

In *Callas*, the Western District of Virginia, in its discretion, declined to consider an affidavit submitted after the magistrate had filed his report and recommendations stating that "a

---

[1] Coastal's evidence would be that Plaintiff's decedent was working for and supervised by Harbor Industrial, an independent subcontractor, and, for no known (or knowable) reason, at the time of her death she was somewhere she was not assigned to be working. ECF No. 92 at 24:13–25, 25:1.

party may not 'hold back' in the proceeding before the magistrate, hoping to submit additional affidavits or exhibits to the district judge in objection to the magistrate's determination." *Callas v. Trane CAC, Inc.*, 776 F.Supp. at 1119. Even though the court recognized the ability to receive additional evidence as part of its *de novo* review of the magistrate's report and recommendations, since "the defendants could have, and should have, offered th[e] evidence much sooner," the court refused to incentivize such tactics. *Id.* When analyzing the *Callas* decision in *Virgin Enterprises Ltd.*, this Court applied the same reasoning to exclude new evidence only presented on objection to the magistrate's report, and cited the following rationale:

> While there may be cases in which the receipt of further evidence is appropriate, there are substantial reasons for declining to do so as a general matter. First, permitting such piecemeal presentation of evidence is exceptionally wasteful of time of both the magistrate and district judges, the former having been compelled to write an arguably useless report based on less than the universe of relevant evidence and the latter being deprived of the benefit of the magistrate judge's considered view of the entire record. Second, opposing parties would be put to the burden of proceedings which, to a considerable degree, would be duplicative. Third, there would be instances in which parties would be encouraged to withhold evidence, particularly evidence which might be embarrassing as well as helpful on the merits, in the expectation of using it before the district judge only if they fail to prevail before the magistrate judge on a more abbreviated showing. Finally, the routine consideration of evidence in support of objections which could have been presented before the magistrate judge would reward careless preparation of the initial papers.

*Virgin Enterprises Ltd.*, 149 F. Supp. 2d at 223–24 (quoting *Morris v. Amalgamated Lithographers of America*, 994 F.Supp. 161 (S.D.N.Y. 1998)). The same reasoning should apply here.

First, allowing Plaintiff to now present "additional" allegations against Coastal is wasteful of the time of both the Magistrate Judge, your honor, and the parties to this case. There is no explanation from Plaintiff as to why this new exhibit should be considered now, and not at or prior to the hearing of this matter before the Magistrate Judge. It is clear from the record that Plaintiff

received and reviewed the OSHA report, attached as an exhibit to the objection, prior to the hearing. ECF No. 92 at 13:15-22 ("Mr. Haddad: … We got a redacted OSHA report that didn't really help much. So we sued the government and say, okay, let's start looking into this, see what happened.").

Second, since Plaintiff actually had the OSHA report on which they now base their objection, any further proceedings on this issue are duplicative. Plaintiff apparently had the exact same information at the time of the subject motions and hearing as it does now. Reference to it is unreliable, irrelevant and neither changes nor adds anything new and it should be disregarded.

Third, allowing Plaintiff's objection to be considered would encourage other parties to make similar arguments in the future, in an attempt to sidestep an issue referred by this Court to the learned Magistrate Judge who clearly gave significant attention to the presentations of the parties. In order to conserve judicial resources, this type of practice should be discouraged.

Plaintiff's objection is perfunctory and merely an attempt to get (through tardy and inappropriate means) another opportunity to present the arguments already considered by the Magistrate Judge. There is no explanation from Plaintiff as to how the Magistrate Judge erred in coming to its report and recommendation, other than Plaintiff simply disagrees with the outcome. Plaintiff simply restates points made at the hearing, and that have clearly already been considered by the Magistrate Judge.

Accordingly, the Court should reject Plaintiff's objection and adopt the magistrate's report and recommendation.

