UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES of AMERICA, <br><br> METRO MACHINE CORP., d/b/a GENERAL DYNAMICS NASSCO-NORFOLK, <br><br> HARBOR INDUSTRIAL SERVICES, INC., <br><br> COASTAL MECHANICAL SYSTEMS, LLC, <br><br> ADVANCED INTEGRATED TECHNOLOGIES, LLC, <br><br> KD SHIPYARD REPAIRS, LLC, <br><br> And <br><br> CECO ENVIRONMENTAL CORP., <br><br> Defendants. | **CIVIL ACTION NO. 2:22-CV-427** |

**COASTAL MECHANICAL SYSTEMS, LLC'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS**

    **NOW COMES** Defendant Coastal Mechanical Systems, LLC, ("Coastal") by and through undersigned counsel in Support of its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), which seeks dismissal of Count VIII asserted by Plaintiff Douglas I. Hornsby ("Plaintiff"), Administrator of The Estate of Cynthia Gary ("Decedent"):

## Introduction and Background

Plaintiff's Amended Complaint contains allegations that the defendants are liable, jointly and severally to Plaintiff under Virginia's wrongful death statute, Va. Code § 8.01-50, et seq. ECF No. 21 at ¶ 71.

Plaintiff's claim under the Virginia wrongful death statute is precluded by federal maritime law, as the Virginia statute provides for remedies that are not available under federal maritime law. Since the claim is precluded, the claim must be dismissed.

Coastal previously moved this Court to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 59. The motion along with those of two co-Defendants, ECF Nos. 54 and 73, were referred to United States Magistrate Judge Lawrence R. Leonard. ECF No. 90. Judge Leonard has issued a Report and Recommendations, ECF No. 93, that recommends that Count IV, negligence and Court VIII, wrongful death be dismissed, that leave to amend the Complaint be denied and that Coastal be dismissed from the case. Plaintiff's Objections to the Report and Recommendations do not contest the Magistrate's conclusions that the Virginia claim is precluded by admiralty law. ECF No. 96.

## Legal Standard

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are governed by the same, two-pronged standard as motions to dismiss under Rule 12(b)(6). *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). First, the court must isolate the well-pleaded factual allegations from mere conclusory statements and recitations of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Next, the court must determine whether the well-pleaded allegations, if presumed true, state a plausible claim for relief. *Id*. If not, dismissal is proper. *Id.*

**Argument**

Plaintiff seeks to hold Coastal liable under Virginia's wrongful death statute in Count VIII. (Am. Complaint ¶ 71.) The remedies available under the general maritime law are different than the remedies available under Virginia law. Thus, the general maritime law preempts Plaintiff's state-law claim, and Count VIII must be dismissed, for the reasons stated herein and those proffered by CECO and KDSR, ECF Nos. 74 and 55 respectively. Furthermore, Plaintiff has not objected to the Magistrate Judge's report and recommendation on the issue of preemption, and therefore Coastal requests that this Court adopt the Magistrate Judge's ruling on this issue as to all applicable parties, including Coastal.

When a court exercises admiralty jurisdiction, it applies substantive maritime law. *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864 (1986). Federal courts can only apply state law if the law is "compatible with substantive maritime policies" and not "inconsistent with the substance of federal maritime law." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 207 (1996). State law cannot be applied if it contradicts general maritime law. *State of Md. Dep't of Nat'l Res. V. Kellum*, 51 F.3d 1220, 1226 (4th Cir. 1995).

Further, state law remedies are only available when "[1] no federal statute specifies the appropriate relief and [2] the decedent is not a seaman, longshore worker, or person otherwise engaged in maritime trade." *Yamaha*, 516 U.S. at 202. Under the second prong, non-seafarers are "persons who are neither seamen covered by the Jones Act nor longshore workers covered by the Longshore and Harbor Workers' Compensation Act ("LHWCA")." *Id.* at 205 n.2. Plaintiff specifically alleges that the Decedent "was a harbor worker within the meaning of the Longshore and Harbor Workers' Compensation Act[.]" (Am. Complaint ¶ 2.)

Virginia's wrongful death statute is not compatible with substantive maritime law, as it provides remedies that are not available under substantive maritime law. For example, Virginia law allows a plaintiff to recover for mental anguish, while federal maritime law does not. *See* Va. Code Ann. § 8.01-52; *Sea-LandServices, Inc. v. Gaudet*, 414 U.S. 573, 585 n.17 (1974). Thus, federal maritime law preempts the state law claim. *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, (1970); *Yamaha*, 516 U.S. 199; *Nieves v. Cooper Marine & Timberlands Corp.*, No. 3:15CV00350 JLH, 2017 WL 3473807, at *7 (E.D. Ark. Aug. 11, 2017) (finding the Arkansas state wrongful death statute preempted by general maritime law).

Therefore, Count VIII must be dismissed with prejudice.

## Conclusion

For the reasons stated herein, Coastal respectfully requests this Court enter an order under Federal Rule of Civil Procedure 12(c), dismissing Count VIII against Coastal with prejudice, and any such further relief as may be just and proper.

Respectfully submitted this the 27th day of October, 2023.

**CRANFILL SUMNER LLP**

By: /s/ Jason R. Harris
JASON R. HARRIS
V.A. Bar No. 96594
5535 Currituck Drive, Suite 210
P.O. Box 1950
Wilmington, NC 28402
Telephone (910) 777- 6000
Facsimile (910) 777 – 6111
Email: jharris@cshlaw.com
*Attorney for Defendant Coastal Mechanical Systems, LLC*

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document *Coastal Mechanical Systems, LLC's Memorandum in Support of its Motion for Judgment on the Pleadings* with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Robert John Haddad
Andrew Mitchell Hendrick
Ruloff Swain Haddad Morecock
Talbert & Woodward, PC
317 30th St.
Virginia Beach, VA 23451
rhaddad@srgslaw.com
ahendrick@srgslaw.com
*Attorneys for Plaintiff*

Edward J. Powers
Dustin M. Paul
Allison M. Mentch
Woods Rogers Vanderventer Black
101 West Main St., Suite 500
Norfolk, VA 23510
Edward.Powers@wrvblaw.com.
Dustin.Paul@wrvblaw.com
Alli.Mentch@wrvblaw.com
*Attorneys for Defendant, Advanced Integrated Technologies, LLC*

James L. Chapman, IV
Alexander R. McDaniel
Crenshaw, Ware & Martin, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, VA 23510
jchapman@cwm-law.com
amcdaniel@cwm-law.com
*Attorneys for Defendant KD Shipyard Repairs, LLC*

Lynn K. Brugh, IV
John A. Irvin
Williams Mullen
200 South 10th Street, Suite 1600
Richmond, VA 23219
lbrugh@williamsmullen.com
jirvin@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk*

W. Benjamin Woody
Harman, Claytor, Corrigan & Wellman
1900 Duke Street, Suite 210
Alexandria, VA 22314
bwoody@hccw.com
*Attorney for Defendant, CECO Environmental Corporation*

Garry D. Hartlieb
Malinda Robbin Lawrence
Darren Earl Myers
United States Department of Justice
Civil Division
175 N Street, NE
Suite 8.129
Washington, DC 20002
Garry.hartlieb@usdoj.gov
Malinda.r.lawrence@usdoj.gov
Darren.e.myers@usdoh.gov
*Attorneys for Defendant United States of America*

This the 27th day of October, 2023.

                            CRANFILL SUMNER LLP
                            By:   /s/ Jason R. Harris_____
                                  Jason R. Harris