IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY,<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA, METRO MACHINE CORP., d/b/a GENERAL DYNAMICS NASSCO-NORFOLK, HARBOR INDUSTRIAL SERVICES, INC., *et al*.<br><br>**Defendants.** | Civil No: 2:22-cv-427-RBS-LRL |

**OPPOSITION OF KD SHIPYARD REPAIRS, LLC TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATIONS**

Defendant KD Shipyard Repairs, LLC ("KDSR"), by counsel, states as follows for its Opposition to Plaintiff's Objection to the Magistrate's Report and Recommendation:

**Introduction and Background**

Following briefing and a hearing, Magistrate Judge Leonard issued a well-reasoned Report and Recommendation (ECF No. 93) (the "R&R"), which recommended:

(1) finding that Plaintiff's Amended Complaint fails to state sufficient facts to state a claim of negligence against KDSR[1],
(2) finding that Plaintiff's Virginia Wrongful Death Act claim is preempted by federal maritime law, and
(3) that leave to amend should not be granted because Plaintiff's counsel conceded that he did not have the facts and that discovery would be required to obtain them.

The Magistrate Judge concluded by recommending dismissal of the claims against KDSR in their

---

[1] Plaintiff's counsel admitted at the hearing that the Amended Complaint was "woefully short of facts" and that "nobody knows what happened." ECF No. 93 at 8; ECF No. 92 at 13:15-22, 14:4-6.

entirety and KDSR's dismissal from the case.

In its objection to the R&R, Plaintiff does not dispute *any* of the Magistrate Judge's findings or rulings relating to KDSR. Rather, Plaintiff argues that the claims against KDSR should be dismissed without prejudice. Plaintiff reiterates that he does not have facts to support a claim against KDSR *now*, but that *if* those facts could be developed *later*, Plaintiff would seek to bring KDSR back into the case. ECF No. 96 at 5. Judge Leonard correctly observed, however, that discovery is not intended to investigate potential claims, but to find support for properly pleaded claims. ECF No. 93 at 8.

Plaintiff previously filed an Amended Complaint after receiving initial written discovery from the United States and conducting an inspection of the *McFaul*. Further amendment would be futile because no proposed amendment can remedy the defects in the Amended Complaint. Plaintiff's counsel admitted at the hearing that two federal investigations have not uncovered any facts that KDSR caused or contributed to Ms. Gary's injuries and "nobody knows what happened". ECF No. 92 at 13:15-22, 13:23-14:6, 16:9-17:3.

Judge Leonard did not clearly err in recommending that KDSR's Motion to Dismiss should be granted and Plaintiff be denied leave to amend. Thus, this Court should overrule Plaintiff's Objection, adopt Judge Leonard's R&R in full, and dismiss the Amended Complaint against KDSR with prejudice.

## Standard of Review

When resolving objections to a magistrate judge's recommendations on a motion to dismiss, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3) (emphasis added). The court may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge,

or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).  However, a "general objection to the entirety of the magistrate judge's report is tantamount to a failure to object," as is "a mere restatement of the arguments raised in the [motion to dismiss] filings."  *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (internal citations and quotation marks omitted).  Where, as here, a party untimely or improperly objects, it has the same effect as failing to object, and triggers review under the clear error standard.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Argument

**I. Plaintiff made a general objection to the R&R, triggering clear error review.**

Objections made to a magistrate's report and recommendation must be made "with sufficient specificity so as reasonably to alert the district court of the true ground of the objection."  *U.S. v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  A "general objection to the entirety of the magistrate judge's report is tantamount to a failure to object," as is "a mere restatement of the arguments raised in the [motion to dismiss] filings."  *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (internal citations and quotation marks omitted).  When a party objects in this way, it has the same effect as failing to object, and thus triggers review under the clear error standard.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff's objection to the R&R on KDSR's motion comprises of a single paragraph requesting that the claims against KDSR not be dismissed with prejudice.  Plaintiff does not object to any recommendation by Judge Leonard, and fails to identify any error in the R&R or offer legal support for his request.  *See Nichols*, 100 F. Supp. 3d at 497.  But Plaintiff's objection requesting a dismissal without prejudice is the same as its request for leave to amend at the hearing, ECF No.

3

92 at 44:12-19, which Judge Leonard recommended denying. Under Rule 41, a dismissal of claims by the court is with prejudice unless otherwise specified. Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and *any dismissal not under this rule*—except [grounds not relevant here]—operates as an adjudication on the merits.") (emphasis added). Because Plaintiff's objection is a renewed request for leave to amend, Plaintiff's general objection should be reviewed under the clear error standard.

