UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS I. HORNSBY, Administrator of
the Estate of CYNTHIA GARY,

      Plaintiff,

v.                                                           CIVIL NO.: 2:22cv427

UNITED STATES OF AMERICA,

COASTAL MECHANICAL SYSTEMS, LLC,

and

KD SHIPYARD REPAIRS, LLC,

      Defendants.

## OPINION

This matter comes before the court on two Motions to Dismiss, filed by Defendants KD Shipyard Repairs, LLC ("KDSR") and Coastal Mechanical Systems, LLC ("Coastal").[1] ECF Nos. 54, 59. For the reasons explained below, the court **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's Report and Recommendation ("R&R"), ECF No. 93; **OVERRULES** Plaintiff's Objections, ECF No. 96; **GRANTS** the Defendants' Motions

---

[1] CECO Environmental Corp. ("CECO") also filed a Motion to Dismiss, ECF No. 73, and the Magistrate Judge's Report and Recommendation addresses that Motion, ECF No. 93. However, CECO was dismissed from this case without prejudice on November 13, 2023. ECF No. 110. Accordingly, this Opinion only addresses the Motions filed by KDSR and Coastal.

to Dismiss, ECF Nos. 54, 59; and **DISMISSES** Defendants KDSR and Coastal from the case with prejudice.

## I. Factual and Procedural History

This matter arises from the death of Ms. Cynthia Gary ("Decedent") while working on board the USS McFaul ("the McFaul") on March 15, 2021. ECF No. 21 at ¶ 2. The McFaul is owned by the United States and was docked for repairs at a shipyard owned by Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk ("NASSCO"). Id. at ¶¶ 4-5. Decedent died when a blow-in door unexpectedly closed, crushing her to death. Id. at ¶ 27. Multiple subcontractors were working on the McFaul that day, including KDSR and Coastal. Id. at ¶¶ 7-9.

Plaintiff filed a Complaint against the United States on October 14, 2022, ECF No. 1, and an Amended Complaint against the United States, NASSCO,[2] and various subcontractors, including KDSR and Coastal,[3] on March 10, 2023, ECF No. 21. On April 28, 2023, KDSR filed a Motion to Dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) and a Brief in Support. ECF Nos. 54, 55. Coastal filed a Motion to Dismiss on May 4, 2023, ECF No. 59. Plaintiff

---

[2] NASSCO was dismissed from the case without prejudice on October 27, 2023. ECF No. 98.

[3] The other subcontractors are Harbor Industrial Services, Inc. ("HIS") and Advanced Integrated Technologies, LLC ("AIT"). Plaintiff's claims against HIS were dismissed with prejudice on August 17, 2023. ECF No. 88. Plaintiff's claims against AIT were dismissed without prejudice on November 13, 2023. ECF No. 109.

2

has filed memoranda opposing these Motions, ECF Nos. 66, 68, and Defendants have replied, ECF Nos. 67, 70. At issue in the Motions are Plaintiff's negligence claim against KDSR and Coastal (Count IV) and Plaintiff's wrongful death claim against all the defendants (Count VIII). ECF Nos. 55 at 4-8, 59 at 3-4.

On August 17, 2023, the court referred the matter to United States Magistrate Judge Lawrence R. Leonard pursuant to 28 U.S.C. § 636(b)(1)(B), thereby designating him to "conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motions to Dismiss." ECF No. 90 at 2 ("Referral Order"). Pursuant to the court's Referral Order, the Magistrate Judge held a hearing on the Motions to Dismiss on September 7, 2023. ECF No. 91. At the hearing, the Magistrate Judge decided he would recommend granting KDSR's and Coastal's Motions to Dismiss as to the negligence claim against them. ECF No. 92 at 25 (September 7, 2023, Transcript). The Magistrate Judge did not decide whether to grant Plaintiff leave to amend the negligence claim nor finalize a recommendation for the wrongful death claim. Id. at 25, 44.

On September 29, 2023, the Magistrate Judge filed an R&R recommending the following:

> 1. With respect to KDSR's Motion to Dismiss, ECF No. 54, the Court **RECOMMENDS** that Count IV, negligence, and Count VIII wrongful death, be **DISMISSED**, that leave to

3

amend the Complaint be **DENIED**, and that KDSR be **DISMISSED** from the case.

2. With respect to Coastal's Motion to Dismiss, ECF No. 59, the Court **RECOMMENDS** that Count IV, negligence, and Count VIII, wrongful death, be **DISMISSED**, that leave to amend the Complaint be **DENIED**, and that Coastal be **DISMISSED** from the case.

3. With respect to CECO's Motion to Dismiss, ECF No. 73, the Court **RECOMMENDS** that Count VIII be **DISMISSED WITH PREJUDICE**.

