IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY, | ) ) ) | |
| Plaintiff, | ) ) | Case 2:22-cv-00427 |
| v. | ) ) ) | In Admiralty |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION
FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AND RULE 14 (C) TENDER**

NOW COMES the Defendant, the United States of America, and respectfully submits this memorandum of law in support of its motion for leave of the Court to file a Third-Party Complaint and Rule 14(c) Tender naming Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk (NASSCO), and Advanced Integrated Technologies, LLC. (AIT) as Third-Party Defendants, as follows:

BACKGROUND

Plaintiff is the administrator of the estate of Cynthia Gary (Decedent), a deceased ship-repair worker who died while working aboard the USS McFAUL in NASSCO's Norfolk shipyard. Plaintiff amended his Complaint on March 10, 2023 to include both NASSCO and AIT, among other parties. However, NASSCO was dismissed from the case without prejudice with the plaintiff's assent on October 27, 2023, as was AIT on November 13, 2023. The remaining non-government defendant parties were dismissed from the case by the Court on December 15, 2023.

As alleged in the government's proposed Third-Party Complaint, NASSCO was the prime contractor hired by the U.S. Navy to conduct and complete all of the ship-repair work encompassed

1

by the USS McFAUL maintenance availability. It subcontracted with AIT, which, on or about January 27, 2021, directed that a piece of equipment be "tagged out" to accommodate certain repair work that AIT had been hired to perform. The term "tag-out" is defined as "a process of hanging danger or caution tags to isolate a system or equipment to protect personnel or equipment." *Tag-Out Users Manual*, S0400-AD-URM-010.TUM (U.S. Navy, Oct. 2020 ed.) (TUM).

AIT specifically directed that the equipment item be tagged out in its "open" position, as was necessary to replace a gasket affixed to its perimeter. The tag-out configuration was compiled and implemented by the crew of the McFAUL, jointly with the repair authority for the work, which in this case was AIT.

NASSCO and AIT, however, failed to timely perform the gasket replacement work. Likewise, they failed to "clear" the tag-out configuration so that the equipment could be returned to its normal, closed, and secured position.

On March 15, 2021, the decedent was assigned to work as a "fire watch" for welding in a space inboard of tagged-out equipment. At some point, she leaned through the open component, placing her feet on the outboard side of it, and her head and shoulders on the inboard side. As she did so, a switch controlling the component, which was located in a remote part of the ship, was activated – despite being equipped with a danger tag - by an unknown third party, causing it to close and crush the decedent.

NASSCO was responsible for coordinating the timing and manner of the ship repair work on the McFAUL. As such, it was responsible for ensuring that various tag-out configurations in effect at any given time did not conflict with each other or otherwise create hazards. Moreover, NASSCO was responsible for maintaining overall safety oversight of ship repair work. AIT

2

ordered the tag-out, and shared responsibility for it, as well as for avoiding the creation of a dangerous situation in the course of performing its work.

Because NASSCO and AIT previously have been parties to this case, they have had an opportunity to investigate the facts and issues implicated by it. They have prepared and filed answers to the plaintiff's Amended Complaint, and engaged in preliminary motion practice.

As of December 15, 2023, all parties except the plaintiff and the United States have been dismissed from the case. A scheduling conference with the Court pursuant to Fed. R. Civ. P. 16(b) will occur on January 8, 2024. The Court further has scheduled completion of initial disclosures on January 22, 2024. The earliest date upon which responses to discovery requests and depositions notices will be required will be February 2, 2024. Therefore, joining (or re-joining) NASSCO and AIT as Third-Party Defendants to the case now, before discovery requests and responses, or any further discovery such as depositions or expert discovery have commenced, will alleviate any risk of prejudice to them. Moreover, it will serve the interests of judicial economy and will not require any alteration to the parties' current proposed discovery and trial schedule.

