IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS I. HORNSBY, Administrator
of the Estate of CYNTHIA GARY,

    *Plaintiff,*

v.

UNITED STATES OF AMERICA,

    *Defendant.*

Case No.: 2:22-cv-00427
In Admiralty

**MEMORANDUM IN SUPPORT OF**
**JOINT MOTION TO MODIFY SCHEDULING ORDER**

    Plaintiff Douglas I. Hornsby, Administrator of The Estate of Cynthia Gary, and Defendant United States of America, jointly move to modify the Court's December 19, 2023 scheduling order, ECF No. 113, to authorize certain limited changes to provisions for depositions and scheduling. In support of this motion, the parties state as follows:

**FACTS**

    Plaintiff is the Administrator of the Estate of Cynthia Gary (Decedent), a ship repair worker who was killed while working aboard the U.S. Navy Destroyer USS McFAUL (DDG 74). Decedent's accident occurred while the vessel was in the NASSCO-Norfolk shipyard undergoing an extended maintenance and repair project referred to as a "maintenance availability." General Dynamics-NASSCO (NASSCO) was the prime ship repair contractor responsible for the maintenance availability. Decedent was not employed by either the United States or NASSCO. NASSCO engaged numerous subcontractors to assist in performing the ship repair work aboard the USS McFAUL, including Ms. Gary's employer.

1

Plaintiff's original Complaint in this matter was amended to include NASSCO, four of its subcontractors, and the manufacturer of equipment in which Decedent was fatally injured. All of the non-government defendants have since been dismissed, either by agreement of the plaintiff, or by the Court on December 15, 2023. The United States has moved for leave to tender a Third-Party Complaint against NASSCO and its subcontractor AIT under Rule 14(c). Its motion is pending. The parties anticipate that the scheduling modifications proposed below will accommodate the addition of the two proposed Third-Party Defendants, without need for further change.

Although the Court dismissed the plaintiff's Amended Complaint (ECF No. 21) against two of the non-government third parties (ECF No. 111), there is no question that considerable probative evidence exists that is in the possession of all of the relevant third parties, and not in the possession of either the plaintiff or the United States. Likewise, many critical witnesses in this case are employed by third parties rather than the United States.

For example, NASSCO, in its role as prime contractor, was the conduit with its subcontractors, not the United States. All of its contracts with subcontractors, as well as nearly all related communications, progress reports, documents and electronically-stored information reside with NASSCO and its various subcontractors, and neither the United States nor the plaintiff yet have access to this information. Currently, even the identities of most witnesses who would have been in a position to interact with, supervise, or observe the decedent at the time of her accident are unknown to either the United States or the plaintiff, until such time as discovery requests or subpoenas can be served upon and responded to by NASSCO and its various relevant subcontractors. Important information regarding the equipment in which the decedent was fatally injured, and the maintenance and repair work that was to be performed on it during the McFAUL's

maintenance availability resides with nonparties from whom the information will need to be subpoenaed. Nonparties typically necessitate more time-consuming procedural measures in order to produce discoverable information for use in litigation.

Further, Engineering expert discovery likely will figure prominently in this case. Prior investigations of the decedent's accident implicate unusual privilege and admissibility issues. The above issues will need to be investigated and addressed simultaneously with more traditional damage-related issues, such as the medicolegal circumstances of the decedent's fatal injuries, survivorship issues associated with her estate, and evidence and expert discovery regarding economic damages.

Meanwhile, the Court's standard scheduling order issued in the case provides for unlimited depositions of military witnesses, and a total of only five of nonparty fact witnesses. The order further provides that "[b]y agreement of the parties, or upon good cause shown, the court may enlarge . . . the number of depositions which may be taken, or limit the number of depositions of military witnesses. . . ." ECF No. 113 at 3.

In order to accommodate the broad range of potentially-discoverable information in the possession of nonparties in this case, as well as the sheer volume of potential witnesses and evidence, the parties request minor adjustments to the Court's standard discovery schedule.

Specifically, as set forth in the proposed order filed herewith, the parties seek additional depositions of nonparty, non-expert witnesses. The Order, ECF No. 113 at 3, currently limits the number of nonparty, non-expert witness depositions to five (5) total. The parties seek instead a limit of five (5) per party. The Order currently permits unlimited depositions of military witnesses, ECF No. 113 at 3. The parties agree that instead permitting depositions of those military witnesses included on the United States' Rule 26 disclosures, plus five (5) additional military witnesses,

3

provides a reasonable limit on military witnesses. Finally, given the potential complications associated with obtaining documentary evidence and witness testimony in the possession of nonparties, as well as the potential total number of depositions, the parties seek an additional ninety days in which to complete all discovery, together with a corresponding extension of the designated trial date. Therefore, the parties proposed discovery plan shall provide for completion of all discovery on or before August 8, 2024 (instead of May 8, 2024), and be formulated to accommodate a trial date before October 8, 2024 (instead of July 8, 2024).

