**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

DOUGLAS I. HORNSBY, Administrator
of the Estate of CYNTHIA GARY,

     Plaintiff,

v.                                                              Case No.:  2:22cv427

UNITED STATES OF AMERICA,

     Defendant and Third-Party Plaintiff,

v.

ADVANCED INTEGRATED TECHNOLOGIES, et al.,

     Third-Party Defendants.

**ADVANCED INTEGRATED TECHNOLOGIES'
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

No party has identified any negligence on the part of Third-Party Defendant Advanced Integrated Technologies, LLC ("AIT").  Yet, the Government seeks to drag AIT back into this prolonged litigation.  The Third-Party Complaint filed against AIT fails to state a claim and therefore it should be dismissed.

This case concerns allegations by Plaintiff regarding the death of Cynthia Gary aboard the USS McFAUL (DDG 74).  The decedent was working as a fire watch aboard the vessel when a blow-in panel was activated causing it to close and crush the decedent.

Procedural Posture

This case was originally filed on October 14, 2022, with the United States as the only Defendant.  Dkt. No. 1.  The United States answered on January 20, 2023, and asserted no third-party claims.  Dkt. No. 13.  On March 10, 2023, an Amended Complaint was filed that included

AIT as a defendant along with several other defendants.  Dkt. No. 21.  That Amended Complaint was challenged by AIT's co-defendants because the factual allegations were inadequate.

Magistrate Judge Leonard held a hearing to consider the Amended Complaint.  At that hearing, the Plaintiff <u>admitted</u> that the Amended Complaint was "woefully short of facts."  Dkt. No. 92, Pg. 13, Ln. 16.  Even after reviewing documents and an inspection of the ship, Plaintiff acknowledged "nobody knows what happened."  *Id*. at Pg. 13, Ln. 17-22, Pg. 14, Ln. 5-6. Plaintiff recognized that "we don't know how [the decedent] got in harm's way."  *Id.* at Pg. 14, Ln.10-11.  Plaintiff conceded "we don't know if it was human error."  *Id.*at Ln. 18-19.

Based on these concessions, and the paucity of allegations, Judge Leonard issued a Report and Recommendation dismissing the claims against several defendants.  Dkt. No. 93. The Report explains that Plaintiff's allegations were purely "threadbare" and that the Amended Complaint "has failed to articulate any facts at all regarding what actually caused the blow-in door to close."  *Id.* at 7.  The Court adopted in full the findings and recommendations of Judge Leonard's Report.  Dkt. No. 111.

The Plaintiff, having admitted that it had neither pled facts nor could plead facts about what caused the relevant accident, voluntarily dismissed AIT.  Dkt. No. 109.

Rather than filing its own Motion for Judgment on the Pleadings or other motion for relief to address Plaintiff's inadequate Amended Complaint, the Government instead sought leave and filed a Third-Party Complaint and Tender under Rule 14(c).  Dkt. No. 119.  That Third-Party Complaint must be dismissed for failure to state a claim.

<u>Applicable Law</u>

In considering claims under Rule 14(c), a Third-Party Defendant is entitled to all of the same protections as provided under Rule 12(b)(6).  *See Gulf Island Shipyards, LLC v. Mediterranean Shipping Co. (USA), Inc.*, No. 1:22-CV-1018-MKV, 2023 WL 7735432, at *2 (S.D.N.Y. Nov. 15, 2023).  Indeed, Rule 14 provides that a Third-Party Defendant "must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim."

Thus, the familiar standards under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) *and  Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) apply. *Gulf Island Shipyards, LLC,* 2023 WL 7735432, at *2.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555.  To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a plausible claim for relief, meaning the complaint has enough facts to permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, 678 (2009).

Ultimately, the standards for consideration of this Motion to Dismiss under Rule 12(b)(6) are no different than any other case, except that the Court should consider both the allegations of Plaintiff's Amended Complaint and the Third-Party Complaint together.

<u>No pleading states a claim against AIT</u>

It is already clear from this Court's prior ruling that Plaintiff's Amended Complaint does not state a claim.  *See* Dkt. No. 93 (finding that the Amended Complaint fails "to articulate any facts at all regarding what actually caused the blow-in door to close").  Accordingly, the Third-

Party Complaint must add some additional allegations that would push a claim against AIT beyond mere speculation.  It fails to do so.

Instead, the Third-Party Complaint affirmatively pleads facts that lead to the only conclusion there is no liability of AIT.  The Third-Party Complaint alleges that AIT requested the relevant equipment to be tagged out to allow it to complete work on or near that equipment.  Dkt. No. 119 at ¶ 12.  The Government alleges that to "tag out" is the "process of hanging danger or caution tags to isolate a system or equipment to protect personnel or equipment."  *Id.* at ¶ 13. The Government specifically alleges that Navy personnel <u>did</u> tag out the equipment.  *Id.* at ¶ 15. It specifically alleges that the tag out was done in accordance with Navy documentation and federal regulations.  *Id.* at ¶ 17.   The Government alleges that AIT never cleared the tag out because it had not yet completed the relevant work.  *Id.* at ¶¶ 18-19.   The Government alleges the relevant equipment was still tagged out at the time of the accident.  *Id.* at ¶ 19.  As to why the accident happened, the Government only alleges that the equipment was "activated in an unknown manner by an unknown third party, despite being tagged-out and equipped with a danger tag prohibiting operation."  *Id.* at ¶ 23.

There is simply nothing in either the Amended Complaint or the Third-Party Complaint that alleges any negligent conduct on the part of AIT.  No cause of action exists to hold a party liable for requesting equipment to be tagged out.  No pleading alleges anything AIT did wrong or any action it took that violated any duty to the decedent.  There is simply no claim against AIT on the facts that have been alleged.

As this Court has already held in this case, "[t]he role of discovery is to find support for properly pleaded claims, not to find the claims themselves." Dkt. No. 93 at 8 (citing *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009).

4

There are no properly pleaded claims against AIT.  It would be a severe injustice to force AIT to litigate a case in which no party has or can make factual allegations supporting a claim against AIT.

Accordingly, the Third-Party Complaint and Rule 14(c) Tender against AIT must be dismissed.

ADVANCED INTEGRATED
TECHNOLOGIES, LLC

*/s/ Dustin M. Paul*

Dustin M. Paul (VSB No. 75287)
WOODS ROGERS VANDEVENTER BLACK PLC
101 West Main St. Suite 500
Norfolk, Virginia, 23510
757-446-8600 (Telephone)
757-446-8670 (Fax)
Dustin.Paul@wrvblaw.com
*Counsel for Third-Party Defendant*
*Advanced Integrated Technologies, LLC*