# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY, | ) ) ) |
| Plaintiff, | ) ) Case 2:22-cv-00427 |
| v. | ) ) In Admiralty |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

### UNITED STATES' RESPONSE IN OPPOSITION TO ADVANCED INTEGRATED TECHNOLOGIES' MOTION TO DISMISS THE UNITED STATES' THIRD-PARTY COMPLAINT

NOW COMES the Defendant and Third-Party Plaintiff, the United States of America, and respectfully responds to oppose Advanced Integrated Technologies LLC ("AIT")'s Motion to Dismiss the United States' Third-Party Complaint and Rule 14(c) Tender, as follows:

### FACTS AND PROCEDURAL HISTORY

Plaintiff, Administrator of the Estate of Cynthia Gary, filed a Complaint in Admiralty in this matter on October 14, 2022. Compl., ECF No. 1. The Complaint was amended on March 10, 2023 to include additional parties, including AIT. Am. Compl., ECF No. 21. AIT Answered the Amended Complaint on April 12, 2023. Answer, ECF No. 42. The United States filed an Answer to the Amended Complaint in which it denied liability and asserted, among other defenses, that Ms. Gary's death was caused by the negligence of parties other than the United States, and that the United States' liability, if any, must be reduced or barred because of the tortious conduct of other parties. Answer, ECF No. 62.

Three parties named as defendants in the Amended Complaint, KD Shipyard Repairs, LLC ("KDSR"), CECO Environmental Corporation ("CECO"), and Coastal Mechanical Systems, LLC

1

("Coastal"), filed motions to seeking dismissal from the case. Their motions were referred to Magistrate Judge Lawrence R. Leonard for review and recommendation. The Court heard argument on the motions on September 7, 2023.

On September 29, 2023, Magistrate Judge Leonard recommended that the motions for dismissal filed by KDSR, CECO, and Coastal be granted. Rep. and Recommendations, ECF No. 93.

On November 8, 2023, the Plaintiff and AIT filed a joint motion for voluntary dismissal without prejudice of the Amended Complaint's claims against AIT. Jt. Mot., ECF No. 106. The joint motion was two pages long and included no discussion of either the facts or law relevant to AIT. The joint motion was granted five days later by the Court, which noted that it was a "joint request of both" Plaintiff and AIT, and emphasized that the claims against AIT were "dismissed *without prejudice*." Order, ECF No. 109. (emphasis in original).

On November 13, 2023, CECO also was dismissed from the case without prejudice on the consent motion of CECO and the plaintiff, Order, ECF No. 110, leaving only KDSR's and Coastal Mechanical System's motions for dismissal pending before the Court for adjudication on the merits. The Court granted both motions on December 15, 2023. Order, ECF No. 111.

On January 4, 2024, the United States, with the assent of the plaintiff, sought leave to file a third-party complaint and Rule 14(c) tender, tendering Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk ("NASSCO") and AIT as third-party defendants. ECF Nos. 114, 114-1, 114-2. The United States filed a memorandum in support of its motion. ECF No. 115. On January 9, 2024, the Court granted the United States leave to file its third-party complaint and tender, Order, ECF No. 118, which the Court docketed the same day. Third-Party Compl., ECF

No. 119. AIT has moved for dismissal of the Third-Party Complaint and Rule 14(c) Tender on the pleadings pursuant to Federal Rule of Procedure 12(b)(6). Mot., ECF No. 124.

## LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of an action if the complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining if an action has adequately stated a claim to survive a 12(b)(6) motion to dismiss "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.,* Inc., 637 F.3d 435, 440 (4th Cir. 2011)); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.*, 910 F.2d 139, 143 (4th Cir. 1990); *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).

"Plaintiffs must allege facts that 'state a claim to relief that is plausible on its face,' i.e. facts that 'have nudged their claims across the line from conceivable to plausible.'" *AIU Ins. Co. v. Omega Flex, Inc.* 2012 WL 1119791 at *2 (W.D. Va. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)). "A claim is plausible if the complaint contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' and if there is 'more than a sheer possibility" that a defendant has done what is alleged. *Id.* (internal quotations omitted).

A 12(b)(6) motion should not be "granted unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016) (emphasis added). A complaint may survive a motion to dismiss under

12(b)(6) "even if it appears 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 (internal citations omitted). A plaintiff does not need to "prove his case in the complaint" but must provide only enough information to "allege facts sufficient to state elements' of the claim." *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) (quoting *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 (4th Cir. 2005)). A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, such as those in which "no set of facts would support the plaintiffs claim." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989).

