IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of the Estate of CYNTHIA GARY, | ) ) ) |
| Plaintiff, | ) ) Case 2:22-cv-00427 |
| v. | ) ) In Admiralty |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

**UNITED STATES' CORRECTED RESPONSE IN OPPOSITION TO METRO MACHINE CORP.'S MOTION TO DISMISS THE UNITED STATES' THIRD-PARTY COMPLAINT**

NOW COMES the Defendant and Third-Party Plaintiff, the United States of America, and respectfully responds to oppose Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk ("NASSCO")'s Motion to Dismiss the Third-Party Complaint and Rule 14(c) Tender of the United States, as follows:

**FACTS AND PROCEDURAL HISTORY**

Plaintiff, Administrator of the Estate of Cynthia Gary, filed a Complaint in Admiralty in this matter on October 14, 2022. Compl., ECF No. 1. The Complaint was amended on March 10, 2023 to include additional parties, including NASSCO. Am. Compl., ECF No. 21. NASSCO Answered the Amended Complaint on May 4, 2023. Answer, ECF No. 61. The United States filed an Answer to the Amended Complaint in which it denied liability and asserted, among other defenses, that Ms. Gary's death was caused by the negligence of parties other than the United States, and that the United States' liability, if any, must be reduced or barred because of the tortious conduct of other parties. Answer, ECF No. 62.

1

Three parties named as defendants in the Amended Complaint, KD Shipyard Repairs, LLC("KDSR"), CECO Environmental Corporation ("CECO"), and Coastal Mechanical Systems, LLC("Coastal"), filed motions to seeking dismissal from the case. Their motions were referred to Magistrate Judge Lawrence R. Leonard for review and recommendation. The Court heard argument on the motions on September 7, 2023.

On September 29, 2023, Magistrate Judge Leonard recommended that the motions for dismissal filed by KDSR, CECO, and Coastal be granted. Rep. and Recommendations, ECF No. 93.

On October 6, 2023, NASSCO moved for judgment on the pleadings, pursuant to Rule 12(c), of Count IV of the Amended Complaint in which it was named. Mot., ECF No. 94. Prior to the Court's adjudication of NASSCO's motion however, Plaintiff moved for entry of a consent order, indicating the plaintiff and NASSCO had agreed that NASSCO could be dismissed from the case without prejudice "so that the Plaintiff could request leave to file an Amended Complaint at a later time should additional facts be learned in discovery to support a claim for negligence against NASSCO-Norfolk." Mot., ECF No. 97. The Court granted this motion on October 27, 2023, and NASSCO was dismissed without prejudice. Consent Order, ECF No. 98.

On November 13, 2023, CECO also was dismissed from the case without prejudice on the consent motion of CECO and the plaintiff, Order, ECF No. 110, leaving only KDSR's and Coastal Mechanical System's motions for dismissal pending before the Court for adjudication on the merits. The Court granted both motions on December 15, 2023. Order, ECF No. 111.

On January 4, 2024, the United States, with the assent of the plaintiff, sought leave to file a third-party complaint and Rule 14(c) tender, tendering NASSCO and one of its subcontractors, Advanced Integrated Technologies, LLC ("AIT"), as third-party defendants. ECF Nos. 114, 114-

1, 114-2.  The United States filed a memorandum in support of its motion.  ECF No. 115.  On January 9, 2024, the Court granted the United States leave to file its third-party complaint and tender, ECF No. 118, which the Court docketed the same day.  Third-Party Compl., ECF No. 119.  NASSCO has moved for dismissal of the Third-Party Complaint and Rule 14(c) Tender on the pleadings pursuant to Federal Rule of Procedure 12(b)(6).  Mot., ECF No. 126.

## **LEGAL STANDARD**

Rule 12(b)(6) provides for dismissal of an action if the complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).  In determining if an action has adequately stated a claim to survive a 12(b)(6) motion to dismiss "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'"  *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.,* Inc., 637 F.3d 435, 440 (4th Cir. 2011)); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.*, 910 F.2d 139, 143 (4th Cir. 1990); *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).

"Plaintiffs must allege facts that 'state a claim to relief that is plausible on its face,' i.e. facts that 'have nudged their claims across the line from conceivable to plausible.'"  *AIU Ins. Co. v. Omega Flex, Inc.* 2012 WL 1119791 at *2 (W.D. Va. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)).  "A claim is plausible if the complaint contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' and if there is 'more than a sheer possibility" that a defendant has done what is alleged.  *Id.* (internal quotations omitted).

