**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

DOUGLAS I. HORNSBY, Administrator
of the Estate of CYNTHIA GARY,

    Plaintiff,

v.                                        Case No.:  2:22cv427

UNITED STATES OF AMERICA,

    Defendant and Third-Party Plaintiff,

v.

ADVANCED INTEGRATED TECHNOLOGIES, et al.,

    Third-Party Defendants.

**ADVANCED INTEGRATED TECHNOLOGIES'**
**REPLY TO OPPOSITOIN TO MOTION TO DISMISS**

        The government's brief simply misses the mark.  AIT never claims that only the Navy had responsibility for tagging out the relevant door.  *Cf*. Dkt. 132 at 5.  AIT's argument is that there is only a threadbare, conclusory assertion of AIT's negligence in both the Plaintiff's Amended Complaint and the Third-Party Complaint.  In the Plaintiff's Amended Complaint, the only factual allegation regarding AIT's potential negligence is found in Paragraph 25—a threadbare assertion of negligence without any supporting facts.  Paragraph 25 does not contain a single fact explaining how the door was not "properly tagged out"; it does not allege any fact that would support a duty that the door be "disconnected from potential sources of energy"; nor is there any allegation of any way in which the door could have been "secured to prevent it from closing" other than what was already done.  Dkt. 21 at ¶ 25.

The Navy's Third-Party Complaint adds nothing to these allegations. The Navy specifically alleges that the tagout was done "in accordance with the TUM and the Navy's shipboard procedures applicable to both the equipment and the task to be performed." Dkt. 119 at ¶ 17. The Navy offers no factual allegations as to why it would be negligent to request a tag-out of the door. To the contrary, the Navy specifically alleges that having the door tagged out in the open position is necessary to conduct the replacement of the seal around the door. *Id.* at ¶ 14.

In other words, the Amended Complaint and Third-Party Complaint seek to impose liability upon AIT for doing exactly what AIT was under an obligation to do—request a tagout of the door "in accordance with the TUM and the Navy's shipboard procedures applicable to both the equipment and the task to be performed." Dkt. 119 at ¶ 17. There are simply no factual allegations that support any negligence claim against AIT.

It is clear from the allegations what caused the decedent's death. As the Navy's own Third-Party complaint explains it, "the switch controlling the blow-in panel, which was located in a remote part of the ship, was activated in an unknown manner by an unknown third party, despite being tagged-out and equipped with a danger tag prohibiting operation, causing the blow-in panel to close and crush the decedent." Dkt. 119 at ¶ 23. Notably absent from either the Amended Complaint or the Third-Party Complaint are any allegations: (1) that AIT knew or had reason to know the decedent would position herself beneath the blow out door; (2) that there was some duty requiring that the gasket replacement should have been completed earlier or that it was even possible to do so given the conditions of the vessel and the other ongoing work; or (3) that AIT had any reason to believe that some unknown third party would blatantly ignore the tagout and operate the door despite the tagout and the Navy's regulations.

These allegations simply do not survive Rule 12(b)(6).  The government's opposition notably falls back to the rejected "no set of facts" standard for a 12(b)(6) motion.  *See* Dkt. 128 at 4 (citing *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989). Reliance upon this standard is telling since it has been explicitly rejected by the Supreme Court and the Fourth Circuit.  *See*, *e.g.*, *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 587 (4th Cir. 2015).

It is not sufficient to simply offer the unsupported conclusion and label that the door was "not properly tagged out."  Dkt. 21 at ¶ 25.  Such "conclusory statements" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  A complaint cannot survive when it is "entirely of conclusory allegations unsupported by concrete facts."  *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011).  A "mere possibility" is insufficient to subject a Defendant to a "suit for monetary damages" and to survive a 12(b)(6) motion.  *Walker v. Prince George's Cnty.*, MD, 575 F.3d 426, 431 (4th Cir. 2009). As the Ninth Circuit has aptly put it, a complaint "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  AIT has no idea what it is being accused of doing wrong in this case.

Without concrete facts establishing its duties and its negligence in either the Amended Complaint or the Third-Party Complaint, the Complaint does not state a cause of action.  Accordingly, the Third-Party Complaint should be dismissed under Rule 12(b)(6).

        ADVANCED INTEGRATED
        TECHNOLOGIES, LLC

        */s/ Dustin M. Paul*

Dustin M. Paul (VSB No. 75287)
WOODS ROGERS VANDEVENTER BLACK PLC

101 West Main St. Suite 500
Norfolk, Virginia, 23510
757-446-8600 (Telephone)
757-446-8670 (Fax)
Dustin.Paul@wrvblaw.com
*Counsel for Third-Party Defendant*
*Advanced Integrated Technologies, LLC*