**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

DOUGLAS I. HORNSBY, Administrator of    )
The Estate of CYNTHIA GARY,             )
                                        )
           Plaintiff,                   )
                                        )
v.                                      )    Civil Action No. 2:22-cv-427
                                        )
UNITED STATES OF AMERICA, et al.,       )
                                        )
                                        )
           Defendants.                  )

**METRO MACHINE CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**UNITED STATES' THIRD-PARTY COMPLAINT AND RULE 14(c) TENDER**

Defendant Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk ("NASSCO-

Norfolk" or "Defendant"), by counsel, for its Answer and Affirmative Defenses to the United

States' Third-Party Complaint and Rule 14(c) Tender filed herein, states as follows:

**ANSWER**

For its Answer to the allegations set forth in the numbered paragraphs of the United States'

Third-Party Complaint and Rule 14(c) Tender, NASSCO-Norfolk states as follows:

**JURISDICTION AND PARTIES**

1.      The allegations in Paragraph 1 call for legal conclusions to which no response is

required.  To the extent a response is required, NASSCO-Norfolk is without sufficient information

or knowledge to admit or deny the allegations.

2.      The allegations in Paragraph 2 call for legal conclusions to which no response is

required.  To the extent a response is required, NASSCO-Norfolk is without sufficient information

or knowledge to admit or deny the allegations, and, therefore, NASSCO-Norfolk denies the

allegations.

3.      NASSCO-Norfolk admits the allegation in Paragraph 3 that the United States has named NASSCO-Norfolk and Advanced Integrated Technologies as Third-Party Defendants.

4.      NASSCO-Norfolk admits the allegations in Paragraph 4.

5.      NASSCO-Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 5 as they pertain solely to another named Third-Party Defendant. To the extent a response is required, NASSCO-Norfolk denies the allegations.

6.      NASSCO-Norfolk admits the allegation in Paragraph 6 that Cynthia Gary died on March 15, 2021. NASSCO-Norfolk is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 6.  To the extent a response is required, NASSCO-Norfolk denies the allegations.

7.      NASSCO-Norfolk admits the allegation in Paragraph 7 that Plaintiff initiated this lawsuit against the United States under the statutes provided therein.

8.      NASSCO-Norfolk admits the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 call for legal conclusions to which no response is required.  To the extent a response is required, NASSCO-Norfolk denies the allegations.

## GENERAL ALLEGATIONS

10.     NASSCO-Norfolk admits the allegations in Paragraph 10 that Plaintiff filed suit against the United States and that at the time of the decedent's death the USS McFaul was undergoing maintenance. NASSCO-Norfolk denies all further allegations in Paragraph 10.

11.     NASSCO-Norfolk denies the allegations in Paragraph 11.

12.     NASSCO-Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12.  To the extent a response is required, NASSCO-Norfolk

denies the allegations.

13.     NASSCO-Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13.  To the extent a response is required, NASSCO-Norfolk denies the allegations.  In addition, the "Tag-Out Users Manual" referenced in Paragraph 13 speaks for itself.

14.     NASSCO-Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14.  To the extent a response is required, NASSCO-Norfolk denies the allegations.

15.     NASSCO-Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15.  To the extent a response is required, NASSCO-Norfolk denies the allegations.

16.     NASSCO-Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16.  To the extent a response is required, NASSCO-Norfolk denies the allegations.

17.     NASSCO-Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17.  To the extent a response is required, NASSCO-Norfolk denies the allegations.

18.     NASSCO-Norfolk is without sufficient information or knowledge to admit or deny the allegations in Paragraph 18, and, therefore, NASSCO-Norfolk denies the allegations.

19.     NASSCO-Norfolk is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 19.  To the extent a response is required, NASSCO-Norfolk denies the allegations.

20.     NASSCO-Norfolk is without sufficient information or knowledge to admit or deny

the allegations contained in Paragraph 20. To the extent a response is required, NASSCO-Norfolk

denies the allegations. In addition, the allegations in Paragraph 20 call for legal conclusions to

which no response is required. To the extent a response is required, NASSCO-Norfolk denies the

allegations.

21.     NASSCO-Norfolk is without sufficient information or knowledge to admit or deny

the allegations in Paragraph 21, and, therefore, NASSCO-Norfolk denies the allegations.

22.     NASSCO-Norfolk is without sufficient information or knowledge to admit or deny

the allegations in Paragraph 22, and, therefore, NASSCO-Norfolk denies the allegations.

