IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS I. HORNSBY, Administrator
of the Estate of CYNTHIA GARY,

    Plaintiff,

v.                                                                   Case No.:  2:22cv427

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

**ADVANCED INTEGRATED TECHNOLOGIES'S
ANSWER TO UNITED STATES'
THIRD-PARTY COMPLAINT AND RULE 14(C) TENDER**

Defendant Advanced Integrated Technologies, LLC ("AIT") by and through its undersigned attorneys, answering the United States' Third-Party Complaint and Rule 14(c) Tender, on information and belief:

1.    Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, they are denied.

2.    Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, they are denied.

3.    AIT admits that the NASSCO and AIT were Third-Party Defendants to the underlying suit.

4.    AIT is without sufficient information to admit or deny the factual allegations of Paragraph 4, and therefore they are denied.

5.    AIT admits that it is a Virginia company with an office in Norfolk and denies all remaining allegations in Paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required. AIT is without sufficient information to admit or deny the factual allegations of Paragraph 6, and therefore they are denied.

7. AIT admits that Plaintiff has asserted a claim for wrongful death against the United States and that Plaintiff's lawsuit contains various legal conclusions to which no response is required.

8. AIT admits that the United States filed an Answer to Plaintiff's First Amended Complaint. The contents of that Answer speak for themselves to the extent Paragraph 8 contains legal conclusions, no response is required.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, they are denied.

10. AIT admits that the Plaintiff filed suit in this matter. AIT is otherwise without sufficient information to admit or deny the factual allegations of Paragraph 10, and therefore they are denied.

11. AIT admits that NASSCO was the prime contractor responsible for the work on the McFaul. AIT is otherwise without sufficient information to admit or deny the factual allegations of Paragraph 11, and therefore they are denied.

12. AIT denies the allegations in Paragraph 12 as alleged.

13. Paragraph 13 only contains conclusions requiring expert opinions to which no response is required. To the extent a response is required, the *Tag-Out Users Manual* speaks for itself and AIT denies any remaining allegations contained in Paragraph 13.

14. The factual allegations of Paragraph 14 are denied as alleged. Paragraph 14 also contains legal conclusions and conclusions requiring expert opinions, which require no response. To the extent a response is required, they are denied.

15. AIT is without sufficient information to admit or deny the factual allegations of Paragraph 15, and therefore they are denied. Paragraph 15 also contains legal conclusions and conclusions requiring expert opinions, which require no response. To the extent a response is required, they are denied.

16. AIT is without sufficient information to admit or deny the factual allegations of Paragraph 16, and therefore they are denied. Paragraph 16 also contains legal conclusions and conclusions requiring expert opinions, which require no response. To the extent a response is required, they are denied.

17. Denied as stated as to AIT. AIT is without sufficient information to admit or deny the remaining factual allegations of Paragraph 17, and therefore they are denied.

18. Denied as stated as to AIT. AIT is without sufficient information to admit or deny the remaining factual allegations of Paragraph 18, and therefore they are denied.

19. Denied as stated as to AIT. AIT is without sufficient information to admit or deny the remaining factual allegations of Paragraph 19, and therefore they are denied.

20. AIT admits that NASSCO was a prime contractor responsible for some work on the McFaul. The remaining factual allegations of Paragraph 20 are not directed and therefore AIT is not required to respond, to the extent a response is required, AIT is without sufficient information to admit or deny the allegations, and therefore they are denied.

21. AIT is without sufficient information to admit or deny the factual allegations of Paragraph 21, and therefore they are denied. Paragraph 21 also contains legal conclusions, which require no response. To the extent a response is required, they are denied.

22. AIT is without sufficient information to admit or deny the factual allegations of Paragraph 22, and therefore they are denied.

23. AIT is without sufficient information to admit or deny the factual allegations of Paragraph 23, and therefore they are denied.

24. Paragraph 24 contains legal conclusions, which require no response. To the extent a response is required, they are denied. Any factual allegations of Paragraph 24 are not directed and therefore AIT is not required to respond, to the extent a response is required, AIT is without sufficient information to admit or deny the allegations, and therefore they are denied.

25. Paragraph 25 contains legal conclusions, which require no response. To the extent a response is required, AIT denies that the United States is entitled to relief and denies any remaining allegations of Paragraph 25.

26. AIT denies the factual and legal conclusion that it was responsible for the tag-out. Paragraph 26 contains additional legal conclusions, which require no response. To the extent a response is required, they are denied. Any remaining factual allegations of Paragraph 26 are not directed and therefore AIT is not required to respond, to the extent a response is required, AIT is without sufficient information to admit or deny the allegations, and therefore they are denied.

27. Paragraph 27 contains legal conclusions, which require no response. To the extent a response is required, they are denied. Any factual allegations of Paragraph 27 are not directed and therefore AIT is not required to respond, to the extent a response is required, AIT is without sufficient information to admit or deny the allegations, and therefore they are denied.

28. Paragraph 28 contains legal conclusions, which require no response. To the extent a response is required, they are denied. AIT further expressly denies liability and that the United States or the Plaintiff are entitled to any judgment or other relief from AIT.

29. Paragraph 29 contains legal conclusions, which require no response. To the extent a response is required, they are denied. AIT further expressly denies liability and that the United States or the Plaintiff are entitled to any judgment or other relief from AIT.

30. Paragraph 30 contains legal conclusions, which require no response. To the extent a response is required, they are denied. AIT further expressly denies liability and that the United States or the Plaintiff are entitled to any judgment or other relief from AIT and denies any remaining allegations of Paragraph 30.

31. [Related to the remaining Paragraphs after the WHEREFORE] AIT denies that it is indebted to the Plaintiff or the United States for any sum. To the extent that AIT has failed to affirmatively admit any of the allegations in the Third-Party Complaint, AIT hereby denies said allegations. To the extent a response is required as to any other allegation, they are denied.

## **AFFIRMATIVE DEFENSES**

1. The Complaint and the Third-Party Complaint and Rule 14(c) Tender fail to state a claim upon which relief may be granted against Defendant AIT.

2. Plaintiff's claims are precluded, in whole or in part, to the extent damages, if any, were caused by Cynthia Gary's own acts and/or omissions including, but not limited to, any contributive negligence, comparative fault, or assumption of the risk.

3. Plaintiff's claims are precluded, in whole or in part, to the extent Plaintiff's damages, if any, were caused by third parties over whom Defendant AIT had no control or authority.

4. The United States' claims are precluded, in whole or in part, to the extent damages, if any, were caused by Cynthia Gary's own acts and/or omissions including, but not limited to, any contributive negligence, comparative fault, or assumption of the risk.

5. The United States' claims are precluded, in whole or in part, to the extent Plaintiff's damages, if any, were caused by third parties over whom Defendant AIT had no control or authority.

6. AIT reserves the right to add or amend its affirmative defenses prior to trial consistent with discovery in this matter.

WHEREFORE, Defendant Advanced Integrated Technologies, LLC respectfully demands judgment against the Plaintiff dismissing the Third-Party Complaint and Rule 14(c) Tender in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

Dated: April 5, 2024

ADVANCED INTEGRATED TECHNOLOGIES, LLC

*/s/*

Jennifer L. Eaton (VSB No. 87491)
WOODS ROGERS VANDEVENTER BLACK PLC
101 West Main St. Suite 500
Norfolk, Virginia, 23510
757-446-8600 (Telephone)
757-446-8670 (Fax)
Jennifer.Eaton@wrvblaw.com
*Counsel for Defendant, Advanced Integrated Technologies, LLC*