**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **DOUGLAS I. HORNSBY, Administrator**<br>**of the Estate of CYNTHIA GARY,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>*Defendant.* | **Case No.: 2:22-cv-00427**<br>**In Admiralty** |

**MEMORANDUM IN SUPPORT OF**
**JOINT MOTION TO MODIFY SCHEDULING ORDER**

Plaintiff Douglas I. Hornsby, Administrator of The Estate of Cynthia Gary, Defendant United States of America, and Third-Party Defendants Metro Machine Corp., d/b/a General Dynamics NASSCO-Norfolk (NASSCO), and Advanced Integrated Technologies (AIT), jointly move to modify the Court's April 12, 2024 Amended Rule 26(F) Pretrial Order, ECF No. 142, to authorize certain limited changes to provisions for depositions and scheduling. In support of this motion, the parties state as follows:

**FACTS**

Plaintiff is the Administrator of the Estate of Cynthia Gary (Decedent), a ship repair worker who was killed while working aboard the U.S. Navy Destroyer USS McFAUL (DDG 74). Decedent's accident occurred while the vessel was in the NASSCO-Norfolk shipyard undergoing an extended maintenance and repair project referred to as a "maintenance availability." NASSCO, now a Third-Party Defendant in this case, was the prime ship repair contractor responsible for the maintenance availability. Decedent was not employed by either the United States or NASSCO. NASSCO engaged numerous subcontractors to assist in performing the ship repair work aboard

1

the USS McFAUL, including Ms. Gary's employer, Harbor Industrial Services (HIS), and now-Third-Party Defendant AIT.

There are now four parties to this lawsuit, two of whom (NASSCO and AIT) are joining the process of exchanging substantive discovery requests and productions for the first time. NASSCO, in its role as prime contractor, was the conduit with its subcontractors.  All of its contracts with subcontractors, as well as nearly all related communications, progress reports, documents and electronically-stored information reside with NASSCO and its various subcontractors, so the United States and the plaintiff will be gaining access to this information for the first time as the Third-Party Defendants make initial disclosures and exchange discovery.  The identities of many witnesses who would have been in a position to interact with, supervise, or observe the decedent at the time of her accident are being identified by the parties for the first time as discovery requests can be served upon and responded to by NASSCO and its various relevant subcontractors.

Considerable probative evidence also exists is in the possession of third parties, such as Virginia state agencies, Ms. Gary's former employer, and other former NASSCO subcontractors who are not parties to this case, such as those involved in the work with which Ms. Gary was assisting.  Between the parties and the relevant non-parties, there are numerous potential non-military witnesses in this case.  Some information regarding the equipment in which the decedent was fatally injured, and the maintenance and repair work that was to be performed on it during the McFAUL's maintenance availability may reside with nonparties from whom the information will need to be subpoenaed.  Nonparties typically necessitate more time-consuming procedural measures in order to produce discoverable information for use in litigation.

Further, Engineering expert discovery likely will figure prominently in this case. Prior investigations of the decedent's accident implicate unusual privilege and admissibility issues. The above issues will need to be investigated and addressed simultaneously with more traditional damage-related issues, such as the medicolegal circumstances of the decedent's fatal injuries, survivorship issues associated with her estate, and evidence and expert discovery regarding economic damages.

Meanwhile, the Court's standard scheduling order issued in this case provides for unlimited depositions of military witnesses, and a total of only five of nonparty fact witnesses. The order further provides that "[b]y agreement of the parties, or upon good cause shown, the court may enlarge . . . the number of depositions which may be taken, or limit the number of depositions of military witnesses. . . ." ECF No. 142 at 3.

In order to accommodate the broad range of potentially-discoverable information in the possession of nonparties in this case, as well as the sheer volume of potential witnesses and evidence, the parties request minor adjustments to the Court's standard discovery schedule.

Specifically, as set forth in the proposed order filed herewith, the parties seek additional depositions of nonparty, non-expert witnesses. The Order, ECF No. 143 at 3, currently limits the number of nonparty, non-expert witness depositions to five (5) total. The parties seek instead a limit of five (5) per party. The Order currently permits unlimited depositions of military witnesses, ECF No. 142 at 3. The parties agree that instead permitting depositions of those military witnesses included on the United States' Rule 26 disclosures, plus four (4) additional military witnesses per party, provides a reasonable limit on military witnesses.

