IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS I. HORNSBY, Administrator
of the Estate of CYNTHIA GARY,

    Plaintiff,

v.                                                                    Case No.:  2:22cv427

UNITED STATES OF AMERICA, *et al*.,

    Defendants.

**MEMORANDUM IN SUPPORT OF
ADVANCED INTEGRATED TECHNOLOGIES, LLC's
MOTION IN LIMINE TO EXCLUDE
AFFIRMATIVE EXPERT OPINIONS IDENTIFIED BY THE UNITED STATES OF
AMERICA**

Third-Party Plaintiff, United States of America ("United States"), identified expert opinions against Advanced Integrated Technologies, LLC ("AIT") on January 6, 2025.[1] The experts were not timely disclosed as they relate to AIT, and any opinions identified against AIT should therefore be excluded. The bases for their exclusion are outlined in more detail herein.

**RELEVANT BACKGROUND**

Plaintiff, Douglas I. Hornsby, Administrator of the Estate of Cynthia Gary ("Plaintiff"), filed his original complaint against the United States of America only on October 14, 2022. Dkt. No. 1. The United States answered on January 20, 2023, and asserted no third-party claims. Dkt. No. 13. Plaintiff later amended his complaint to add claims against various contractors and subcontractors, including Advanced Integrated Technologies, LLC. Dkt. No. 21. During a

---

[1] The United States identified opinions against other parties as well. This Motion, however, is strictly focused on those opinions identified against AIT.

1

hearing regarding the Amended Complaint, Plaintiff admitted that the Amended Complaint was "woefully short of facts," among other concessions. Dkt. No. 92, at 13:16. Based upon the concessions at the hearing and the content of the Amended Complaint, the Honorable Lawrence R. Leonard issued a Report and Recommendation dismissing claims against several defendants, which was later adopted by the Court. Dkt. Nos. 93, 111. Based upon the lack of facts against AIT, Plaintiff voluntarily dismissed his claims against AIT on November 13, 2023. Dkt. No. 109.

After the Plaintiff's claims against AIT were dismissed, the United States moved for and was permitted to file a Third-Party Complaint. Dkt. No. 118. On January 9, 2024, the United States filed a Third-Party Complaint and Rule 14(c) Tender against AIT and Metro Machine Corp., d/b/a General Dynamics Nassco-Norfolk ("NASSCO") ("Third-Party Complaint"). Dkt. No. 119. On January 29, 2024, AIT moved to dismiss the Third-Party Complaint for failure to state a claim. Dkt. Nos. 124–125. NASSCO also filed a Motion to Dismiss. Dkt. No. 126.

The Court ultimately denied AIT and NASSCO's Motions to Dismiss in a Memorandum Opinion dated March 22, 2024. Dkt. No. 139. In denying AIT's Motion to Dismiss, the Court opined that the Third-Party Complaint sufficiently alleged that "AIT breached its duty to Decedent by improperly or negligently performing its tag-out duties on or around January 27-29, 2021." *Id.* at 11. Following the denial of the Motions to Dismiss, the parties have been conducting discovery, including written discovery, numerous depositions, and the exchange of expert disclosures.

Plaintiff, given that he is a party with the burden of proof, identified his experts on November 4, 2024, and disclosed their opinions on December 4, 2024, pursuant to the Court's Rule 16(b) Scheduling Order (the "Scheduling Order"). *See* Dkt. No. 146 ¶ 2 ("[T]he party having the burden of proof upon the primary issue to which potential Rule 702, 703 or 705

evidence is directed shall identify expert witnesses to be proffered upon such an issue by name, residence and business address, occupation and field of expertise on November 4, 2024. The disclosure outlined in Rule 26(a)(2)(B) shall be made on December 4, 2024. In addition to the disclosures required by Rule 26(a)(2)(B), the same disclosures shall be made on the same dates regarding all witnesses proffered by a party for the purpose of presenting evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence, whose first direct contact with the case or the parties occurred subsequent to the filing of this action.").

