IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS I. HORNSBY, Administrator
of the Estate of CYNTHIA GARY,

      Plaintiff,

v.                                             Case No. 2:22-cv-427

UNITED STATES of AMERICA,

      Defendant.

**UNITED STATES' CONSOLIDATED OBJECTIONS AND RESPONSES TO THIRD PARTY DEFENDANT ADVANCED INTEGRATED TECHNOLOGIES, LLC'S FIRST AND SECOND SETS OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, the United States of America ("Defendant") submits the following objections and responses to Advanced Integrated Technologies, LLC ("AIT") first and second interrogatories, and first requests for production of documents.

### INTRODUCTION

Documents produced in response to requests will correspond to the categories in the request and are limited to those presently available to and located by the United States upon reasonable inquiry and investigation. Defendant reserves the right to produce evidence of any subsequently discovered fact, to modify or supplement its objections or responses, or to otherwise assert factual or legal contentions as additional facts are ascertained or legal research is completed during the process of preparing for trial. Nothing in these objections shall be construed as an admission by Defendant regarding the existence of any information or the

1

relevance or admissibility of any information for any purpose.

Electronically stored information has been and will be produced in PDF format or in a form that is otherwise reasonably usable.   Responsive, non-privileged documents may still be produced on a rolling basis should additional responsive information be discovered or become available up to and through trial in this matter.

Inadvertent production of privileged documents or other protected information by the United States shall not constitute a waiver of an applicable privilege or protection.   Nor shall production of any document constitute a waiver of the United States' right to object to the use of such document at any proceeding.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

1. If you contend that any conduct by AIT caused or contributed to the incident, please state all facts supporting this contention.

**RESPONSE:**   After requesting that the No. 2 SSGTG moisture separator panel blow-in door be tagged out in the "open" position to facilitate blow-in door gasket replacement, AIT then failed to either perform the gasket replacement work on a timely basis, or "clear" the tag-out or otherwise indicate that it was not going to be performing the work, so that the blow-in panel could be restored to its normal, closed, and secured position, which would have prevented the incident.

2. Describe all conduct, action(s), and/or inaction(s) that you allege caused or contributed to the incident, including all persons and entities that you allege caused or contributed to the incident and what you allege they did.

**RESPONSE:**   After requesting that the No. 2 SSGTG moisture separator panel blow-in door be tagged out in the "open" position to facilitate blow-in door gasket replacement, NASSCO and AIT then failed to perform the gasket replacement work on a timely basis.   Nor did AIT or NASSCO "clear" the tag-out or otherwise indicate that it was not going to be performing the work, so that the blow-in panel could be restored to its normal, closed, and secured position, which would have prevented the incident.   NASSCO then commenced unrelated work in the same intake space that houses the moisture separator panel, during which Ms. Gary positioned herself inside the open blow-in door and was fatally injured.

3. If you contend that any conduct by AIT caused or contributed to the incident, identify all people with knowledge regarding the same and summarize the nature of that knowledge.

**RESPONSE:**   AIT's representative who served as the Repair Activity Representative for the tag-out of the blow-in door in which Cynthia Gary was fatally injured was Kelvin Buie.   The AIT who personnel who were responsible for, yet failed, to either complete the repair or clear the tag until such time as they were ready to complete the repair, are unknown to the United States.   NASSCO's WAF Coordinator was Douglas Helms.   The NASSCO Area Manager responsible for both the blow-in door gasket replacement work, and the hot work with which Ms. Gary was assisting, was Dean Buckley.   NASSCO's Lead Area Manager was Cody Sanders.

4. Identify and provide a description of any tools, equipment, or belongings found by you, or anyone else to which you are aware, in or around the site of the incident on the date of the incident.

