**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of The Estate of CYNTHIA GARY, )<br>)<br>) | |
| Plaintiff, ) | Case 2:22-cv-00427 |
| ) | |
| v. ) | In Admiralty |
| ) | |
| THE UNITED STATES OF AMERICA, *et al.,* ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PROPOSED ORDER**

THIS MATTER is before the Court upon the United States' Motion to Seal.  Having considered the written submissions of the parties, and having determined that this action involves allegations requiring the disclosure of confidential information, this Court makes the following findings of fact and conclusions of law:

**<u>Findings of Fact</u>**

1.As set forth in the Stipulated Protective Order (ECF No. 32) entered by the Court, this case arises from the death of an employee of a NASSCO subcontractor who died aboard a U.S. Navy vessel, specifically the guided missile destroyer USS McFAUL (DDG 74), while assisting with repair work.

2.The United States has represented that discovery material exchanged between the parties in the case includes an extensive amount of material that implicates: national security sensitive information; confidential competitive pricing and market information of U.S. Navy contractors (such as NASSCO); and Personally Identifiable Information of shipyard repair workers, subject to the Privacy Act, 5 U.S.C. §552a.

3. The Protective Order provides that "Confidential Information further designated as "U.S. Citizen Only Information" or export controlled information shall not be used by, or discussed, revealed, or disclosed to any person that is not a citizen of the United States of America." ECF No. 32, p. 9.

4. Filing of information marked pursuant to the Protective Order is governed by its provisions, including the following. Unless the Designating Party gives written permission, pursuant to the Protective Order, "all Confidential Information that is filed with the Court must be … "filed under seal or *in camera* in accordance with the Court's local rules and procedures." ECF No. 32, p. 10. Moreover, "[i]f the need arises for any party to disclose Confidential Information … in support of a dispositive motion, it may do so only after giving seven (7) days' notice to the Designating Party who, after a good faith effort to meet and confer, may seek additional relief from the Court." ECF No. 32, p. 11.

5. The United States seeks to seal six of the 25 exhibits offered in support of its Motion for Summary Judgment. It has filed a Motion to Seal supported by a Memorandum in Support, in which it provides a non-confidential description of the exhibits to be placed under seal.

## Conclusions of Law

5. Local Civil Rule 5 supports the sealing of the exhibits described above and in the United States' Memorandum in Support of its Motion to Seal.

6. There are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *See, e.g., Flexible*

*Benefits Council v. Feltman,* 2008 WL 4924711 at *1 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

7. The United States has met the public notice requirement by filing a separate Notice of Motion to Seal for docketing. Public notice of the Motion to Seal is satisfied by docketing the motion "reasonably in advance of deciding the issue." *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (cited by *Ashcraft*, 218 F.3d at 302).

8. The description of the exhibits to be sealed adequately inform the public regarding the nature of the material to be placed under seal.

9. The third *Ashcraft* consideration is satisfied by the findings of fact and conclusions of law in this Order.

10. The United States has filed the sealed exhibits with the Court for review *in camera*.

THEREFORE, the Motion to Seal is GRANTED and it is ORDERED that:

a. The Clerk shall maintain under seal Exhibits 3, 4, 12, 15, 22, and 23 to the United States' Memorandum in Support of its Motion for Summary Judgment; and

b. The sealed material shall remain sealed until the earlier of further order of this Court or forty-five (45) days after the final resolution of this matter, and then be returned to counsel or destroyed.

11. This Order speaks only to sealing in connection with the United States' Motion for Summary Judgment. To the extent the Court must rely on the sealed information in ruling on the foregoing motion, such information will necessarily be part of the unsealed record.

DATED: _____        _____
                                      Lawrence R. Leonard
                                      United States Magistrate Judge

4