IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| DOUGLAS I. HORNSBY, Administrator of The Estate of CYNTHIA GARY, <br><br>   Plaintiff, <br><br>v. <br><br>THE UNITED STATES OF AMERICA, *et al.*, <br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )  Case 2:22-cv-00427 <br><br> In Admiralty |

**PUBLIC MEMORNADUM IN SUPPORT OF
THE UNITED STATES' MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Civil Rule 5 of the Local Rules of Practice for the United States District Court for the Eastern District of Virginia ("Local Rules"), and the Stipulated Protective Order Regarding Confidential Information entered in this matter (ECF No. 32), Defendant United States has moved this Court for leave to file under seal exhibits 3, 4, 12, 15, 22, and 23 attached to its Memorandum in Support of its Motion for Summary Judgment, filed contemporaneously herewith.

  **I.**  **DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL**

The United States seeks to seal six of 25 exhibits offered in support of its Motion for Summary Judgment. The six exhibits are described as follows:

  1.  Exhibit 3 is a work specification for a portion of ship repair work to be performed on a U.S. Navy guided missile destroyer. The document is labeled by the U.S. Navy as constituting Export Controlled Data containing "technical information whose export is governed by U.S. International Traffic In Arms Regulation (ITAR)." Such information is prohibited from being transferred to a foreign person/entity without proper authorization of the U.S. Government.

Such disclosure could occur were the document to be publicly filed via ECF filing with the Court. Accordingly, it is marked pursuant to and governed by the Protective Order in this matter (ECF No. 32).

  2. Exhibit 4 is a contract executed between Defendant AIT Marine and Defendant General Dynamics NASSCO-Norfolk. The contract contains confidential, competitive pricing information and was marked by Defendant AIT pursuant to the Protective Order in this matter (ECF No. 32). Pursuant to section E(9) of the Protective Order, ECF No. 32 at 10-11, the United States cannot unilaterally agree to its public disclosure, and, therefore, defers to AIT's forthcoming response. *See* Loc. Civ. R. 5(C) (When a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion complying with requirements (2), (3), and (4) above along with a proposed order.")

  3. Exhibit 12 is a portion of a technical document, specifically a manual supporting the maintenance and operation of equipment unique to the U.S. Navy's gas turbine powered guided missile destroyer fleet. The document is labeled by the U.S. Navy as constituting Export Controlled Data containing "technical information whose export is governed by U.S. International Traffic In Arms Regulation (ITAR)." Such information is prohibited from being transferred to a foreign person/entity without proper authorization of the U.S. Government. Such disclosure could occur were the document to be publicly filed via ECF filing with the Court. Distribution of the document requires authorization by the U.S. Navy's Naval Sea Systems Command. Accordingly, it is marked pursuant to and governed by the Protective Order in this matter (ECF No. 32).

4. Exhibit 15 is a maintenance procedure, proprietary to the U.S. Navy, applicable to ship systems integral to its gas turbine powered guided missile destroyer fleet.  The document has been designated as Critical Technology by the U.S. Navy's Naval Sea Systems Command and is limited to distribution specifically authorized by Naval Sea Systems Command.  Accordingly, it is marked pursuant to and governed by the Protective Order in this matter (ECF No. 32).

5. Exhibit 22 includes a photograph of a control component integral to a U.S. Navy guided missile destroyer.  Public dissemination of the photograph would require review by the program office within Naval Sea Systems Command responsible for reviewing such requests for national security concerns.  Accordingly, it is marked pursuant to and governed by the Protective Order in this matter (ECF No. 32).

6. Exhibit 23 is a two-page email communication.  The email contains a lengthy list of first and last names of individuals employed by multiple companies that were subcontractors of General Dynamics NASSCO-Norfolk, working pursuant to its contract to repair the U.S. Navy vessel involved in this case.  The list of names constitutes the majority of the document, rendering redaction impractical.

**II.     ARGUMENT**

The common law and, in some circumstances, the First Amendment, protect the public's right of access to judicial records.  *Rushford v. New Yorker Magazine, Inc*., 846 F.2d 249, 253 (4th Cir. 1988).  "Under common law, there is a presumption of access accorded to judicial records."  *Id*. (citing *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978)).  "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access."  *Id*.  The district court "may weigh 'the interests advanced by the

parties in light of the public interests and the duty of the courts.'" *Id*. (quoting *Nixon*, 435 U.S. at 602). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id*.[1]

Before ordering the sealing of documents, a court "must first give the public notice of the request to seal and a reasonable opportunity to challenge it." *Stone*, 855 F.2d at 181 (citing *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The court must also "consider less drastic alternatives to sealing and, if it decides to seal documents, must 'state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review.'" *Id.* (quoting *In re Knight*, 743 F.2d at 235). Moreover, pursuant to Local Civil Rule 5(C), a motion to seal must be accompanied by a non-confidential supporting memorandum containing, among other things:

> (1) A non-confidential description of what material has been filed under seal;
>
> (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request; [and]
>
> (3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied . . .

*See* E.D. Va. L. Civ. R. 5(C).