II. **Even if this Court considers Plaintiff's objection, and reviews this matter *de novo*, Plaintiff's purported attempts to amend the complaint remain futile.**

Plaintiff's proposed amendments still fail to state a claim against Coastal, and therefore leave to amend is not warranted. It is well-established that leave to amend is freely given, unless

the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). An amendment is futile where the amended complaint could not survive a Rule 12(b)(6) motion by the party opposing the amendment. *Id.*

Here, the Magistrate Judge considered the briefs and arguments of the parties, and correctly determined that leave to amend would be futile. The proposed addition of allegations by Plaintiff in its objection does not change the analysis. Taking the allegations against Coastal as true (which Coastal denies), the Magistrate Judge's report and recommendations should still be adopted, without any modification.

There is still no factual predicate providing the basis for Plaintiff's conclusion that Coastal had any of the duties alleged, or that any of Coastal's duties were breached. At the hearing of this matter, Plaintiff alleged that Coastal was performing welding work in the incident area. In its objection, Plaintiff states that this fact, in combination with those alleged in the Amended Complaint, are "sufficient to support the allegations in Paragraph 48 of the Amended Complaint that Coastal breached its duty to (a) warn Gary of the dangers of the blow-in door and (b) to ensure that the blow-in door had been properly tagged-out and secured by the crew of the McFaul while it was doing its work." ECF No. 96. However, in its Amended Complaint, Plaintiff makes clear that *other parties* were in control of the blow-in door and in charge of supervising Plaintiff's decedent, ECF No. 21 at ¶¶ 20–32, and nothing in the OSHA report substantiates this factual allegation, ECF 96-1. There is no allegation that Coastal had any direct supervisory role as to Plaintiff's decedent, or control over the area where the incident occurred at the time it occurred. Any such purported additional allegations (which would of course be denied by Coastal) are merely restatements of the same facts considered by the Magistrate Judge.

In any event, in Virginia, it is clear that a contractor is not liable for the acts of a subcontractor absent an agency or master-servant relationship. *See McDonald v. Hampton Training Sch. for Nurses,* 254 Va. 79, 81, 486 S.E.2d 299, 300–01 (1997) ("the doctrine of *respondeat superior* imposes tort liability on an employer for the negligent acts of its employees, *i.e.,* its servants, but not for the negligent acts of an independent contractor); *see also Norfolk & W. Ry. Co. v. Johnson,* 207 Va. 980, 983, 154 S.E.2d 134, 137 (1967); *Smith v. Grenadier,* 203 Va. 740, 747, 127 S.E.2d 107, 112 (1962); *Griffith v. Electrolux Corp.,* 176 Va. 378, 387, 11 S.E.2d 644, 648 (1940); Restatement (Second) of Torts § 409 ("the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants"); Restatement (Second) of Agency § 250 (liability does not pass to "[a] principal ... for physical harm caused by the negligent physical conduct of a non-servant agent during the performance of the principal's business, if he neither intended nor authorized the result nor the manner of performance, unless he was under a duty to have the act performed with due care"). Allegations under a theory of respondeat superior are only proper as against an employee's employer. *Carter v. Dominion Energy, Inc.*, 529 F. Supp. 3d 525, 538 (W.D. Va. 2021).

As well-explained in the magistrate's report, Plaintiff should not be permitted to engage in a discovery fishing expedition in order to explore whether there is a viable claim against Coastal. ECF No. 93 at 8–10. The viable claim must come first. Plaintiff's counsel admitted that "nobody knows what happened," ECF No. 92 at 14:4–6, and acknowledged discovery is required to assess which claims are plausible, *id.* at 20:8–12. In its objection, Plaintiff doubles down on this lack of knowledge and further shows why claims may not be pursued against Coastal:

> Moreover, even though it is presently not known why Gary inserted herself in the open door or why the door suddenly closed, these unknowns do not prevent a finding that Coastal was negligent for failing to warn Gary that the door was dangerous and that she should not

> under any circumstances put herself through the door or that Coastal was negligent for failing to ensure that the door was properly tagged out so that it could not accidentally close while the welding work was being performed and a fire watch near the door was required.

ECF No. 96 at 4–5.