## II. The claims against KDSR should be dismissed with prejudice.

Whether a claim should be dismissed with or without prejudice is within the discretion of the trial court. "Absent a contrary intention, a dismissal for failure to state a claim is with prejudice." *McKenzie-El v. Am. Sugar Ref., Inc.*, 2021 U.S. App. LEXIS 34486, at *5 (4th Cir. Nov. 19, 2021) (citing *Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985). The R&R did not explicitly state whether the claims against KDSR should be dismissed with prejudice, but Judge Leonard unambiguously recommended that leave not be granted to amend for two reasons: (1) Plaintiff conceded it has no facts to support a claim against KDSR, and that (2) discovery is not meant as a tool to uncover them. ECF No. 93 at 7-9 (citing *Torch Liquidating Tr. Ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009); *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990)).

Plaintiff's Objection echoes this deficiency. ECF No. 96 at 5 ("Because this case will continue against the United States and other defendants, discovery may develop facts which would show negligence by KDSR related to its work on the switchboard. Accordingly, KDSR should be dismissed without prejudice so that an amended complaint can be filed stating a claim against KDSR at a later time if supported by facts learned in discovery.").

Although leave to amend should be liberally granted under Rule 15, allowing Plaintiff to

amend the Amended Complaint here is futile. The Fourth Circuit has held that amendment is futile when "the proposed amendment would not remedy the defect in the complaint," *New Beckley Mining Corp. v. Int'l Union*, 18 F.3d 1161, 1164 (4th Cir. 1994), or when it is "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

Judge Leonard made no clear error in denying leave to amend. At the hearing, Plaintiff admitted that he does not possess facts to amend and Plaintiff is unlikely to find additional facts through discovery:

```
18        Something happened with that switch.  We don't know
19   if it was human error, because we haven't been able to do
20   any depositions yet.  We don't know if it was defective.  So
21   KDSR may be right, if they went in there and did their job
22   right and completely killed the electricity and then took
23   care of whatever they were supposed to take care of, and
24   they turn on the electricity, and the thing is working fine,
25   it shouldn't have happened.  If they didn't do their job
```

ECF No. 92 at 14:18-25. Plaintiff's counsel stated at the hearing that he was running up against the statute of limitations, and filed the Amended Complaint despite no one knowing what happened:

```
23        The McFAUL is an active ship.  It happened to be in
24   port.  Government says, "Let's go out and look at it
25   together."  So we go out and look at it.  Meanwhile, the

 1   statute is running.  This happened in March of '21, so the
 2   statute is running.  We go out with the government and start
 3   looking around, and realize, okay, Coastal touched this and
 4   KDSR touched this and somebody else touched this.  We've got
 5   48 hours before the statute runs on everybody, and nobody
 6   knows what happened.
```

*Id*. at 13:23-14:6. Plaintiff's counsel conceded at the hearing that the United States Navy and the Occupational Safety and Health Administration have already conducted investigations into Ms. Gary's death, and neither of them concluded that KDSR was at fault for—or contributed in any way to—Ms. Gary's injuries. Neither of the investigations have explained why the blow-in door shut on Ms. Gary or how that was caused by any act or omission by KDSR. ECF No. 92 at 16:9-17:3. Nor could Plaintiff's counsel definitively identify at the hearing which defendant had which duty that was alleged in the Amended Complaint. ECF No. 92 at 18:7-19:9. Thus, the fundamental defects in the Amended Complaint cannot be corrected. Judge Leonard correctly recommended that leave to amend be denied, which is tantamount to dismissal with prejudice.

## Conclusion

For the reasons stated above, and those made in the briefing and hearing at the Motion to Dismiss, KDSR respectfully requests entry of an Order adopting the Magistrate Judge's Report and Recommendation, dismissing all claims against it with prejudice under Rule 12(b)(6), and grant it all other just relief.

Dated: October 27, 2023    KD SHIPYARD REPAIRS, LLC

By: ⎯⎯⎯⎯ /s/ *James L. Chapman, IV* ⎯⎯⎯⎯
James L. Chapman, IV, VSB No. 21983
Alexander R. McDaniel, VSB No. 92398
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
amcdaniel@cwm-law.com
*Attorneys for KS Shipyard Repair, LLC*

**CERTIFICATE OF SERVICE**

       I certify that on this 27th day of October 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of Electronic Filing" to all counsel of record who have consented to electronic service.

                                                   /s/ *James L. Chapman, IV*
                                    James L. Chapman, IV, VSB No. 21983
                                    CRENSHAW, WARE & MARTIN, P.L.C.
                                    150 W. Main Street, Suite 1500
                                    Norfolk, Virginia 23510
                                    Telephone: (757) 623-3000
                                    Facsimile: (757) 623-5735
                                    jchapman@cwm-law.com