ECF No. 93 at 11-12.[4] The parties then had fourteen (14) days to file written objections to the R&R. See ECF Nos. 90 at 2-3; 93 at 12.

On October 13, 2023, Plaintiff filed Objections to the R&R. ECF No. 96. Plaintiff's two objections focused on the Magistrate Judge's recommendations on the negligence claim against Coastal and KDSR. Id. at 3-5. Plaintiff did not file objections to the recommendation of dismissing the wrongful death claim. Id. Coastal and KDSR responded on October 27, 2023. ECF Nos. 99, 102.

## II. Legal Standard

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, must make a de novo determination of those portions of the R&R to which the parties have specifically objected. Fed. R. Civ.

---

[4] Granting a Motion to Dismiss under Rule 12(b)(6) operates as a dismissal with prejudice unless otherwise stated. See, e.g., Carter v. Norfolk Cmty. Hosp. Ass'n, Inc., 761 F.2d 970, 974 (4th Cir. 1985).

4

P. 72(b). For unchallenged portions, the court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Objections to the R&R "must be made 'with sufficient specificity so as reasonably to alert the district court of the true ground of the objection.'" Scott v. Va. Port Auth., No. 2:17-cv-176, 2018 WL 1508592, at *2 (E.D. Va. Mar. 27, 2018) (Jackson, J.) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). "Objections must also respond to specific errors in the [R&R] because general or conclusory objections are not proper. General or conclusory objections are the equivalent of a waiver." Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

### III. Analysis

Plaintiff's objections to the R&R are as follows: (1) leave to amend should be granted as to the negligence claim against Coastal; and (2) the dismissal of KDSR should be without prejudice instead of with prejudice. ECF No. 96 at 3-5. As noted above, Plaintiff does not object to the Magistrate Judge's recommendation

5

that the Virginia wrongful death claim be dismissed with prejudice and without leave to amend. Id. The court now addresses the R&R's recommendations, and Plaintiff's objections to them, in turn.

### A. Leave to Amend as to Coastal

The court reviews de novo the R&R's recommendation to deny Plaintiff leave to amend as to his negligence claim against Coastal. See Fed. R. Civ. P. 72(b). Plaintiff argues that leave to amend is appropriate because Plaintiff can establish a viable negligence claim based on the facts alleged in the Amended Complaint, a fact discussed at the hearing, and new evidence from an Occupational Safety and Health Administration ("OSHA") report.[5] ECF No. 96 at 4. It appears from the hearing transcript that Plaintiff had access to the OSHA report at the time of the hearing but did not rely on that report to argue that Coastal was negligent. ECF No. 92 at 13, 16. Instead, Plaintiff's counsel stated that the "redacted OSHA report . . . didn't really help much." Id. at 13. Coastal argues that the court should not consider

---

[5] Of interest, Plaintiff does not specifically object to the R&R's recommendation that Plaintiff's negligence claim against Coastal be dismissed with prejudice, ECF No. 96 at 3-5, as he does for KDSR, see infra at 9-12. However, in Adbul-Mumit v. Alexandria Hyundai, LLC, the Fourth Circuit held that "[p]laintiffs whose actions are dismissed are free to subsequently move for leave to amend pursuant to Federal Rule of Civil Procedure 15(b) even if the dismissal is with prejudice." 896 F.3d 278, 293 (4th Cir. 2018) (citations omitted). The court in Adbul-Mumit further instructed that the standard of review for a denial of leave to amend is "abuse of discretion." Id. (citing Laber v. Harvey, 438 F.3d 404, 427-28 (4th Cir. 2006)). See infra note 6.

the OSHA report and that, even considering the report, Plaintiff cannot establish that KDSR was negligent. ECF No. 99 at 3-8.

In reviewing a magistrate judge's recommendations, a district court may consider new evidence from an objecting party. Virgin Enterprises Ltd. v. Virgin Cuts, Inc., 149 F. Supp. 2d 220, 223 (E.D. Va. 2000) (Friedman, J.). However, attempts to raise new evidence during a district court's review of an R&R are disfavored. Id. Further, district courts often decline to consider new evidence when the objecting party could have presented that evidence to the magistrate judge but opted not to. See, e.g., id. at 224 & n.3; Caldwell v. Jackson, 831 F. Supp. 2d 911, 915 (M.D.N.C. 2010).

The court will not consider the OSHA report that Plaintiff could have used, but chose not to, in his negligence argument against Coastal at the hearing before the Magistrate Judge. As the court explained in Virgin Enterprises, "permitting such piecemeal presentation of evidence is exceptionally wasteful of time of both the magistrate and district judges," burdens opposing parties, may encourage the withholding of negative evidence, and "would reward careless preparation of the initial papers." 149 F. Supp. 2d at 223-24 (quoting Morris v. Amalgamated Lithographers of Am., 994 F. Supp. 161, 163 (S.D.N.Y. 1998)).