## DISCUSSION

The right to implead a third-party defendant is within the discretion of the trial court.[1] *See General Taxicab Ass'n v. O'Shea*, 109 F.2d 671, 672 (D.C. Cir. 1940); *Glens Falls Indem. Co. v. Atlantic Bldg. Corp.* 199 F.2d 60, 63 (4th Cir. 1952); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1465 (3d ed. 2023). The purpose of impleader under Rule 14 is "to permit additional parties whose rights may be affected by the decision in the original action

---

[1] A defendant may serve a third-party complaint as a matter of right within 14 days of filing its answer, and may do so with leave of the Court thereafter. In this case, at the time Defendant United States filed its answer to the Amended Complaint, NASSCO and AIT were included in the suit as co-defendants, obviating the need for third-party complaints to include them.

to be joined and brought in so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Atlantic Specialty Ins. Co. v. Bindea*, 656 F.Supp.3d 624, 635 (W.D. Va. 2023) (quoting *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003)); *Glens Falls Indem. Co.*, 199 F.2d at 63.

Admiralty practice in particular is distinctive for the "long-standing practice of permitting defendant to implead someone who may be directly liable to plaintiff." Wright & Miller, *Federal Practice and Procedure* § 1465 (3d ed. 2023). *See also The Hudson*, 15 F. 162, 165-166, 176 (S.D. N.Y. 1883); *British Transport Commission v. U.S.*, 354 U.S. 129, 134 (1957); *Riverway Co. v. Trumbull River Services, Inc.*, 674 F.2d 1146, 1154 (7th Cir. 1982). "Rule 14(c)'s broader scope of impleader 'promotes efficient apportionment of liability in admiralty suits.'" *Afunday Charters, Inc. v. ABC Ins. Co.*, 997 F.3d 390, 391 (1st Cir. 2021).

Rule 14(c) Admiralty or Maritime Claim, states:

(1) Scope of Impleader. If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable—either to the plaintiff or to the third-party plaintiff— for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.

(2) Defending Against a Demand for Judgment for the Plaintiff. The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

Fed. R. Civ. P. 14(c).

Liberal third-party practice has long been a hallmark of admiralty procedure. *The Hudson*, 15 F. at 176, exemplifies the long-standing practice of permitting a defendant to implead someone who may be directly liable to the plaintiff. In that case, the court granted the barge owner's request to implead the tug that was towing the barge at the time of the collision, emphasizing that the right

of a plaintiff to control the shape of the action and be free from multiple appeals must be balanced against the possible detriment to a defendant that might result from not being permitted to implead someone who is liable for a portion of plaintiff's claim.

The language of Rule 14(c)(1) "specifically preserves a defendant's traditional right to demand judgment directly in favor of a plaintiff and against the third-party defendant." *Royal Ins. Co. of Am. v. Southwest Marine*, 194 F.3d 1009, 1018 (9th Cir. 1999) (quoting Wright & Miller, *Federal Practice and Procedure*, § 1465, at 483-85 (1990)). As a consequence, Rule 14(c)(2) provides that the plaintiff has a direct cause of action against the third-party defendant, and the action proceeds as if the plaintiff originally sued both the third-party plaintiff and the third-party defendant. *See Campbell Indus., Inc. v. Offshore Logistics Intern., Inc.*, 816 F.2d 1401, 1406 (9th Cir. 1987); *Riverway Co. v. Trumbull River Services, Inc.* 674 F2d at 1154; *Atlantic Specialty Ins. Co.*, 656 F.Supp.3d at 635.

A primary purpose of the impleader of third parties is to promote judicial efficiency by eliminating "circuity of action[]." *Laffey v. Northwest Airlines, Inc.* 567 F.2d 429, 477 (D.C. Cir. 1976); *Glens Falls Indem. Co.*, 199 F.2d at 63. Rule 14 "is to be 'liberally construed' in order to achieve its purpose of 'accomplish[ing] in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits.'" *U.S. v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954) (cited in *Deutsche Bank National Trust Co. v. Tyner*, 233 F.R.D. 460, 462 (D.S.C. 2006)); *Atlantic Specialty Ins. Co.* 656 F.Supp.3d at 635 ("Impleader will be liberally allowed[] if it will prevent duplication of suits on closely related matters."). It is intended "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim."

5

*Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) (citing Wright & Miller, *Federal Practice and Procedure*, § 1442, at 202-03 (1971)); *Royal Ins. Co. of Am.*, 194 F.3d at 1019.  When the rights of all parties center upon a common factual setting, economies of time and expense are achieved by combining the suits into one action.  Here, the causes of action alleged in the third-party complaint arise from the same accident and are identical to those alleged by the plaintiff.