## ARGUMENT

A scheduling order may be modified for good cause and with the judge's consent. *See* Fed. R. Civ. P. 6(b) and 16(b)(4); *see also* Local Rule 16(B). The power to do so "is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

At this point, although discovery has until recently been stayed by the Rule 12 motion practice, the remaining parties to the litigation have some sense of what evidence will be required to resolve this case, and where that evidence likely will be found. Granting the conservative revisions to the Court's December 19, 2023 Rule 26(f) Pretrial Order jointly requested by the parties should provide realistic discovery provisions and deadlines that are unlikely to need to be revisited further, either by the Plaintiff, the United States, or the two proposed Third-Party Defendants tendered in the United States' proposed Third-Party Complaint.

For all of the foregoing reasons, the parties respectfully request that the Court's December 19, 2023, scheduling order be amended as set forth in the accompanying proposed order.

*[Signature page follows]*

| | | |
|---|---|---|
| Dated: January 5, 2024 | | Respectfully submitted,<br>UNITED STATES OF AMERICA |
| | | JESSICA D. ABER<br>United States Attorney |
| | By: | /s/ *Garry D. Hartlieb*<br>Garry D. Hartlieb, IL Bar No. 6322571<br>Assistant U.S. Attorney<br>Office of the United States Attorney<br>101 West Main Street, Suite 8000<br>Norfolk, Virginia 23510-1671<br>Tel: (757) 441-3173<br>Fax: (757) 441-6689<br>E-mail: garry.hartlieb@usdoj.gov |
| | | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| | By: | /s/ *Malinda R. Lawrence*<br>Malinda R. Lawrence, ME Bar No. 004351<br>Darren E. Myers, NY Admitted<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Torts Branch<br>Aviation, Space & Admiralty Litigation<br>175 N Street, NE, 8th Floor<br>Washington, DC 20002<br>Tel: (202) 307-0033/(202) 305-8049<br>Fax: (202) 616-4002<br>E-mail: Malinda.R.Lawrence@usdoj.gov<br>E-mail: Darren.E.Myers@usdoj.gov |
| | | *Attorneys for the United States* |

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 5, 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following counsel of record:

Robert J. Haddad, Esq.
Andrew M. Hendrick, Esq.
RULOFF, SWAIN, HADDAD, MORECOCK,
TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
Email: rhaddad@srgslaw.com
Email: ahendrick@srgslaw.com
*Counsel for Douglas I. Hornsby, Administrator of the Estate of Cynthia Gary*

Edward J. Powers, Esq.
Dustin M. Paul, Esq.
WOODS ROGERS VANDEVENTER BLACK PLC
101 West Main St., Suite 500
Norfolk, Virginia, 23510
Telephone: 757-446-8600
Fax: 757-446-8670
Email: Edward.Powers@wrvblaw.com
Email: Dustin.Paul@wrvblaw.com
*Attorneys for Defendant, Advanced Integrated Technologies, LLC*

Christopher A. Abel, Esq.
Heather R. Pearson, Esq.
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: 757.628.5500
Facsimile: 757.628.5566
Email: cabel@wilsav.com
Email: hpearson@wilsav.com
*Attorneys for Defendant Harbor Industrial Services, Inc.*

James L. Chapman, IV, Esq.
Alexander R. McDaniel, Esq.
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
Email: jchapman@cwm-law.com
Email: amcdaniel@cwm-law.com
*Attorneys for KD Shipyard Repair, LLC*

Jason R. Harris, Esq.
CRANFILL SUMNER LLP
5535 Currituck Dr., Suite 210
Post Office Box 1950
Wilmington, NC  28402
Telephone: (910) 777-6000
Fax: (910) 777-6142
Email: jharris@cshlaw.com
*Attorney for Defendant Coastal Mechanical Systems, LLC*

Lynn K. Brugh, IV, Esq.
Jack A. Irvin, Esq.
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6461
Facsimile: (804) 420-6507
Email: lbrugh@williamsmullen.com
Email: jirvin@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp. d/b/a General Dynamics NASSCO-Norfolk*

By:      /s/ *Garry D. Hartlieb*
Garry D. Hartlieb, IL Bar No. 6322571
Assistant U.S. Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510-1671
Phone: (757) 441-6331
Fax: (757) 441-6689
Email: garry.hartlieb @usdoj.gov
*Counsel for the United States*