The United States' complaint against AIT is a Third-Party Complaint and Tender pursuant to Federal Rule of Civil Procedure 14(c). Rule 14 governs impleader in civil actions. Its purpose "is to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought in so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Dishong v. Peabody Corp.,* 219 F.R.D. 382, 385 (E.D. Va. 2003) (citing *Glens Falls Indem. Co. v. Atl. Bldg. Corp.*, 199 F.2d 60, 63 (4th Cir. 1952)). Where the original plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant "may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable – either to the plaintiff or to the third-party plaintiff- for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences." *Atlantic Specialty Ins. Co. v. Bindea*, 656 F. Supp. 3d 624, 635 (W.D. Va. 2023) (citing Fed. R. Civ. P. 14(c)(1)). In such cases:

> [t]he third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

Fed. R. Civ. P. 14(c)(2). *See Vaughn v. Farrell Lines Inc.*, 937 F.2d 953, 955 (4th Cir. 1991).

Rule 14(c) is "a special rule applicable only in maritime cases," and "much broader" than Rule 14(a). *Sea King Corp. v. Eimskip Logistics, Inc.* 2018 WL 11510982 (E.D. Va. Oct. 10, 2018). Impleader under Rule 14(c) is to be "liberally allowed[] if it will prevent duplication of suits on closely related matters." *Bindea*, 656 F. Supp. 3d at 635 (quoting *Dishong*, 219 F.R.D. at 385). "[W]hether to permit [a] third-party claim to remain in the lawsuit is a matter left to the sound discretion of the district court." *Id.* (quoting *Dishong*, 219 F.R.D. at 385).

## DISCUSSION

AIT moves for dismissal of the Third-Party Complaint because, it alleges, "[t]here is simply no claim against AIT on the facts that have been alleged." AIT Mem. in Support of Mot. To Dismiss at 4, ECF No. 125. This assertion is incorrect as a matter of both fact and law.

In Count I of the Amended Complaint, the plaintiff alleges that Ms. Gary's death resulted from "negligently failing to properly tag-out and secure the blow-in door," in which Ms. Gary was crushed. Am. Compl., Count I, ECF No. 21. As set forth and explained at length in the Third-Party Complaint (and contrary to AIT's contention in its motion) however, the United States was not the only party responsible for tagging out and/or securing the blow-in panel. *See e.g.,* Third-Party Compl. at ¶¶ 15, 16, 17, ECF No. 119. As AIT concedes, the tag-out was requested by AIT in the first place. *Id.* at ¶¶ 12, 14. *See also* AIT Mot. to Dismiss at 4. AIT not only requested the tag-out, but specifically directed that the blow-in panel be "tagged out in the open position." Third-Party Compl. at ¶ 14. As set forth in the Third-Party Complaint, the process of equipment tag-out is governed in part by the Navy's Tag-Out Users Manual (TUM). *Id.* at ¶¶ 13, 17. The TUM applies to both "ship's force" and professional ship-repair contractors such as AIT, referred to in

the TUM as the "Repair Activity." *See id.* at ¶¶ 15, 17.  As its provisions make clear, the Repair Activity requesting the tag-out, in this case AIT, bore responsibility for independently reviewing, and concurring with, or else correcting, the tag-out configuration.  *See id.* at ¶¶ 13-17.  As the Third-Party Complaint specifically alleges, the duty, if any, to properly tag-out the equipment in which Ms. Gary was crushed, was shared by the United States and AIT.  Third-Party Compl. at ¶ 26.  Therefore, if a trier of fact ultimately were to conclude, as the plaintiff contends, that the tag-out was improper and negligently performed, liability would be shared by the United States and AIT.  AIT would be liable to the plaintiff, and/or to the United States for contribution.  *See Vaughan*, 937 F.2d at 959 (citing *Restatement (Second) of Torts § 886A* in discussing claims for contribution by another tortfeasor).  Thus, the combination of the Amended Complaint, and Third-Party Complaint, clearly state a claim for contribution against AIT for its participation in the tag-out that Plaintiff alleges was negligent and tortious.

Moreover, Plaintiff alleges in Count III of the Amended Complaint that Ms. Gary's death resulted from her assignment as fire watch in a place where she was subject to being crushed by the blow-in panel.  *See* Am. Compl., Count III, ECF No. 21.  Plaintiff effectively alleges that the placement of Ms. Gary in proximity to the blow-in panel *while it was tagged out in the open position* created a hazard.  *Id.* (emphasis added).  The substantial supplemental facts in the Third-Party Complaint however make clear that AIT was responsible for creating that hazard.  The Third-Party Complaint alleges that AIT directed that the blow-in panel be tagged out in the open position in late January 2021.  Third-Party Compl. at ¶¶ 12, 14.  It further alleges that AIT then neither performed the repair that the tag-out was to facilitate, nor "cleared" or rescinded the tag-out so that the blow-in panel could be restored to its normal, closed, and secured position before March 15, 2021 when Ms. Gary was killed.  *Id.* at ¶¶ 18, 19.  Therefore, if a trier of fact were to conclude

that, as the plaintiff contends, a hazard was negligently created when the blow-in panel was left tagged out in the open position while Ms. Gary simultaneously was placed where she could be crushed by it, it would be the result of AIT's negligence, in leaving the blow-in panel open instead of clearing the tag-out.  Clearing, or rescinding, the tag-out would have permitted the blow-in panel to be re-secured in its normal, closed position.  Thus AIT, and not the Navy, would be liable, or share liability, for creating this hazard.  Again, the combination of the Amended Complaint, and the Third-Party Complaint, clearly state a claim against AIT for negligence for the hazard it created or, at the very least, to which it contributed.