3

A complaint may survive a motion to dismiss under 12(b)(6) "even if it appears 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 (internal citations omitted). A plaintiff does not need to "prove his case in the complaint" but must provide only enough information to "allege facts sufficient to state elements' of the claim." *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) (quoting *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 (4th Cir. 2005)). A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, such as those in which "no set of facts would support the plaintiffs claim." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989).

The United States' complaint against NASSCO is a Third-Party Complaint and Tender pursuant to Federal Rule of Civil Procedure 14(c). Rule 14 governs impleader in civil actions. Its purpose "is to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought in so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Dishong v. Peabody Corp.,* 219 F.R.D. 382, 385 (E.D. Va. 2003) (citing *Glens Falls Indem. Co. v. Atl. Bldg. Corp.*, 199 F.2d 60, 63 (4th Cir. 1952)). Where the original plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant "may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable – either to the plaintiff or to the third-party plaintiff- for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences." *Atlantic Specialty Ins. Co. v. Bindea*, 656 F. Supp. 3d 624, 635 (W.D. Va. 2023) (citing Fed. R. Civ. P. 14(c)(1)). In such cases:

> [t]he third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and

the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

Fed. R. Civ. P. 14(c)(2).  *See Vaughn v. Farrell Lines Inc.*, 937 F.2d 953, 955 (4th Cir. 1991).

Rule 14(c) is "a special rule applicable only in maritime cases," and "much broader" than Rule 14(a).  *Sea King Corp. v. Eimskip Logistics, Inc.* 2018 WL 11510982 (E.D. Va. Oct. 10, 2018).  Impleader under Rule 14(c) is to be "liberally allowed[] if it will prevent duplication of suits on closely related matters."  *Bindea*, 656 F. Supp. 3d at 635 (quoting *Dishong*, 219 F.R.D. at 385).  "[W]hether to permit [a] third-party claim to remain in the lawsuit is a matter left to the sound discretion of the district court."  *Id.* (quoting *Dishong*, 219 F.R.D. at 385).

## DISCUSSION

NASSCO moves for dismissal of the Third-Party Complaint because, it alleges, "[n]owhere in the Amended Complaint or the Third-Party Complaint is [it] alleged to have committed any wrongdoing that would give rise to liability."  NASSCO Mem. in Supp. of Mot. to Dismiss at 1-2, ECF No. 127.  This assertion is based on an incomplete and selective reading of the Third-Party Complaint and is incorrect as a matter of both fact and law.

In its motion seeking dismissal, NASSCO concedes that it was AIT that requested the tag out of the blow-in panel, specifically in the "open" position, and implemented it jointly with the Navy.  NASSCO Mem. in Supp. of Mot. to Dismiss at 2, ECF No. 127.  What NASSCO leaves out, but the Third-Party Complaint makes clear, is that AIT was NASSCO's subcontractor - hired and supervised by NASSCO to perform the gasket replacement work.  *See* Third-Party Compl. ¶¶ 11, 12, 16, ECF No. 119.  NASSCO was solely responsible for selecting, hiring, directing, and overseeing performance by its subcontractor AIT.  The Third-Party Complaint further alleges, as NASSCO also fails to acknowledge, the fundamental facts that NASSCO was the prime contractor,

5

hired by the Navy to conduct, coordinate, supervise and oversee *all* of the work on the USS McFAUL encompassed by the months-long maintenance availability, not merely the gasket replacement job. *Id.* ¶¶ 11, 15, 16, 20, 24.  As alleged in Paragraphs 16 and 20, among others, of the Third-Party Complaint, NASSCO's duties under the contract and as a professional ship-repairer included overall coordination and oversight of both timing and manner of all work, including, when applicable, the timing and manner in which equipment was tagged out of, or back into, service.  Consequently, if a trier of fact ultimately were to conclude, as the plaintiff contends, that the tag-out was improper and negligently performed, liability would be shared not only by the United States and NASSCO's subcontractor and third-party-codefendant AIT, but also by NASSCO itself.  The combination of the Amended Complaint, and the Third-Party Complaint, state a claim for contribution against NASSCO for its involvement in the tag-out that Plaintiff alleges was negligent and tortious.