23.     NASSCO-Norfolk is without sufficient information or knowledge to admit or deny

the allegations in Paragraph 23, and, therefore, NASSCO-Norfolk denies the allegations.

24.     NASSCO-Norfolk denies the allegations in Paragraph 24. In addition, the

allegations in Paragraph 24 call for legal conclusions to which no response is required. To the

extent a response is required, NASSCO-Norfolk denies the allegations.

### RULE 14(c) TENDER

25.     The allegations in Paragraph 25 call for legal conclusions to which no response is

required. To the extent a response is required, NASSCO-Norfolk denies the allegations.

26.     NASSCO-Norfolk denies the allegations in Paragraph 26, to the extent they pertain

to NASSCO-Norfolk, and is without sufficient information or knowledge to admit or deny the

allegations as they pertain to other Third-Party Defendants. In addition, the allegations in

Paragraph 26 call for legal conclusions to which no response is required. To the extent a response

is required, NASSCO-Norfolk denies the allegations.

27.     The allegations in Paragraph 27 call for legal conclusions to which no response is

required. To the extent a response is required, NASSCO-Norfolk denies the allegations.

28.     The allegations in Paragraph 28 call for legal conclusions to which no response is required.  To the extent a response is required, NASSCO-Norfolk denies the allegations.

29.     The allegations in Paragraph 29 call for legal conclusions to which no response is required.  To the extent a response is required, NASSCO-Norfolk denies the allegations.

30.     The allegations in Paragraph 30 call for legal conclusions to which no response is required.  To the extent a response is required, NASSCO-Norfolk denies the allegations.

31.     NASSCO-Norfolk denies that Plaintiff or Third-Party Plaintiff are entitled to any of the relief sought for in the unnumbered paragraph of the Amended Complaint beginning with "WHEREFORE" and the four numbered subparagraphs that follow.

## **AFFIRMATIVE DEFENSES**

NASSCO-Norfolk may rely on the following defenses and affirmative defenses:

1.     The Third-Party Complaint and Rule 14(c) Tender fails to state a claim upon which relief may be granted against NASSCO-Norfolk.

2.     The liability of NASSCO-Norfolk, if any, must be reduced or barred because of the comparative negligence, contributory negligence, assumption of risk, and/or other tortious conduct of Cynthia Gary.

3.     The liability of NASSCO-Norfolk, if any, must be reduced or barred because of the comparative negligence, contributory negligence, assumption of risk, and/or other tortious conduct of parties, persons, or entities different from NASSCO-Norfolk.

4.     The liability of NASSCO-Norfolk, if any, must be barred, as Plaintiff's injuries were the result of the actions or omissions of parties, persons, or entities for whom NASSCO-Norfolk is not responsible.  Therefore, NASSCO-Norfolk was not the proximate or legal cause of this incident.

5.      The liability of NASSCO-Norfolk, if any, must be barred, as the negligent conduct of Plaintiff and/or of parties, persons, or entities, for whom NASSCO-Norfolk is not responsible, was the superseding and/or intervening cause of Plaintiff's injuries.

6.      NASSCO-Norfolk incorporates by reference any and all affirmative defenses not adverse to NASSCO-Norfolk asserted by any other Defendants in this action as if fully set forth herein.

7.      NASSCO-Norfolk reserves the right to add to or amend its affirmative defenses consistent with discovery up to and including the day of trial.

WHEREFORE, Defendant Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk, respectfully requests that this Court dismiss the United States' Third-Party Complaint and Rule 14(c) Tender with prejudice, award NASSCO-Norfolk its attorneys' fees and costs incurred in defending against it, and grant NASSCO-Norfolk such other and further relief as this Court may deem just and proper.

Respectfully submitted,
**METRO MACHINE CORP. d/b/a GENERAL DYNAMICS NASSCO-NORFOLK**

By:      /s/ *Lynn K. Brugh, IV*
Lynn K. Brugh, IV
Virginia State Bar No. 36778
Counsel for Third Party Defendant
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6461
Facsimile: (804) 420-6507
lbrugh@williamsmullen.com

John A. Irvin
Virginia State Bar No. 97044
Counsel for Third Party Defendant
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219

Telephone: (804) 420-6140
Facsimile: (804) 420-6507
jirvin@williamsmullen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of April 2024, I will electronically file the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing ("NEF") to all known counsel of record.

By:     /s/ *Lynn K. Brugh, IV*_____
Lynn K. Brugh, IV
Virginia State Bar No. 36778
Counsel for Third Party Defendant
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6461
Facsimile: (804) 420-6507
lbrugh@williamsmullen.com

7