Finally, given the potential complications associated with obtaining documentary evidence and witness testimony in the possession of nonparties, as well as the potential total number of

depositions, the parties seek an additional ninety days in which to complete all discovery, together with a corresponding extension of the designated trial date.   Therefore, the parties proposed discovery plan shall provide for completion of all discovery on or before **November 22, 2024** (instead of August 22, 2024), and be formulated to accommodate a trial date before **January 22, 2025** (instead of October 22, 2024).

## ARGUMENT

A scheduling order may be modified for good cause and with the judge's consent. *See* Fed. R. Civ. P. 6(b) and 16(b)(4); *see also* Local Rule 16(B).   The power to do so "is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

At this point, although discovery has until recently been stayed by the Rule 12 motion practice, the remaining parties to the litigation have some sense of what evidence will be required to resolve this case, and where that evidence likely will be found.   Granting the conservative revisions to the Court's April 12, 2024 Amended Rule 26(f) Pretrial Order jointly requested by the parties should provide realistic discovery provisions and deadlines that are unlikely to need to be revisited further, either by the Plaintiff, the United States, or the two third-party defendants.

For all of the foregoing reasons, the parties respectfully request that the Court's April 12, 2024, scheduling order be amended as set forth herein and in the accompanying proposed order.

*[Signature page follows]*

Dated: April 26, 2024            Respectfully submitted,
UNITED STATES OF AMERICA

JESSICA D. ABER
United States Attorney

By:    /s/ *Garry D. Hartlieb*
Garry D. Hartlieb, IL Bar No. 6322571
Assistant U.S. Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510-1671
Tel: (757) 441-3173
Fax: (757) 441-6689
E-mail: garry.hartlieb@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

By:    /s/ *Malinda R. Lawrence*
Malinda R. Lawrence, ME Bar No. 004351
Darren E. Myers, NY Admitted
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
175 N Street, NE, 11th Floor
Washington, DC 20002
Tel: (202) 307-0033/(202) 305-8049
Fax: (202) 616-4002
E-mail: Malinda.R.Lawrence@usdoj.gov
E-mail: Darren.E.Myers@usdoj.gov

*Attorneys for the United States*

/s/ *Jennifer L. Eaton*
Jennifer L. Eaton, Esq.
WOODS ROGERS VANDEVENTER
BLACK PLC
101 West Main St., Suite 500
Norfolk, Virginia, 23510
Telephone: 757-446-8600
Fax: 757-446-8670
Email: Jennifer.Eaton@wrvblaw.com
*Attorney for Defendant, Advanced Integrated
Technologies, LLC*

*/s/ Lynn K. Brugh, IV*
Lynn K. Brugh, IV, Esq.
Jack A. Irvin, Esq.
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6461
Facsimile: (804) 420-6507
Email: lbrugh@williamsmullen.com
Email: jirvin@williamsmullen.com

*Attorneys for Defendant Metro Machine Corp. d/b/a*
*General Dynamics NASSCO-Norfolk*

*/s/ Andrew M. Hendrick*
Robert J. Haddad, Esq.
Andrew M. Hendrick, Esq.
RULOFF, SWAIN, HADDAD, MORECOCK,
TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
Email: rhaddad@srgslaw.com
Email: ahendrick@srgslaw.com

*Counsel for Douglas I. Hornsby,*
*Administrator of the Estate of Cynthia Gary*

6

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following counsel of record:

Robert J. Haddad, Esq.
Andrew M. Hendrick, Esq.
RULOFF, SWAIN, HADDAD,
MORECOCK,
TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
Email: rhaddad@srgslaw.com
Email: ahendrick@srgslaw.com
*Counsel for Douglas I. Hornsby,*
*Administrator of the Estate of Cynthia Gary*

Jenifer L. Eaton, Esq.
WOODS ROGERS VANDEVENTER
BLACK PLC
101 West Main St., Suite 500
Norfolk, Virginia, 23510
Telephone: 757-446-8600
Fax: 757-446-8670
Email: Jennifer.Eaton@wrvblaw.com
*Attorney for Defendant, Advanced Integrated*
*Technologies, LLC*

Lynn K. Brugh, IV, Esq.
Jack A. Irvin, Esq.
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6461
Facsimile: (804) 420-6507
Email: lbrugh@williamsmullen.com
Email: jirvin@williamsmullen.com
*Attorneys for Defendant Metro Machine*
*Corp. d/b/a General Dynamics NASSCO-*
*Norfolk*

By:      /s/ *Garry D. Hartlieb*
Garry D. Hartlieb, IL Bar No. 6322571
Assistant U.S. Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, VA 23510-1671
Phone: (757) 441-6331
Fax: (757) 441-6689
Email: garry.hartlieb @usdoj.gov
*Counsel for the United States*