The United States, as a Third-Party Plaintiff, was also another party with the burden of proof, and it failed to disclose any experts by the required deadlines in support of the claims for which it has the burden of proof as a Third-Party Plaintiff. Instead, the United States issued two sets of expert disclosures on January 6, 2025. The first is titled "Defendant and Third-Party Plaintiff United States' Rule 26(a)(2)(B) Disclosure of Expert Testimony" and discloses the opinions of Dr. James Koch and Gregory J. Paulsen, P.E. (See Exhibit A.) The second set is titled "Defendant and Third-Party Plaintiff United States' Rule 26(a)(2)(C) Disclosure of Non-Retained Expert Testimony" and discloses the opinions of GSCM (SW) Gregory M. Mann, U.S. Navy. (Exhibit B.)

## ARGUMENT

"Rule 26(a)(2)(B) requires the parties to identify their retained experts and disclose their expected testimony in a written report signed by the expert." *Strata Solar, LLC v. Fall Line Construction, LLC*, No. 4:22-cv-106, 2023 WL 9198194, at *2 (E.D. Va. Oct. 4, 2023). "Parties must make expert disclosures 'at the times and in the sequence that the court orders.'" *Peterson v. Best*, No. 2:22-CV-0219-TOR, 2023 WL 8791674, at * (E.D. Wash. Dec. 19, 2023) (quoting Fed. R. Civ. P. 26(a)(2)(D)). "In the event a party fails to comply with disclosure obligations,

3

Rule 37 provides: '[T]he party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.'" *Strata Solar, LLC*, 2023 WL 9198194, at *3 (quoting Fed. R. Civ. P. 37(c)(1)). "By prescribing exclusion of expert testimony, Rule 37 provides a '"self-executing sanction for failure to make a disclosure required by Rule 26(a)," designed to provide a "strong inducement for disclosure."'" *Id.* (quoting *Rambus, Inc. v. Infineon Techs. AG.*, 145 F. Supp. 2d 721, 724 (E.D. Va. 2001); *Carney v. Kmart Corp.*, 176 F.R.D. 227, 229 (S.D. W. Va. 1997)).

"This automatic sanction is subject to two exceptions: substantial justification and harmlessness." *Id.* Courts within the Fourth Circuit "generally address these exceptions jointly using the [following] five-factor test":

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* (quoting *Southern States Rack and Furniture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)). "Because the factors are intended only to guide the court's 'broad discretion' in determining harmlessness or justification, the court need not address each factor point-by-point." *Id.* "A party that fails to follow a trial court's scheduling order for disclosure per 26(a) will not be allowed to use the untimely witness to supply evidence at a hearing or trial, unless 'the failure was substantially justified or is harmless.'" *Peterson v. Best*, 2023 WL 8791674, at *4 (quoting Fed. R. Civ. P. 37(c)(1)). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or harmless." *Id.* (quoting *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012)).

4

I.  **The expert witnesses identified by the United States are untimely as to any affirmative opinions against AIT.**

"In general, a testifying expert qualifies as either an initial or affirmative expert or a rebuttal expert." *Strata Solar, LLC v. Fall Line Construction, LLC*, No. 4:22-cv-106, 2023 WL 9198194, at *4 (E.D. Va. Oct. 4, 2023). "An initial or affirmative expert serves to establish a party's case-in-chief, while a rebuttal expert provides '[e]vidence offered to disprove or contradict the evidence presented by an opposing party." *Id.* (quoting Black's Law Dictionary 702 (11th ed. 2019)).The United States' rebuttal disclosures should not be permitted as opinions on the primary issue of AIT's alleged negligence. The United States had ample time to disclose affirmative experts against AIT and chose not to do so. To allow such opinions to proceed at this juncture would be contrary to the Federal Rules of Civil Procedure and the Court's Scheduling Order and would only serve to foster trial by ambush.