**RESPONSE:**   Document AIT 000103 depicts a silver-colored fire extinguisher and a white plastic tarpaulin or sheet in the space where Ms. Gary was trapped and injured in the No. 2 SSGTG intake space (compartment No. 01-260-1-Q), on the "dirty side" of the No. 2 SSGTG moisture separator panel blow-in door.   Witnesses describe seeing tarps or fireproof blankets, as well as multiple tools, in the "clean side" of the compartment.   *See, e.g.,* Goff Dep.   17:24-18:10, 24:14-17.   No tools or equipment that were the property of the United States government were located or found in the compartment at the time of the accident.   Tools or equipment belonging to non-government personnel would not have been collected or retained by the United States government.

5. State what you did, or what anyone else did, with any tools, equipment, or belongings found in or around the site of the incident on the date of the incident.

**RESPONSE:**   No tools or equipment that were the property of the United States government are known to have been located or found in the compartment in which Ms. Gary was injured at the time of the accident.   Tools or equipment belonging to non-government personnel would not have been collected or retained by the United States government.

6. For any Request for Admission that you deny in whole or in part, state all factual bases for your denial.

**RESPONSE:**   See individual responses to Requests for Admission.

3

7.      State the name of every person you intend to call at the trial of this case as an expert witness, and, for each, please state:

a. The subject matter on which the expert is expected to testify;

b. The facts and opinions to which the expert is expected to testify;

c. A summary of the grounds for each opinion.

**RESPONSE**: See United States' expert disclosures served January 6, 2025.

8.      Describe in detail the steps you took to investigate the facts and circumstances involving the accident on March 15, 2021, which injured Gary and caused her death.

**OBJECTION**: The United States objects to Interrogatory No. 8 to the extent that it requires the identification or disclosure of matters or information protected by the attorney-client privilege or the work-product doctrine, information prepared by or for counsel for the United States in anticipation of litigation, materials protected from disclosure by other legal privileges or federal law, including but not limited to the military safety and deliberative-process privileges, or the Privacy Act, 5 U.S.C. § 552a.

**RESPONSE:**   Subject to and notwithstanding the objection, investigations of or related to the accident are believed to have been conducted by General Dynamics-NASSCO, the Office of the United States Navy Judge Advocate General, the Naval Safety Command, Naval Sea Systems Command, the Naval Criminal Investigative Service, and the Occupational Safety and Health Administration of the Department of Labor.   An incident report submitted by General Dynamics-NASSCO was produced at pages numbered US000588-US000591.   A report of the Naval Criminal Investigative Service was produced at US0001907-US0001919 and US0006504-US0006516.   Incident reporting forms completed by the Mid-Atlantic Regional Maintenance Center were produced at US0006448, US0006500-US0006503, US0006583-US0006584, and US0007595.   Privileged reports of the Navy Judge Advocate General and Naval Safety Command were withheld from production and included on the United States' privilege log, previously produced.   A "Review of Detent-Action Rotary Switch on DDG-51 USS Arleigh Burke Guided Missle [sic] Destroyer Class Blow-In Door Controller Panel PN D510-S0009-1 (NSN 5930-01-336-9963)" dated February 13, 2024, which arose from the accident, was produced at US0008613-US0008631.   A document titled "On-Duty, 15 MAR 2021, Ground, Industrial and Occupational, Ship Component/Distribution Systems, Electrical Power, Event Report #143195" was produced at US0012742-US0012745.   Documents related to certain assistance, documents, and correspondence provided by Navy employees to an investigation conducted by OSHA were produced at US000185-US000190, US0001907-US0001919, US0002011-US0002055, US0006468-US6499, US0006555-US0006582.   Documents related to the investigation conducted by OSHA were produced at US0002056-US0004672.

9.      Describe the nature and purpose of the work in which Gary, Harbor Industrial Services and Coastal Mechanical Systems, LLC, were engaged on March 15, 2021.

**OBJECTION**: The United States objects to Interrogatory No. 9 as vague and ambiguous in its use of the phrase "the work" in reference to Gary, Harbor Industrial Services and Coastal Mechanical Systems, LLC.   Gary was not an employee of or otherwise subject to the supervision of the United States.   Moreover, since there was no contractual relationship between Defendant and NASSCO subcontractors, the United States is unable to describe the work referenced in Interrogatory No. 9.