Here, the Court should seal the described exhibits for several reasons. First, the United States' interest in ensuring the secrecy of information important to national security and its defense assets represents a strong and compelling government interest that outweighs the presumption of

---

[1] The Fourth Circuit has applied the "more rigorous First Amendment standard" to documents filed in connection with plea hearings and sentencing hearings in criminal cases, and to documents filed in connection with a summary judgment motion in a civil case. *Rushford*, 846 F.2d at 253; *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Under the First Amendment, "the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford*, 846 F.2d at 253.

public access to judicial documents. *See Snepp*, 444 U.S. at 509 n.3 (stating that the United States has a compelling interest in protecting the secrecy of information important to national security).

As set forth in the Stipulated Protective Order (ECF No. 32) entered by the Court, this case arises from the death of an employee of a NASSCO subcontractor who died aboard a U.S. Navy vessel while assisting with repair work. Discovery material exchanged between the parties in the case includes an extensive amount of material that implicates: national security sensitive information; confidential competitive pricing and market information of U.S. Navy contractors (such as NASSCO); and Personally Identifiable Information of shipyard repair workers, subject to the Privacy Act, 5 U.S.C. §552a. The Protective Order further provides that "Confidential Information further designated as "U.S. Citizen Only Information" or export controlled information shall not be used by, or discussed, revealed, or disclosed to any person that is not a citizen of the United States of America." ECF No. 32, p. 9.

Filing of information marked pursuant to the Protective Order is governed by its provisions, including the following. Unless the Designating Party gives written permission, pursuant to the Protective Order, "all Confidential Information that is filed with the Court must be … "filed under seal or *in camera* in accordance with the Court's local rules and procedures." ECF No. 32, p. 10. Moreover, "[i]f the need arises for any party to disclose Confidential Information … in support of a dispositive motion, it may do so only after giving seven (7) days' notice to the Designating Party who, after a good faith effort to meet and confer, may seek additional relief from the Court." ECF No. 32, p. 11.

The United States seeks to seal only six of the 25 exhibits offered in support of its Motion for Summary Judgment. The clear directive of the Protective Order, as well as the law and regulations governing potential disclosure of national security-related information, necessitate

filing these exhibits under seal.  The exhibits filed under seal will then be available for the Court's review, and already are available to the parties.

### III.     CONCLUSION

WHEREFORE, the United States respectfully requests that the Court maintain exhibits 3, 4, 12, 15, 22, and 23 in support of the United States' Motion for Summary Judgment and attached to the United States' Memorandum in Support of its Motion for Summary Judgment, under seal.

[*Signature page follows.*]

Dated: January 30, 2025					Respectfully submitted,

							UNITED STATES OF AMERICA

							ERIK S. SIEBERT
							United States Attorney

					By:	/s/  *Garry D. Hartlieb*
							Garry D. Hartlieb, IL Bar No. 6322571
							Assistant U.S. Attorney
							Office of the United States Attorney
							101 West Main Street, Suite 8000
							Norfolk, Virginia 23510-1671
							Tel: (757) 441-3173
							Fax: (757) 441-6689
							E-mail: garry.hartlieb@usdoj.gov

							BRETT A. SHUMATE
							Acting Assistant Attorney General

					By:	/s/  *Shaun M. Pehl*
							Malinda R. Lawrence, ME Bar No. 004351
							James R. Whitman, DC Bar No. 987694
							Shaun M. Pehl, WA Bar No. 45534
							Trial Attorneys
							United States Department of Justice
							Civil Division, Torts Branch
							Aviation, Space & Admiralty Litigation
							175 N Street, NE, 11th Floor
							Washington, DC 20002
							Tel: (202) 307-0033/(202) 305-8049
							Fax: (202) 616-4002
							E-mail: Malinda.R.Lawrence@usdoj.gov
							E-mail: james.whitman@usdoj.gov
							E-mail: shaun.pehl@usdoj.gov

							*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 30, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing (NEF) to the following counsel of record:

Robert J. Haddad, Esq.
Andrew M. Hendrick, Esq.
RULOFF, SWAIN, HADDAD, MORECOCK,
TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA 23451
Telephone: (757) 671-6036
Facsimile: (757) 671-6004
Email: rhaddad@srgslaw.com
Email: ahendrick@srgslaw.com
*Counsel for Douglas I. Hornsby, Administrator of the Estate of Cynthia Gary*

Jennifer Eaton, Esq.
Katherine Lennon Ellis, Esq.
WOODS ROGERS VANDEVENTER BLACK PLC
101 West Main St., Suite 500
Norfolk, Virginia, 23510
Telephone: 757-446-8600
Fax: 757-446-8670
Email: Jennifer.Eaton@wrvblaw.com
Email: Kate.Lennon@wrvblaw.com
*Attorneys for Defendant, Advanced Integrated Technologies, LLC*

Lynn K. Brugh, IV, Esq.
Jack A. Irvin, Esq.
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, VA 23219
Telephone: (804) 420-6461
Facsimile: (804) 420-6507
Email: lbrugh@williamsmullen.com
Email: jirvin@williamsmullen.com
*Attorneys for Defendant Metro Machine Corp. d/b/a General Dynamics NASSCO-Norfolk*

       By:     /s/ *Shaun M. Pehl*
                Shaun M. Pehl
                *Counsel for the United States*