The unknowns *do* prevent a finding that Coastal could have been negligent here. There is no factual allegation that Coastal had any of these alleged duties or in what manner it allegedly breached them other than pointing to the fatality itself—instead, it is mere speculation on the part of Plaintiff.  In the most general of terms, it is undisputable that contractors and *everyone* on board the vessel had certain legal duties; however, the fact that an incident occurred does not mean a duty was breached. By way of analogy, simply because a car is found in a ditch on the side of the road does not mean that another driver who was in the vicinity at the time breached a duty to the ill-fated motorist. Instead, there must be some set of facts that ties another driver to a specific duty to that specific car, and a breach of that duty resulting in the incident—there must be a set of facts that takes threadbare conclusory allegations "over the line" to asserting a plausible claim. Here, Plaintiff has not crossed that line.

Plaintiff fails to associate a connection between the fatality, duties of parties in the vicinity, and any actual or specific misconduct by Coastal.[2] The new proposed allegations are not even tethered to a new fact in the OSHA report or elsewhere, let alone a new party or witness statement. The Court should deny Plaintiff's request for a license to fish this late in (if not out of) the season; the effort is futile.

---

[2] "In other words, did [Coastal] have someone carrying a ladder aboard the ship, and they knocked the door, and it closes or something like that? Did somebody inadvertently push something or pull something or is it -- was there a contention here of indirect liability that we are somehow responsible for our independent contractor, and we cited the cases in our reply brief, Your Honor. I think the law is pretty clear that in these circumstances, and the factual circumstances that exist, our client is not going to be responsible, legally or factually, for any errors and lack of oversight that Harbor may have had on their employee or statutory employee." ECF No. 92 at 23: 1-12.

**Conclusion**

The proposed new allegations are perfunctory, threadbare, futile and they do not warrant a fishing expedition. For the reasons stated herein, Coastal respectfully requests this Court adopt the magistrate's report and recommendation.

Respectfully submitted this the 27th day of October, 2023.

                **CRANFILL SUMNER LLP**

By:    /s/ Jason R. Harris_____
        JASON R. HARRIS
        V.A. Bar No. 96594
        5535 Currituck Drive, Suite 210
        P.O. Box 1950
        Wilmington, NC 28402
        Telephone (910) 777- 6000
        Facsimile (910) 777 – 6111
        Email: jharris@cshlaw.com
        *Attorneys for Defendant Coastal*
        *Mechanical Systems, LLC*

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document *Coastal Mechanical Systems, LLC's Response to Plaintiff's Objections to Report and Recommendations* with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Robert John Haddad
Andrew Mitchell Hendrick
Ruloff Swain Haddad Morecock
Talbert & Woodward, PC
317 30th St.
Virginia Beach, VA 23451
rhaddad@srgslaw.com
ahendrick@srgslaw.com
*Attorneys for Plaintiff*

Edward J. Powers
Dustin M. Paul
Allison M. Mentch
Woods Rogers Vanderventer Black
101 West Main St., Suite 500
Norfolk, VA 23510
Edward.Powers@wrvblaw.com.
Dustin.Paul@wrvblaw.com
Alli.Mentch@wrvblaw.com
*Attorneys for Defendant, Advanced Integrated Technologies, LLC*

James L. Chapman, IV
Alexander R. McDaniel
Crenshaw, Ware & Martin, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, VA 23510
jchapman@cwm-law.com
amcdaniel@cwm-law.com
*Attorneys for Defendant KD Shipyard Repairs, LLC*

Lynn K. Brugh, IV
John A. Irvin
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, VA 23219
lbrugh@williamsmullen.com
jirvin@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk*

W. Benjamin Woody
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, VA 22314
bwoody@hccw.com
*Attorney for Defendant, CECO Environmental Corporation*

Garry D. Hartlieb
Malinda Robbin Lawrence
Darren Earl Myers
United States Department of Justice
Civil Division
175 N Street, NE
Suite 8.129
Washington, DC 20002
Garry.hartlieb@usdoj.gov
Malinda.r.lawrence@usdoj.gov
Darren.e.myers@usdoh.gov
*Attorneys for Defendant United States of America*

This the 27th day of October, 2023.

CRANFILL SUMNER LLP

By:   /s/ Jason R. Harris_____
      Jason R. Harris