Considering the record that was before the Magistrate Judge, the court agrees with his recommendation to deny Plaintiff leave to amend the negligence claim against Coastal. Under Federal Rule

7

of Civil Procedure 15(a), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend should not be given when the amendment would be futile. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 409 (4th Cir. 2013). A proposed amendment is futile if "it is legally insufficient on its face." Smithfield Foods Inc. v. United Food & Com. Workers Int'l Union, 254 F.R.D. 274, 280 (E.D. Va. 2008) (Payne, J.). A legally sufficient negligence claim must contain facts that plausibly demonstrate "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." Riddick v. Watson, 503 F. Supp. 3d 399, 410, 424-25 (E.D. Va. 2020) (Davis, J.) (quoting Atrium Unit Owners Ass'n v. King, 266 Va. 288, 293, 585 S.E.2d 545, 548 (2003)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 410 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Further, any "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

The Magistrate Judge weighed the facts alleged against Coastal in Plaintiff's Amended Complaint, plus the fact that emerged at the hearing that "Coastal was completing a welding project on the interior side of the blow-in door" that collapsed onto Plaintiff. ECF No. 93 at 10; see ECF No. 92 at 19-20.

8

Regarding the Amended Complaint, Plaintiff's counsel admitted during the hearing that it "is woefully short of facts." ECF No. 92 at 13. It states only that Coastal "was a subcontractor responsible for all or part of the work in which Gary was engaged at the time of her death"; that Plaintiff was assigned to work for a subcontractor that was working under Coastal; and that Coastal owed Plaintiff a duty, breached that duty, and caused Plaintiff's injuries. ECF No. 21 at ¶¶ 7, 19-20, 47-49. These bare facts and the recital of the elements of negligence are insufficient. The added fact that Coastal was working near the blow-in door does not move the proposed amendments beyond a speculative level. In discussing this fact at the hearing, Plaintiff's counsel could only surmise about how this fact might indicate Coastal's liability. ECF No. 92 at 19-20. Accordingly, Plaintiff's objection regarding leave to amend as to Coastal is **OVERRULED**.[6]

## B. Dismissal of KDSR With Prejudice

The court reviews de novo the R&R's recommendation to dismiss KDSR with prejudice. See Fed. R. Civ. P. 72(b). Plaintiff argues that KDSR should be dismissed without prejudice because "discovery may develop facts which would show negligence by KDSR." ECF No. 96

---

[6] As discussed supra at 7-9, the negligence claim against Coastal is threadbare and amending it would be futile. Therefore, the court finds no clear error in the R&R's recommendation of dismissing the negligence claim against Coastal with prejudice. See Diamond, 416 F.3d at 315 (clear error standard applies to R&R's unchallenged recommendations).

9

at 5.[7] Relatedly, the R&R recommends denying Plaintiff leave to amend because "using discovery to obtain additional facts would be inappropriate." ECF No. 93 at 8-9.[8]

"In the Fourth Circuit, district courts are not required to give plaintiffs one without-prejudice ruling on the merits before dismissing with prejudice." United States ex rel. Nicholson v. MedCom Carolinas, Inc., 42 F.4th 185, 196 (4th Cir. 2022). As the Fourth Circuit has explained, "[d]istrict courts have inherent power to manage their dockets with an eye toward speedy and efficient resolutions, and part of that power is the use of with-prejudice dismissals." Id. (citation omitted). Therefore, the nature of dismissal lies within "the sound discretion of the district court." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 292 (4th Cir. 2018).

---

[7] See supra note 5 and accompanying text. Moreover, KDSR argues that Plaintiff's objection to the recommendation of dismissal with prejudice "is the same as its request for leave to amend at the hearing" and thus lacks specificity and is a general objection that should be reviewed for clear error. ECF No. 102 at 3-4. Contrary to KDSR's assertion, the Fourth Circuit has recently clarified that "objections need not be novel to be sufficiently specific." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023). Instead, an objection can be sufficiently specific even if it "merely 'restate[s] all of [the] claims'" raised earlier because doing so "alert[s] the district court that [the litigant] believed the magistrate judge erred in recommending dismissal of those claims." Id. (quoting Martin v. Duffy, 858 F.3d 239, 246 (4th Cir. 2017)). Accordingly, the court will review the recommendation of dismissal with prejudice de novo.

[8] Plaintiff does not specifically object to this recommendation regarding leave to amend, so the court reviews it for clear error. ECF No. 96 at 5; see Diamond, 416 F.3d at 315.