## CONCLUSION

In summary, Rule 14(c) specifically encourages third-party practice in admiralty or maritime cases.  The instant case is precisely the type of action in which economies of time, expense, and judicial resources can be achieved.  Should Plaintiff's case proceed solely against the United States and result in liability, the United States most likely will be compelled to pursue subsequent, separate actions against NASSCO and AIT for contribution based on their roles in the accident that killed the decedent, and the Court and the parties will be obliged to litigate the same action twice.  Because no depositions or discovery have taken place, there is no prejudice to bringing the proposed third-party defendants into the case at this stage.  For the reasons set forth above, the interests of justice support inclusion of third-party defendants NASSCO and AIT in this action.  The United States respectfully requests that the Court grant its motion to file the proposed third-party complaint.

[*Signature page follows.*]

Dated: January 4, 2024					Respectfully submitted,

							UNITED STATES OF AMERICA

							JESSICA D. ABER
							United States Attorney

					By:	/s/ *Garry D. Hartlieb*
							Garry D. Hartlieb, IL Bar No. 6322571
							Assistant U.S. Attorney
							Office of the United States Attorney
							101 West Main Street, Suite 8000
							Norfolk, Virginia 23510-1671
							Tel: (757) 441-3173
							Fax: (757) 441-6689
							E-mail: garry.hartlieb@usdoj.gov

							BRIAN M. BOYNTON
							Principal Deputy Assistant Attorney General

					By:	/s/ *Malinda R. Lawrence*
							Malinda R. Lawrence, ME Bar No. 004351
							Darren E. Myers, NY Admitted
							Trial Attorneys
							United States Department of Justice
							Civil Division, Torts Branch
							Aviation, Space & Admiralty Litigation
							175 N Street, NE, 8th Floor
							Washington, DC 20002
							Tel: (202) 307-0033/(202) 305-8049
							Fax: (202) 616-4002
							E-mail: Malinda.R.Lawrence@usdoj.gov
							E-mail: Darren.E.Myers@usdoj.gov

							*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following counsel of record:

Robert J. Haddad, Esq.
Andrew M. Hendrick, Esq.
RULOFF, SWAIN, HADDAD, MORECOCK,
TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
Email: rhaddad@srgslaw.com
Email: ahendrick@srgslaw.com
*Counsel for Douglas I. Hornsby, Administrator of the Estate of Cynthia Gary*

Edward J. Powers, Esq.
Dustin M. Paul, Esq.
WOODS ROGERS VANDEVENTER BLACK PLC
101 West Main St., Suite 500
Norfolk, Virginia, 23510
Telephone: 757-446-8600
Fax: 757-446-8670
Email: Edward.Powers@wrvblaw.com
Email: Dustin.Paul@wrvblaw.com
*Attorneys for Defendant, Advanced Integrated Technologies, LLC*

Christopher A. Abel, Esq.
Heather R. Pearson, Esq.
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: 757.628.5500
Facsimile: 757.628.5566
Email: cabel@wilsav.com
Email: hpearson@wilsav.com
*Attorneys for Defendant Harbor Industrial Services, Inc.*

James L. Chapman, IV, Esq.
Alexander R. McDaniel, Esq.
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
Email: jchapman@cwm-law.com
Email: amcdaniel@cwm-law.com
*Attorneys for KD Shipyard Repair, LLC*

Jason R. Harris, Esq.
CRANFILL SUMNER LLP
5535 Currituck Dr., Suite 210
Post Office Box 1950
Wilmington, NC 28402
Telephone: (910) 777-6000
Fax: (910) 777-6142
Email: jharris@cshlaw.com
*Attorney for Defendant Coastal Mechanical Systems, LLC*

Lynn K. Brugh, IV, Esq.
Jack A. Irvin, Esq.
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6461
Facsimile: (804) 420-6507
Email: lbrugh@williamsmullen.com
Email: jirvin@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp. d/b/a General Dynamics NASSCO-Norfolk*

By:     /s/ *Garry D. Hartlieb*
Garry D. Hartlieb, IL Bar No. 6322571
Assistant U.S. Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510-1671
Phone: (757) 441-6331
Fax: (757) 441-6689
Email: garry.hartlieb @usdoj.gov
*Counsel for the United States*