In its motion, AIT recites an incomplete selection of facts from the Third-Party Complaint and summarily concludes that they "lead to the only conclusion there is no liability of AIT."  As set forth above, however, the Third-Party Complaint elucidates in detail AIT's integral role in the tag-out configuration about which the plaintiff complains, as well as in contributing to Ms. Gary's placement in harm's way.  Plaintiffs, and particularly third-party plaintiffs proffering tenders under Rule 14(c), need not prove their case in the complaint.  *Robertson*, 679 F.3d at 291.  A "complaint need not 'make a case' against a defendant or '*forecast evidence* sufficient to *prove* an element' of the claim.  It need only '*allege facts* sufficient to *state* elements' of the claim."  *Id.*  The total universe of allegations set forth in the combination of the plaintiff's Amended Complaint and the United States' Third-Party Complaint tendering AIT to the plaintiff as a third-party defendant under Rule 14(c) not only meet, but well-exceed, this threshold standard required for notice pleadings.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny AIT's motion to dismiss the United States' Third-Party Complaint and Rule 14(c) Tender.

7

Dated: February 12, 2024               Respectfully submitted,

                                                  UNITED STATES OF AMERICA

                                                  JESSICA D. ABER
                                                  United States Attorney

By:   /s/ *Garry D. Hartlieb*
        Garry D. Hartlieb, IL Bar No. 6322571
        Assistant U.S. Attorney
        Office of the United States Attorney
        101 West Main Street, Suite 8000
        Norfolk, Virginia 23510-1671
        Tel: (757) 441-3173
        Fax: (757) 441-6689
        E-mail: garry.hartlieb@usdoj.gov

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

By:   /s/ *Malinda R. Lawrence*
        Malinda R. Lawrence, ME Bar No. 004351
        Darren E. Myers, NY Admitted
        Trial Attorneys
        United States Department of Justice
        Civil Division, Torts Branch
        Aviation, Space & Admiralty Litigation
        175 N Street, NE, 8th Floor
        Washington, DC 20002
        Tel: (202) 307-0033/(202) 305-8049
        Fax: (202) 616-4002
        E-mail: Malinda.R.Lawrence@usdoj.gov
        E-mail: Darren.E.Myers@usdoj.gov

        *Attorneys for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing ("NEF") to the following counsel of record:

Robert J. Haddad, Esq.
Andrew M. Hendrick, Esq.
RULOFF, SWAIN, HADDAD, MORECOCK,
TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
Email: rhaddad@srgslaw.com
Email: ahendrick@srgslaw.com
*Counsel for Douglas I. Hornsby, Administrator of the Estate of Cynthia Gary*

Edward J. Powers, Esq.
Dustin M. Paul, Esq.
WOODS ROGERS VANDEVENTER BLACK PLC
101 West Main St., Suite 500
Norfolk, Virginia, 23510
Telephone: 757-446-8600
Fax: 757-446-8670
Email: Edward.Powers@wrvblaw.com
Email: Dustin.Paul@wrvblaw.com
*Attorneys for Defendant, Advanced Integrated Technologies, LLC*

Christopher A. Abel, Esq.
Heather R. Pearson, Esq.
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: 757.628.5500
Facsimile: 757.628.5566
Email: cabel@wilsav.com
Email: hpearson@wilsav.com
*Attorneys for Defendant Harbor Industrial Services, Inc.*

James L. Chapman, IV, Esq.
Alexander R. McDaniel, Esq.
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
Email: jchapman@cwm-law.com
Email: amcdaniel@cwm-law.com
*Attorneys for KD Shipyard Repair, LLC*

Jason R. Harris, Esq.
CRANFILL SUMNER LLP
5535 Currituck Dr., Suite 210
Post Office Box 1950
Wilmington, NC 28402
Telephone: (910) 777-6000
Fax: (910) 777-6142
Email: jharris@cshlaw.com
*Attorney for Defendant Coastal Mechanical Systems, LLC*

Lynn K. Brugh, IV, Esq.
Jack A. Irvin, Esq.
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6461
Facsimile: (804) 420-6507
Email: lbrugh@williamsmullen.com
Email: jirvin@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp. d/b/a General Dynamics NASSCO-Norfolk*

By:   /s/ *Garry D. Hartlieb*
    Garry D. Hartlieb, IL Bar No. 6322571
    Assistant U.S. Attorney
    Office of the United States Attorney
    101 West Main Street, Suite 8000
    Norfolk, VA 23510-1671
    Phone: (757) 441-6331
    Fax: (757) 441-6689
    Email: garry.hartlieb @usdoj.gov
    *Counsel for the United States*