Plaintiff alleges in Count III of the Amended Complaint that Ms. Gary's death resulted from her assignment as fire watch in a place where she was subject to being crushed by the blow-in panel.  *See* Am. Compl., Count III, ECF No. 21.  Plaintiff effectively alleges that the placement of Ms. Gary in proximity to the blow-in panel *while it was tagged out in the open position* created a hazard.  *Id.* (emphasis added).  NASSCO concedes that Ms. Gary was assigned to work as a fire watch for welding work commenced in the space where the blow-in panel remained tagged out in the open position, NASSCO Mem. in Supp. of Mot. to Dismiss at 3, ECF No. 127, but fails to acknowledge that, as the Third-Party Complaint alleges, it was NASSCO itself, and not the Navy, that did all of these things.  Third-Party Compl., ¶ 16, 17, 19, 21, 22, 24, ECF No. 119.

In its motion, NASSCO also ignores the many allegations in the Third-Party Complaint that make clear that NASSCO was the professional ship-repairer hired by the United States as the

6

prime contractor responsible for the entirety of the McFAUL maintenance availability, including "overall safety oversight" of all ship repair work. Third-Party Compl., ¶¶ 11, 12, 15, 16, 17, 24, ECF No. 119. Ms. Gary was not a Navy or government employee; she was killed while working on NASSCO's behalf. NASSCO was in control of the space in which Ms. Gary was working when she was killed. *See* Third-Party Compl., ¶ 17, 26, ECF No. 119; *Scindia Steam Nav. Co., Ltd. v. De Los Santos*, 451 U.S. 156, 170 (1981) ("As a general matter, the shipowner may rely on the stevedore [or ship-repairer] to avoid exposing the longshoremen to unreasonable hazards. [The Longshore and Harbor Workers Compensation Act (LHWCA)] requires the … longshoremen's employer, to provide a "reasonably safe" place to work and to take such safeguards with respect to equipment and working conditions as the Secretary of Labor may determine to be necessary to avoid injury to longshoremen. The ship is not the common employer of the longshoremen and owes no statutory duty to them.").

As such, and as the Third-Party Complaint plainly alleges, NASSCO was responsible for performing its work in a safe, workmanlike, and reasonable manner that did not create unreasonable hazards to the workers laboring on its behalf. *See* Third-Party Compl., ¶¶ 26, 27, ECF No. 119. It is axiomatic that a professional ship-repairer hired by a vessel owner to conduct ship repair work has a statutory and common law duty under the LHWCA and general maritime law. *See Scindia*, 451 U.S. at 170; *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 816-817, 820 (2001) (estate of deceased harbor worker employed by subcontractor of drydock company had a wrongful death cause of action against the drydock company, which was performing ship repair work on a U.S. Navy vessel); *Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706, 708 (5th Cir. 1981); *Peters v. Titan Nav. Co.*, 857 F.2d 1342, 1344 (9th Cir. 1988). "In a maritime tort action for negligence . . . the duty owed [a ship repairman] is the ordinary negligence

7

duty of reasonable care under the circumstances." *Peters*, 857 F.2d at 1344. *See also Aviva Ltd. v. Carter Machinery Co., Inc.* 2012 WL 1970228 at *1, **3 (W.D. Va. 2012) (complaint alleging that ship repairer "failed to perform the work in a workmanlike manner" sufficient to allege maritime negligence cause of action). This is the duty alleged in paragraphs 31 and 47 of the Amended Complaint and paragraphs 26 and 27 of the Third-Party Complaint. ECF Nos. 21; 119. In summary, NASSCO's conclusory contention that "[n]either the Plaintiff nor the United States allege the source of [NASSCO's] duty, nor to they allege any action or omission of NASSCO-Norfolk that constitutes a breach of said duty," ignores not only the elemental tort allegations of the Amended Complaint, but also paragraph after paragraph of detailed factual allegations in the Third-Party Complaint, and is simply untrue.

Plaintiffs, and particularly third-party plaintiffs proffering tenders under Rule 14(c), need not prove their case in the complaint. *Robertson*, 679 F.3d at 291. A "complaint need not 'make a case' against a defendant or '*forecast evidence* sufficient to *prove* an element' of the claim. It need only '*allege facts* sufficient to *state* elements' of the claim." *Id.* Contrary to NASSCO's contentions, the combination of the Amended Complaint, and the United States' Third-Party Complaint tendering NASSCO to the plaintiff as a third-party defendant under Rule 14(c), allege all of the elements of the negligence cause of action (duty, breach, causation, and damage), the nature of NASSCO's duty to Ms. Gary, and abundant factual allegations explaining NASSCO's role in the events that resulted in Ms. Gary's death, in breach of its duties of care. The total universe of allegations set forth in the combination of the plaintiff's Amended Complaint and the United States' Third-Party Complaint tendering NASSCO to the plaintiff as a third-party defendant under Rule 14(c) not only meet, but well exceed, the threshold standard required for notice pleadings.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny NASSCO's motion to dismiss the United States' Third-Party Complaint and Rule 14(c) Tender.