AIT did not have the benefit of knowing that the United States was going to identify expert witnesses against it as the United States did not identify experts on the November 4, 2024 identification deadline for parties with the burden of proof. *See* Dkt. No. 146 ¶ 2. The United States similarly did not produce any expert reports on December 4, 2024, the date affirmative expert opinions were due. *Id.* AIT therefore had no way of knowing that the United States would be putting forth expert witness testimony against AIT.[2] *See* Exhibits A and B. To the extent that

---

[2] The United States contend that their experts' opinions are merely rebuttal opinions, but the opinions speak for themselves and appear to be an attempt at affirmative opinions on the primary issue of AIT's alleged negligence. *See* Exhibits A and B.

the United States is attempting to use their experts to *prove* that AIT was somehow negligent, they should be stricken.

## II. The United States's disclosure is not substantially justified nor harmless.

As outlined above, the Federal Rules of Civil Procedure prohibit a party that fails to properly disclose an expert witness as required by Rule 26(a) from using "that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless." *Strata Solar, LLC*, 2023 WL 9198194, at *4 (quoting Fed. R. Civ. P. 37(c)(1)). The *Southern States* factors utilized by courts to evaluate whether the failure was substantially justified or harmless weigh in favor of exclusion of the United States's experts in this case.

Factor one asks whether there is "surprise to the party against whom the evidence would be offered." *See id.* (quoting *Southern States*, 318 F.3d at 597). In this case, AIT was surprised by the United States's late disclosure. AIT could not have anticipated that the United States would identify experts with affirmative opinions more than 60 days after the deadline for identification of such experts and more than 30 days from the date that the United States was required to produce their affirmative expert opinions against AIT, if any. *See id.* at *5.

Factor two asks whether there exists "the ability . . . to cure the surprise." *Southern States*, 318 F.3d at 597. There is no ability to cure the surprise here. AIT was deprived of the benefit of two extra months to consider and prepare for expert opinions by the United States. The final pre-trial conference in this matter is three weeks away. The Scheduling Order (Dkt. No 146) does not allow for AIT to rebut these opinions nor would there be time to do so in this case. Trial is set to commence on March 4, 2025. Discovery is closed. AIT has already been made to bear the costly expense of being a party to this suit only to be ambushed at the end with purported affirmative expert opinions against it.

Factors three and four go together in this case because they ask whether "the testimony would disrupt the trial" and whether the testimony is important, respectively. *Id.* Both are true. Allowing purported opinions of AIT's alleged negligence goes to the sole issue of why AIT is in the case.

The final factor, four, asks for the explanation of the failure to disclose the witness. *Id.* When the parties met and conferred regarding this issue, pursuant to Local Rules 7(E) and 37(E), the United States claimed that it was only offering rebuttal opinions and did not view any of the opinions offered in the report as affirmative opinions because it does not believe it has the burden of proof in this case. If that is the case, then the parties should be able to enter an agreed order stipulating that the United States will not offer any affirmative opinions against AIT. Once such an order is entered, the Court would then be able to simultaneously grant summary judgment in AIT's favor as there are no affirmative expert opinions to establish AIT's negligence.

## CONCLUSION

For the reasons set forth herein, Advanced Integrated Technologies, LLC respectfully prays that this Honorable Court grant its motion and strike the United States' expert witness opinions against AIT, and for any other relief that the Court deems appropriate.

Dated: January 24, 2025

                                          ADVANCED INTEGRATED TECHNOLOGIES, LLC

                                          */s/ Jennifer L. Eaton*

Jennifer L. Eaton (VSB No. 87491)
Katherine M. Lennon Ellis (VSB No. 92358)
WOODS ROGERS VANDEVENTER BLACK PLC
101 West Main St. Suite 500
Norfolk, Virginia, 23510
757-446-8600 (Telephone)
757-446-8670 (Fax)
Jennifer.Eaton@woodsrogers.com
Kate.Lennon@woodsrogers.com

4923-0764-7250, v. 1