**RESPONSE:**   Subject to and notwithstanding the objection, the United States understands Cynthia Gary to have been working as a "fire watch" attendant to welding.  *See* US000588-US000591.   The United States has produced materials potentially responsive to Interrogatory No. 9, including at pages numbered US000167-US000184, US000270-US000289, US000491, US0004913-US0004918, and US0004942-US0004947, that reference Coastal Mechanical Systems or Harbor Industrial Services, and/or the work in progress, or to be performed on the USS MCFAUL at or near the time of Ms. Gary's accident.   Other parties have produced materials potentially responsive to Interrogatory No. 4, including at pages numbered NASSCO-000448-NASSCO000473, NASSCO-002334-NASSCO-002359, and AIT 000007-AIT 000034.

10.     Describe in detail all steps taken by you to tag-out and secure the blow-in door prior to the work on March 15, 2021.

**RESPONSE:**   The United States has produced materials that document measures taken to "tag out" the No. 2 Gas Turbine Generator moisture separator blow-in panel in the "open" position, as requested, at pages numbered US000192-US000195.

11.     Identify all of your employees who were involved in supervising the work on the Ship on March 15, 2021, and in tagging-out the blow-in door prior to the March 15, 2021 work.

**RESPONSE:**   No officers or crewmembers of the USS McFAUL were responsible for supervising work on the vessel on March 15, 2021, in which Cynthia Gary, Harbor Industrial Services, or Coastal Mechanical Systems were involved, as all such work was the responsibility of NASSCO, the contractor for the McFAUL Maintenance Availability.   Crewmembers involved in tagging out the No. 2 Gas Turbine Generator blow-in panel include those listed on the documents produced at pages numbered US000192-US000195.

12.     Describe how the accident on March 15, 2021 happened.

**OBJECTION**:   Because Gary was not an employee of, or otherwise subject to the supervision of, the United States, and because there was no contractual relationship between the United States and the subcontractors by whom Gary was employed, directed and supervised, and

5

because no United States Government employee witnessed the accident, the United States lacks knowledge and information sufficient to answer Interrogatory No. 12.

**RESPONSE:**   Subject to and notwithstanding the objection, according to the Incident Report submitted by NASSCO, Ms. Gary, a Blue Staffing employee working for HIS as a "resource labor fire watch . . . entered in-between the moisture separator blow-in panel doors on the 01 level Dirty Side intake.   While in-between the blow-in panel doors, the top door closed on [her] trapping [her] in place."   US000588; AIT 000103.

13.   State the reasons that caused the blow-in door to suddenly close.

**OBJECTION**:   No Government employee operated or was present in the vicinity of the control panel for the No. 2 SSGTG moisture separator blow-in panel at the time that the accident occurred.   The "reasons that caused" the blow-in panel to close are unknown to the United States.

14.   Identify all persons who had knowledge of or participated in the process of

tagging out the blow-in door on or before March 15, 2021.

**RESPONSE**:   Crewmembers involved in tagging out the No. 2 Gas Turbine Generator blow-in panel include those listed on the documents produced at pages numbered US000192-US000194.

15.   Identify all persons who witnessed the accident on March 15, 2021.

**OBJECTION**:   Because Gary was not an employee of, or otherwise subject to the supervision of, the United States, and because there was no contractual relationship between the United States and the NASSCO subcontractors by whom Gary was employed, directed and supervised, and because no United States Government employee witnessed the accident, the United States is unable to identify any persons who may have witnessed the accident on March 15, 2021.

**RESPONSE:**   Subject to and notwithstanding the objection, the Incident Report submitted by NASSCO stated that Ms. Gary's supervisor at the time of the accident was Maliry Gonzalez of Blue Staffing.   US000588.   United States government employees who did not witness, but who responded in an effort to provide assistance immediately following the accident, include LCDR Aaron Getty, GSCS Robbie Goff, and Corpsmen HM2 Naiya Palmer and HM2 Irvin Jones.

16.   Identify all manuals, policies, procedures or written documents or instructions

related to the blow-in door and related Ship systems.