10

Here, the Magistrate Judge reasonably concluded, and Plaintiff does not appear to contest, that Plaintiff's negligence claim against KDSR could not survive a Rule 12(b)(6) motion. ECF No. 93 at 7. Next, the Magistrate Judge reasoned that "[t]here is no evidence suggesting that Plaintiff is aware of any facts that would correct the deficiencies found within the Amended Complaint." Id. at 8 (internal quotation marks omitted). That reasoning is sound considering Plaintiff's acknowledgments at the hearing that "the [C]omplaint is woefully short of facts," that "nobody knows what happened," and that the United States Navy and OSHA both conducted investigations but have been unable to explain why the accident occurred. ECF No. 92 at 13-14, 16-17. Also, Plaintiff's Objections to the R&R recognize that any claim against KDSR would depend on "facts learned in discovery" at "a later time." ECF No. 96 at 5. Accordingly, the R&R recommends denying leave to amend the negligence claim after discovery because "discovery is intended to 'assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim.'" ECF No. 93 at 8 (quoting Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318, 1327 (Fed. Cir. 1990)). This recommendation is not clearly erroneous given Plaintiff's speculative reliance on future discovery.

In light of the uncertainty around whether Plaintiff could, eventually, raise a viable negligence claim against KDSR, and in

11

the interest of judicial efficiency, the court **OVERRULES** Plaintiff's objection to the R&R's recommendation that Plaintiff's negligence claim against KDSR be dismissed with prejudice.[9]

### C. Wrongful Death Claim

The court reviews the R&R's recommendation that Plaintiff's wrongful death claim under Virginia law be dismissed with prejudice and without leave to amend for clear error because Plaintiff did not object to this portion of the R&R. See Diamond, 416 F.3d at 315. The Magistrate Judge recommends dismissing this claim because it is preempted by general maritime law. ECF No. 93 at 10-11.

Plaintiff's case is an admiralty case under this court's admiralty jurisdiction. ECF No. 21 at ¶¶ 11, 13. "With admiralty jurisdiction comes the application of substantive admiralty law." E. River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 864 (1986). Therefore, "[a]bsent a relevant statute, the general maritime law, as developed by the judiciary, applies." Id. State law, like the wrongful death statute Plaintiff relies on, "may not be applied if it conflicts with, or seeks to materially change, federal maritime law." Md. Dep't of Nat. Res. v. Kellum, 51 F.3d 1220, 1226 (4th Cir. 1995).

---

[9] But see supra note 5.

Virginia's wrongful death statute allows plaintiffs to recover damages for mental anguish, but federal maritime law does not. Compare Va. Code Ann. § 8.01-52 (2023) ("The verdict or judgment of the court trying the case without a jury shall include, but may not be limited to, damages for . . . mental anguish"), with Sea-Land Servs., Inc. v. Gaudet, 414 U.S. 573, 585 n.17 (1974) ("[M]ental anguish . . . is not compensable under the maritime wrongful-death remedy."), superseded on other grounds by statute, Longshore and Harbor Workers' Compensation Act, Pub. L. No. 92-576, 86 Stat. 1251, as recognized in Miles v. Apex Marine Corp., 498 U.S. 19, 30 n.1 (1990). Given this conflict between Virginia's wrongful death law and federal maritime law, the state law wrongful death claim is preempted. Accordingly, the Magistrate Judge did not clearly err in finding the Virginia wrongful death claim preempted, ECF No. 93 at 11, and the court **ADOPTS** this finding and the R&R's recommendation that this claim be dismissed with prejudice and without leave to amend.

### IV. Conclusion

Having reviewed the record in its entirety, and having made a de novo determination of those portions of the R&R to which the Plaintiff objected, the court **OVERRULES** Plaintiff's Objections and **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the R&R.

Accordingly, KDSR's Motion to Dismiss, ECF No. 54, is **GRANTED**, Plaintiff's claims against KDSR are **DISMISSED** with prejudice and without leave to amend, and KDSR is **DISMISSED** with prejudice from the case. Coastal's Motion to Dismiss, ECF No. 59, is also **GRANTED**, Plaintiff's claims against Coastal are **DISMISSED** with prejudice and without leave to amend, and Coastal is **DISMISSED** with prejudice from this case. The Clerk shall enter judgment for Defendants KDSR and Coastal.

Finally, on October 27, 2023, Coastal further filed a Motion for Judgment on the Pleadings asking the court to dismiss the wrongful death claim (Count VIII). ECF No. 100. Plaintiff filed a Response stating that he does not oppose this Motion for Judgment. ECF No. 107 at 1-2. Because the court, in this Opinion, dismisses the wrongful death claim in its entirety as to all parties, Coastal's Motion for Judgment on the Pleadings, ECF No. 100, is **DISMISSED AS MOOT**.

The Clerk is **DIRECTED** to send a copy of this Opinion to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

December 15, 2023