Dated: February 20, 2024　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA

　　　　　　　　　　　　　　　　　　　JESSICA D. ABER
　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　By:　　　/s/ *Garry D. Hartlieb*
　　　　　　　　　　　　　　　　　　　Garry D. Hartlieb, IL Bar No. 6322571
　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney
　　　　　　　　　　　　　　　　　　　Office of the United States Attorney
　　　　　　　　　　　　　　　　　　　101 West Main Street, Suite 8000
　　　　　　　　　　　　　　　　　　　Norfolk, Virginia 23510-1671
　　　　　　　　　　　　　　　　　　　Tel: (757) 441-3173
　　　　　　　　　　　　　　　　　　　Fax: (757) 441-6689
　　　　　　　　　　　　　　　　　　　E-mail: garry.hartlieb@usdoj.gov

　　　　　　　　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General

　　　　　　　　　　　　　　By:　　　/s/ *Malinda R. Lawrence*
　　　　　　　　　　　　　　　　　　　Malinda R. Lawrence, ME Bar No. 004351
　　　　　　　　　　　　　　　　　　　Darren E. Myers, NY Admitted
　　　　　　　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　Civil Division, Torts Branch
　　　　　　　　　　　　　　　　　　　Aviation, Space & Admiralty Litigation
　　　　　　　　　　　　　　　　　　　175 N Street, NE, 8th Floor
　　　　　　　　　　　　　　　　　　　Washington, DC 20002
　　　　　　　　　　　　　　　　　　　Tel: (202) 307-0033/(202) 305-8049
　　　　　　　　　　　　　　　　　　　Fax: (202) 616-4002
　　　　　　　　　　　　　　　　　　　E-mail: Malinda.R.Lawrence@usdoj.gov
　　　　　　　　　　　　　　　　　　　E-mail: Darren.E.Myers@usdoj.gov

　　　　　　　　　　　　　　　　　　　*Attorneys for the United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following counsel of record:

Robert J. Haddad, Esq.
Andrew M. Hendrick, Esq.
RULOFF, SWAIN, HADDAD, MORECOCK,
TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
Email: rhaddad@srgslaw.com
Email: ahendrick@srgslaw.com
*Counsel for Douglas I. Hornsby, Administrator of the Estate of Cynthia Gary*

Christopher A. Abel, Esq.
Heather R. Pearson, Esq.
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: 757.628.5500
Facsimile: 757.628.5566
Email: cabel@wilsav.com
Email: hpearson@wilsav.com
*Attorneys for Defendant Harbor Industrial Services, Inc.*

Jason R. Harris, Esq.
CRANFILL SUMNER LLP
5535 Currituck Dr., Suite 210
Post Office Box 1950
Wilmington, NC 28402
Telephone: (910) 777-6000
Fax: (910) 777-6142
Email: jharris@cshlaw.com
*Attorney for Defendant Coastal Mechanical Systems, LLC*

Edward J. Powers, Esq.
Dustin M. Paul, Esq.
WOODS ROGERS VANDEVENTER BLACK PLC
101 West Main St., Suite 500
Norfolk, Virginia, 23510
Telephone: 757-446-8600
Fax: 757-446-8670
Email: Edward.Powers@wrvblaw.com
Email: Dustin.Paul@wrvblaw.com
*Attorneys for Defendant, Advanced Integrated Technologies, LLC*

James L. Chapman, IV, Esq.
Alexander R. McDaniel, Esq.
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
Email: jchapman@cwm-law.com
Email: amcdaniel@cwm-law.com
*Attorneys for KD Shipyard Repair, LLC*

Lynn K. Brugh, IV, Esq.
Jack A. Irvin, Esq.
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6461
Facsimile: (804) 420-6507
Email: lbrugh@williamsmullen.com
Email: jirvin@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp. d/b/a General Dynamics NASSCO-Norfolk*

      By:     /s/ *Garry D. Hartlieb*  
Garry D. Hartlieb, IL Bar No. 6322571  
Assistant U.S. Attorney  
Office of the United States Attorney  
101 West Main Street, Suite 8000  
Norfolk, VA 23510-1671  
Phone: (757) 441-6331  
Fax: (757) 441-6689  
Email: garry.hartlieb @usdoj.gov  
*Counsel for the United States*