**RESPONSE**:   Documents responsive to Interrogatory No. 16 were produced at US000196-US000199, US000237-US000247, US000892-US0001581, US0001611-US0001892,

6

Exhibit E

US0001897-US0001899, US0001920-US0001992, US0005970-US0006447, US0006597-US0006813, US0007350-US0007566, US0008597-US0008612, US0012673-US0012707, US0012730-US0012737, US0013332-US0013337, and US0013370-US0013371.

      17.    Identify all manuals, policies, procedures or written documents or instructions related to tagging-out the blow-in door.

      **OBJECTION**:   The United States objects to Interrogatory No. 17 in that a request for "all manuals, policies, procedures or written documents or instructions" that could, however indirectly or tangentially, "relate" to "tagging-out the blow-in door" in any configuration or for any purpose, on any vessel at any time, subsumes the universe of materials "related to" tag-out procedures generally, regardless of time period of effectiveness, and so is overly expansive and broad, disproportionate to the needs of this case, and the burden of answering it outweighs any potential benefit.  *See* Fed. R. Civ. P. 26(b)(1).  The United States further objects to the extent that this request requires the identification or disclosure of matters or information protected by the attorney-client privilege or the work-product doctrine, information prepared by or for counsel for the United States in anticipation of litigation, materials protected from disclosure by other legal privileges or federal law, including but not limited to the military safety privilege or deliberative process privilege.

      **RESPONSE:**  Subject to and notwithstanding the objection, documents responsive to this request include the "Tag-Out Users Manual, NAVSEA 0400-AD-URM-010, Revision 08," produced at US000592-US000697, Work Authorization Forms and Line Item sheets produced at pages numbered US000192-US000195 and US000291-US000293, and related U.S. Navy procedures and documents produced at US000887-US0001581, US0001605-US0001610, US0001920-1992, US0005970-US0006477, US0012673-US0012707, US0012730-US0012741, and US0013332-US0013371.

      18.    At the time of the accident on March 15, 2021, explain the Navy's procedure for tagging out the blow-in door, including, but not limited to, the actions required with relation to the Low Pressure Air supply to the blow-in door.

      **RESPONSE:**  The Navy's procedure for tagging out gas turbine engine intake moisture separator panel blow-in doors at the time of the accident on March 15, 2021 is documented at US000192-US000194.  *See also* US000592-US000697; US0001579-US0001581.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

      1.    The resume or curriculum vitae for each of your experts listed in your answer to Interrogatory No. 2.

      **RESPONSE**: See United States' expert disclosures served January 6, 2025.

2. All reports prepared by any expert you identified in your answer to Interrogatory No. 2.

**RESPONSE**: See United States' expert disclosures served January 6, 2025.

3. Your complete file related to any investigation described in your answer to Interrogatory No. 3.

**OBJECTION**:   The United States reincorporates its objection to Interrogatory No. 3. The United States objects to Request for Production No. 3 to the extent that it seeks the identification or disclosure of matters or information protected by military safety, deliberative-process, or attorney-client privilege or the work-product doctrine, information prepared by or for counsel for the United States in anticipation of litigation, or materials otherwise protected from disclosure by federal law.   Fed. R. Civ. P. 34(b)(2)(C).   Documents responsive to this request were withheld as described in the response below.  *See* Fed. R. Civ. P. 34(b)(2)(C).

**RESPONSE:**   Subject to and notwithstanding the objection, an incident report submitted by General Dynamics-NASSCO was produced at pages numbered US000588-US000591.   A report of the Naval Criminal Investigative Service was produced at US0001907-US0001919 and US0006504-US0006516.   Incident reporting forms completed by the Mid-Atlantic Regional Maintenance Center were produced at US0006448, US0006500-US0006503, US0006583-US0006584, and US0007595.   Privileged reports of the Navy Judge Advocate General and Naval Safety Command were withheld from production and included on the United States' privilege log, previously produced.   A "Review of Detent-Action Rotary Switch on DDG-51 USS Arleigh Burke Guided Missle [sic] Destroyer Class Blow-In Door Controller Panel PN D510-S0009-1 (NSN 5930-01-336-9963)" dated February 13, 2024, which arose from the accident, was produced at US0008613-US0008631.   A document titled "On-Duty, 15 MAR 2021, Ground, Industrial and Occupational, Ship Component/Distribution Systems, Electrical Power, Event Report #143195" was produced at US0012742-US0012745. Documents related to certain assistance, documents, and correspondence provided by Navy employees to an investigation conducted by OSHA were produced at US000185-US000190, US0001907-US0001919, US0002011-US0002055, US0006468-US6499, US0006555-US0006582.   Documents related to the investigation conducted by OSHA were produced at US0002056-US0004672.

4. All notes, memoranda, emails, texts or other documents, dated March 15, 2021 or prior, which discuss the tag-out of the blow-in door on March 15, 2021.

**OBJECTION**:   The United States objects to this request as ambiguous in its use of the phrase "the tag-out of the blow-in door on March 15, 2021."   The "tag-out of the [No. 2 Gas Turbine Generator blow-in panel] door" at issue in this case did not occur on March 15, 2021. No documents responsive to this request have been withheld pursuant to this objection.

**RESPONSE:**   Subject to and notwithstanding the objection, documents relating to the tag-out of the blow-in door involved in the accident that occurred on March 15, 2021 were produced at US000192-US000195 and US000291-US000293.

5.   All written records or documents related to the March 15, 2021 accident.

**OBJECTION**:   The United States objects to Request for Production No. 5 in that a request for "all written records or documents" related to the accident in any way, no matter how indirect or tangential, is overly expansive and not proportional to the needs of the case.   *See* Fed. R. Civ. P. 26(b)(1).   *See In re Wellin v. Farace*, No. 2:16-cv-414, 2018 WL 11474062 at *9 (D.S.C. Sept. 5, 2018) (finding "[r]equests which are worded too broadly or are too all inclusive of a general topic" so overboard as to be unduly burdensome)(internal citations omitted); *SEC v. Ahmed*, No. 3:15-cv-675, 2018 WL 1541902 at *2 (D. Conn. Mar. 29, 2018) ("blanket" requests for "the production of 'all documents' relating to various issues" are often found "overbroad and impermissible"); *Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F.Supp.3d 1303, 1310 (S.D. Fla. 2015) (request for "any and all communications and/or documents related to" an investigation "overbroad on its face in that is it not limited as to scope, time, particular documents, or types of documents.").   The United States further objects to the extent that this request requires the identification or disclosure of matters or information protected by the attorney-client privilege or the work-product doctrine; information prepared by or for counsel for the United States in anticipation of litigation; materials protected from disclosure by other legal privileges or federal law, including but not limited to the military safety or deliberative-process privileges.   Documents responsive to this request were withheld as described in the response below.   *See* Fed. R. Civ. P. 34(b)(2)(C).

**RESPONSE:**   Subject to and notwithstanding the objection, the United States produced documents potentially responsive to Request for Production No. 7 at pages numbered: US000165-US000574; US000588-US000591; US0001900-US0001901; US0001907-US0001919; US0001950-US0001992; US0002011-US0004672; US0006448-US0006471; US0006485-US0006596; US0006815-US0007349; US0007567-US0007702; US0007777-US0008262; US0008303-US0008596; US0008613-US0008631; US12742-US0012745; and US0013338-US00133569.   Certain responsive documents were withheld as privileged and included on the United States' privilege log.

6.   All notes, memoranda, emails, texts or other documents arising from the March 15, 2021 accident.

**OBJECTION**:   The United States objects to Request for Production No. 6 in that such a request for "all notes, memoranda, emails, texts or other documents" is not proportional to the needs of the case.   *See* Fed. R. Civ. P. 26(b)(1).   *See In re Wellin v. Farace*, No. 2:16-cv-414, 2018 WL 11474062 at *9 (D.S.C. Sept. 5, 2018) (finding "[r]equests which are worded too broadly or are too all inclusive of a general topic" so overboard as to be unduly burdensome) (internal citations omitted); *SEC v. Ahmed*, No. 3:15-cv-675, 2018 WL 1541902 at *2 (D. Conn.

Mar. 29, 2018) ("blanket" requests for "the production of 'all documents' relating to various issues" are often found "overbroad and impermissible"); *Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015) (request for "any and all communications and/or documents related to" an investigation "overbroad on its face in that is it not limited as to scope, time, particular documents, or types of documents."). The United States further objects to the extent that this request requires the identification or disclosure of matters or information protected by the attorney-client privilege or the work-product doctrine, information prepared by or for counsel for the United States in anticipation of litigation, or materials protected from disclosure by other legal privileges or federal law, including but not limited to the military safety or deliberative-process privilege. Documents responsive to this request were withheld as described in the response below. *See* Fed. R. Civ. P. 34(b)(2)(C).
.
   **RESPONSE:**   Subject to and notwithstanding the objection, the United States produced responsive documents at pages numbered: US000165-US000166; US000185-US000190; US000312-US000328; US000588-US000591; US0001900-US0001901; US0001907-US0001919; US0001950-US0001992; US0002011-US0004672; US0006448-US0006471; US0006485-US0006554; US0006568-US0006596; US0006814-US0007349; US0007567-US0007702; US0007777-US0008262; US0008303-US0008596; US0008613-US0008631; US001242-US0012745; and US0013338-US0013369.   Certain responsive documents were withheld as privileged and included on the United States' privilege log.

   7.   All manuals, policies, procedures, documents or instructions identified in

response to Interrogatory No. 10.

   **RESPONSE**:   Documents responsive to Interrogatory No. 10 and Request for Production No. 7 were produced at US000196-US000199, US000237-US000247, US000892-US0001581, US0001611-US0001892, US0001897-US0001899, US0001920-US0001992, US0005970-US0006447, US0006597-US0006813, US0007350-US0007566, US0008597-US0008612, US0012673-US0012707, US0012730-US0012737, US0013332-US0013337, and US0013370-US0013371.

   8.   All manuals, policies, procedures, documents or instructions identified in

response to Interrogatory No. 11.

   **OBJECTION**:   The United States incorporates its objection to Interrogatory No. 11. *See In re Wellin v. Farace*, No. 2:16-cv-414, 2018 WL 11474062 at *9 (D.S.C. Sept. 5, 2018) (finding "[r]equests which are worded too broadly or are too all inclusive of a general topic" so overboard as to be unduly burdensome) (internal citations omitted); *SEC v. Ahmed*, 3:15-cv-675, 2018 WL 1541902 at *2 (D. Conn. Mar. 29, 2018) ("blanket" requests for "the production of 'all documents' relating to various issues" are often found "overbroad and impermissible"); *Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015) (request for "any and all communications and/or documents related to" an investigation "overbroad on its face in that is it not limited as to scope, time, particular documents, or types of documents.").

The United States further objects to the extent that this request requires the identification or disclosure of matters or information protected by the attorney-client privilege or the work-product doctrine, information prepared by or for counsel for the United States in anticipation of litigation, materials protected from disclosure by federal law, or seeks information protected by the deliberative-process privilege.   No documents have been withheld pursuant to this objection, unless the items previously identified on the United States privilege log could be considered responsive to this request.   Fed. R. Civ. P. 34(b)(2)(C).

**RESPONSE:**   Subject to and notwithstanding the objection, materials responsive to this request were produced at: US000192-US000199; US000291-US000293; US000592-US000697; US000887-US0001581; US0001605-US0001610; US0001920-US0001992; US0005972-US0006477; US0006862-US0006872; US0006959-US0006960; US0012673-US0012707; US0012730-US0012737; and US0013338-US0013369.

9. All documents or reports provided by you to OSHA related to the March 15, 2021 accident.

**RESPONSE**:   Documents responsive to Request for Production No. 9 were produced at US0002031-US0002055, US0002056-US0004309, US0004611-US0004672, and US0006468-US0006582.

10. All witness interviews or statements related to the March 15, 2021 accident.

**OBJECTION**:   The United States objects to Request for Production No. 9 to the extent that it requires the identification or disclosure of matters or information protected by the attorney-client privilege or the work-product doctrine, information prepared by or for counsel for the United States in anticipation of litigation, or materials protected from disclosure by other legal privileges or federal law, including but not limited to the military safety or deliberative-process privileges.   Documents responsive to this request were withheld as described in the response below.   *See* Fed. R. Civ. P. 34(b)(2)(C).

**RESPONSE:**   Subject to and notwithstanding the objection, documents potentially responsive to Request for Production No. 10 are produced at US000588-US000589, and US0001907-US0001919.   Certain responsive documents were withheld as privileged and included on the United States' privilege log previously produced.

11. All documents mentioned in or referenced by you in your answers to any interrogatory in this case.

**RESPONSE:**   Documents responsive to Request for Production No. 11 were produced at pages US000001-US0013507.

12. Copies of all documents received by you in response to a Subpoena and/or FOIA Request you issued in this case.

11

Exhibit E

**RESPONSE**:   Documents responsive to Request for Production No. 12 were produced at pages US000698-US000886, US0001597-US0001604, US0008278-US008302, and US0012708-US0012729.

13.   Copies of all documents identified in your initial disclosures, if not already provided.

**RESPONSE:**   All of the documents identified in the United States' Rule 26 Disclosures have previously been produced.

Dated: January 21, 2025

Respectfully submitted,

UNITED STATES OF AMERICA

JESSICA D. ABER
United States Attorney

By:   /s/ *Garry D. Hartlieb*
Garry D. Hartlieb, IL Bar No. 6322571
Assistant U.S. Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510-1671
Tel: (757) 441-3173
Fax: (757) 441-6689
E-mail: garry.hartlieb@usdoj.gov

BRETT A. SCHUMATE
Acting Assistant Attorney General
Civil Division

By:   /s/ *Malinda R. Lawrence*
Malinda R. Lawrence, ME Bar No. 004351
James R. Whitman, DC Bar No. 987694
Shaun M. Pehl, WA Bar No. 45534
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
175 N Street, NE, 11th Floor
Washington, DC 20002
Tel: (202) 305-5528/(202) 307-0033
Fax: (202) 616-4002
E-mail: Malinda.R.Lawrence@usdoj.gov

E-mail: james.whitman@usdoj.gov
E-mail: shaun.pehl@usdoj.gov

*Attorneys for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, pursuant to the agreement of the parties, I will serve the foregoing document, via electronic mail, upon the following:

Jennifer L. Eaton, Esquire (VSB No. 87491)
Katherine M. Lennon, Esquire
WOODS ROGERS VANDEVENTER BLACK PLC
101 West Main St. Suite 500
Norfolk, Virginia, 23510
757-446-8600 (Telephone)
757-446-8670 (Fax)
Jennifer.Eaton@wrvblaw.com
Kate.Lennon@woodsrogers.com

*Counsel for Third-Party Defendant, Advanced Integrated Technologies, LLC*

Lynn K. Brugh, IV, Esquire (VSB #36778)
John A. Irvin, Esquire (VSB #97044)
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
lbrugh@williamsmullen.com
jirvin@williamsmullen.com
*Counsel for Third-Party Defendant, Metro Machine Corp. d/b/a General Dynamics NASSCO-Norfolk*

Robert J. Haddad, Esquire
Virginia State Bar No. 22298
Andrew M. Hendrick, Esquire
Virginia State Bar No. 42852
RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, Virginia 23452
757-671-6036 Telephone
757-671-6004 Facsimile
rhaddad@srgslaw.com

ahendrick@srgslaw.com
*Counsel for Plaintiff Douglas I. Hornsby, Administrator of the Estate of Cynthia Gary*

By:  /s/ *Malinda R. Lawrence*
Malinda R. Lawrence
*Counsel for the United States*

Exhibit E